FILED

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

JOHN K. GOODROW,

  Plaintiff,

v.                                           Civil Action No. 3:11cv020

FRIEDMAN & MACFADYEN, P.A.,
and
JOHNIE R. MUNCY,

  Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1.     This is an action seeking damages and declaratory relief for Defendants'

violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692 et seq.,

which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection

practices.

### JURISDICTION

2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15

U.S.C. §1692k(d). Declaratory relief is available pursuant to 28 U.S.C. §§2201 and 2202.

### PARTIES

3.     Plaintiff John K. Goodrow ("Mr. Goodrow") is a natural person who resides in

Virginia.  Mr. Goodrow is a consumer within the meaning of the FDCPA, as defined at 15 U.S.C.

§ 1692a(3).

4.      Defendant Friedman & MacFadyen, P.A. is a law firm with offices in Maryland and Virginia, the principal purpose of whose businesses is the collection of debts, and is located at 1601 Rolling Hills Drive, Surry Building, Suite 125, Richmond, Virginia 23229.

5.      Defendant Johnie R. Muncy is an attorney employed by Friedman & MacFadyen, P.A.

6.      Defendants regularly collect or attempt to collect debts owed or due or asserted to be owed or due another, and are each "debt collectors" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

7.      Since as early as October, 2008, Defendants have been attempting to collect what it claimed to be due and owing to MetLife Home Loans, a division of MetLife Bank, NA.[1]

8.      The alleged debt was for a home loan, bringing Defendants' collection activities within the purview of the FDCPA. 15 U.S.C. § 1692a(5).

9.      Plaintiff retained the services of an attorney to assist him with respect to Defendants' collection efforts.

10.     Defendants knew that Plaintiff had retained the services of an attorney to assist him with the situation.

11.     Plaintiff's attorney communicated in writing with Defendants on behalf of Plaintiff regarding the alleged debt which Defendants were attempting to collect from Plaintiff.

---

[1]   While the FDCPA's one year statute of limitations renders certain of the Defendants' debt collection misconduct unactionable, evidence of that misconduct is alleged for purposes of, and is relevant to, establishing whether the debt collection abuse occurring within the limitations period was part of an abusive or harassing pattern.

12.     By way of example, Exhibit A is a copy of a December 18, 2008 letter sent by Plaintiff's attorney to Defendants advising of counsel's representation of the Plaintiff in connection with Defendants' attempts to collect the subject debt.

13.     Defendants received Exhibit A.

14.     Defendants communicated in writing with Plaintiff's attorney with respect to the subject debt.

15.     By way of example, Exhibit B is a copy of a December 23, 2008 letter sent by Defendants to Plaintiff's attorney in connection with Defendants' attempts to collect the subject debt.

16.     Defendants communicated orally with Plaintiff's attorney with respect to the subject debt.

17.     Defendants continued to communicate directly with Plaintiff with respect to the subject debt despite knowing that Plaintiff was represented by an attorney.

18.     By way of example, Exhibit C is a copy of a January 11, 2010 letter that Defendants sent directly to Plaintiff in connection with Defendants' attempts to collect the subject debt.

19.     Defendants state in a February 3, 2010 Trustee's Deed that Fannie Mae is an "affiliate" of First Horizon Home Loans, attached hereto as Exhibit D.

20.     This is a false statement.

21.     Fannie Mae is not an affiliate of First Horizon Home Loans.

22.     As a result of the acts and omissions of the Defendants, Mr. Goodrow has suffered actual damages and injury, including but not limited to, emotional distress, mental anguish and suffering.

## Count I: Violations of the FDCPA

23.     The allegations of paragraphs 1 – 22 of the Complaint are incorporated by reference.

24.     By communicating with Plaintiff when they knew that Plaintiff was represented by an attorney, Defendants violated 15 U.S.C. § 1692c(a)(2).

25.     As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendants pursuant to 15 U.S.C. § 1692k.

## Count II: Violations of the FDCPA

26.     The allegations of paragraphs 1 – 22 of the Complaint are incorporated by reference.

27.     By making the statement in the February 3, 2010 Trustee's Deed that Fannie Mae is an "affiliate" of First Horizon Home Loans, Defendants used false representations or means to collect or attempt to collect the subject debt. In violation of 15 U.S.C. § 1692e, e(2)(A), and e(10).

28.     As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendants pursuant to 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following relief:

1.     Enter a declaratory judgment that Defendants' practices violated the FDCPA;

2.     Award Plaintiff actual damages;

3.     Award Plaintiff statutory damages;

4.     Award Plaintiff reasonable attorney's fees;

5.     Award Plaintiff costs;

6.      Such other relief as may be just and proper.

**TRIAL BY JURY IS DEMANDED**

                                          Respectfully submitted,
                                          John K. Goodrow
                                          By Counsel


By: Dale W. Pittman, VSB#15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 Facsimile
dale@pittmanlawoffice.com

Kristi Cahoon Kelly, Esq., VSB #72791
J. Chapman Petersen, Esq., VSB # 37225
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030
(703) 277-9774
(703) 591-9285 Facsimile
kkelly@siplfirm.com

Leonard A. Bennett, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 201
Newport News, Virginia 23606
(757) 930-3660
(757) 930-3662 Facsimile

Matthew J. Erausquin, VSB #65434
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Rd, Suite 600
Alexandria, VA 22314
(703) 273-7770
(888) 892-3512 Facsimile

Counsel for Plaintiff