**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**JOHN K. GOODROW,**

        **Plaintiff,**

v.                                          **Civil Action No. 3:11cv020**

**FRIEDMAN & MACFADYEN, P.A.,
and
JOHNIE R. MUNCY,**

        **Defendants.**

## FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action seeking damages arising from Defendants' unlawful attempts to collect a delinquent home mortgage debt alleged owed by Mr. Goodrow and to foreclose on the subject Deed of Trust. Mr. Goodrow alleges that Defendants, a debt collection law firm and one of its collection attorneys, 1) initiated foreclosure activities when they had no present right to possession of the property, 2) communicated with him in connection with the collection of the underlying debt when they knew that he was represented by counsel, and 3) knowingly made a series of false statements and representations in connection with the collection of the debt and of the foreclosure on his home, all in violation of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692 et seq..

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

3. Plaintiff John K. Goodrow ("Mr. Goodrow") is a natural person who resides in Virginia. Mr. Goodrow is a consumer within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. Defendant Friedman & MacFadyen, P.A. is a law firm with offices in Maryland and Virginia, the principal purpose of whose businesses is the collection of debts, and is located at 1601 Rolling Hills Drive, Surry Building, Suite 125, Richmond, Virginia 23229.

5. Defendant Johnie R. Muncy is an attorney employed by Friedman & MacFadyen, P.A.

6. Defendants regularly collect or attempt to collect debts owed or due or asserted to be owed or due another, and each is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6). Defendants moreover use one or more instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

## STATEMENT OF FACTS

### *Fannie Mae acquires Mr. Goodrow's Mortgage Loan*

7. Mr. Goodrow borrowed $290,000 in order to refinance his mortgage, as evidenced by a promissory note ("Note"), dated October 26, 2005. The Note was payable to First Horizon Home Loan Corporation.

8. The Note was secured by a Deed of Trust dated October 26, 2005 and recorded in the Clerk's office of Circuit Court of Fairfax County. A copy of the Deed of Trust is attached hereto as EXHIBIT A.

9. Mr. Goodrow's Note and Deed of Trust obligated him to repay First Horizon Home Loan Corporation.

10. The Deed of Trust has a Mortgage Identification Number ("MIN") so that the servicing rights and ownership rights of the mortgage loan can be tracked electronically on the Mortgage Electronic Registration System ("MERS").

11. Another entity, apparently Federal National Mortgage Association ("Fannie Mae"), purchased Mr. Goodrow's loan subsequent to the origination with First Horizon Home Loan Corporation.

12. A copy of the MERS MIN search for Mr. Goodrow's loan is attached hereto as EXHIBIT B.

13. Mr. Goodrow's loan was serviced by Met Life Home Loans. As a servicer Met Life Home Loans acted on behalf of the owner of the loan to conduct certain customary serving functions, such as to collect and record payments, communicate with the homeowner, and assess late fees.

14. Mr. Goodrow regularly made his payments to Met Life Home Loans until he began to experience financial difficulties.

15. In the summer of 2008, due to a disability, Mr. Goodrow was no longer able to work.

16. In the Fall of 2008, Mr. Goodrow contacted his mortgage servicer, Met Life Home Loans, in an effort to pursue loss mitigation options while he awaited his Social Security disability payments.

*Freidman & MacFadyen is a Debt Collector*

17.     Defendant Friedman and MacFadyen, P.A. is a law firm whose practice is focused on the collection of debts.

18.     Defendants advertise that they provide loss mitigation, bankruptcy, and foreclosure services to creditors[1].

19.     Defendants regularly collect home loan debts.

20.     Defendants regularly demand payment from consumers of claimed arrearages and provide to consumers reinstatement quotes and itemizations of amounts they are attempting to collect.

21.     Defendants regularly tell consumers in correspondence that "this is an attempt to collect a debt and any information obtained will be used for that purpose" and/or that the communication is from a debt collector, the disclosures that the FDCPA, at 15 U.S.C. § 1692e(11), requires that debt collectors provide in all written communications (other than a formal pleading) sent "in connection with the collection of any debt" ("the § 1692e(11) disclosure").

22.     Defendants regularly attempt to provide the verification of debts required by the FDCPA, at 15 U.S.C. § 1692g(b), upon written request from consumers.

*Defendants are "Appointed" to Collect a Debt*

23.     In correspondence to Mr. Goodrow dated, October 9, 2008, Defendants stated that they purportedly were retained by MetLife Home Loans, a division of MetLife Bank NA, to

---

[1] *See* http://www.fmlaw.com/fmlaw.html

foreclose on Mr. Goodrow's home due to his alleged failure to make mortgage payments[2]. A copy of the October 9, 2008 correspondence is attached hereto as EXHIBIT C.

24. The subject line of the October 9, 2008 correspondence is: "MetLife Home Loans a division of MetLife Bank, NA v. John K. Goodrow."

25. The October 9, 2008 correspondence advised Mr. Goodrow that Defendants had been appointed by MetLife Home Loans, a division of MetLife Bank NA, in order to foreclose on Mr. Goodrow's home.

26. The October 9, 2008 correspondence stated that MetLife Home Loans, a division of MetLife Bank NA, is the holder/servicer of the Note.

27. The October 9, 2008 correspondence further stated that Defendants were not in possession of the Note.

28. Defendants' October 9, 2008 letter further advised Mr. Goodrow that Defendants were attempting to collect a debt.

29. Defendants sent the October 9, 2008 letter to Mr. Goodrow in connection with the collection of a debt.

30. Defendants sent Mr. Goodrow a Substitution of Trustees Deed dated October 8, 2008, and notarized on October 21, 2008. A copy of the Substitution of Trustees Deed is attached hereto as EXHIBIT D.

31. The Substitution of Trustees Deed states that First Horizon Home Loans, a Division of First Tennessee Bank, is the Noteholder.

---

[2] While the FDCPA's one year statute of limitations may render certain of the Defendants' debt collection misconduct unactionable, evidence of that misconduct is alleged for purposes of, and is relevant to, establishing whether the debt collection abuse occurring within the limitations period was part of an abusive or harassing pattern.

32. The Substitution of Trustees Deed states that First Horizon Home Loans, a Division of First Tennessee Bank, appointed the Defendants substitute trustee.

33. An Assistant Vice President of First Horizon Home Loans, a Division of First Tennessee Bank, signed EXHIBIT D as Noteholder.

34. Defendants claim that the Substitution of Trustees Deed gives them the authority to foreclose on Mr. Goodrow's home, by appointing them substitute trustee.

35. This statement that they were appointed by First Horizon Home Loans, a Division of First Tennessee Bank, is in direct contradiction to their October 9, 2008 letter (EXHIBIT C) that states they were appointed by MetLife Home Loans, a division of MetLife Bank NA.

36. One, or both, of these statements is false.

37. Further, at all times relevant hereto, another entity, purportedly Fannie Mae, remained the owner and noteholder of Mr. Goodrow's mortgage loan. *See* EXHIBIT B; *see also e.g.* EXHIBIT G.

38. The Substitution of Trustees Deed (EXHIBIT D) falsely states otherwise.

## *Defendants Attempt to Collect a Debt*

39. Defendants sent correspondence to Mr. Goodrow dated November 24, 2008 providing him with a reinstatement quote advising Mr. Goodrow how much to pay them in order to bring his loan current. A copy of the November 24, 2008 correspondence is attached hereto as EXHIBIT E.

40. Defendants' November 24, 2008 letter was an attempt to collect a debt.

41. Defendants' November 24, 2008 letter, just below the letterhead, begins with a boldface § 1692e(11) disclosure.

42. The November 24, 2008 letter does the following, among other things, in connection with Defendants' attempts to collect the subject debt:

    A. Sets out the amount necessary to reinstate the above-referenced loan and to resolve the pending action in amounts that "are good through December 9, 2008,"

    B. Warns Mr. Goodrow that "if the effective date for the payment quotation stated in this letter continues past the scheduled foreclosure sale date, the foreclosure sale will nonetheless occur unless the loan is reinstated or paid off PRIOR TO the foreclosure sale,"

    C. States that "(B)ecause of interest, late charges, trustee's and/or attorney's fees and costs (if applicable), and other charges that may vary from day to day or that may change after the date of this communication, the amount due on the day you pay may be greater. You may also owe the amount of any monthly or other payments and late charges that may fall due after the date of this communication. Therefore, if you pay the amount above, an adjustment may be necessary after we receive your payment. For further information or for an updated figure, write or call."

    D. States that "(A)ll funds must be submitted in the form of Certified and/or Cashier's check(s) and/or Money Order(s) and must be made payable to **MetLife Home Loans**. Funds must be sent to the attorney/trustee office listed above."

    E. States that "(U)pon receipt of the necessary funds Friedman & MacFadyen, P.A. will take appropriate action to obtain a dismissal of the action."

    F. Advises Mr. Goodrow that he should verify the amounts due and owing to insure that they are correct.

    G. And provides an amount demanded for reinstatement of Mr. Goodrow's home mortgage loan.

43. Defendants sent Mr. Goodrow another letter bearing the date November 24, 2008 ("the second November 24, 2008 dunning letter"). A copy of the second November 24, 2008 correspondence is attached hereto as EXHIBIT F.

44. The second November 24, 2008 dunning letter also begins with the FDCPA's required disclosure of the § 1692e(11) notice and includes language pertinent to its attempts to collect the subject debt that is similar to the debt collector language contained in EXHIBIT E.

45. Defendants sent Mr. Goodrow correspondence dated November 26, 2008. A copy of the November 26, 2008 correspondence is attached hereto as EXHIBIT G.

46. The November 26, 2008 letter states that "Fannie Mae, the investor with respect to your loan, instructed us to temporarily halt the foreclosure sale…"

47. The November 26, 2008 correspondence also presents "various options to avoid foreclosure," including a "**Repayment Plan**: an agreement to pay the delinquency over a series of months," and it concludes with a recitation of the FDCPA's required § 1692e(11) notice.

*Mr. Goodrow Retains an Attorney*

48. Mr. Goodrow retained the services of Legal Services of Northern Virginia to represent him with respect to Defendants' collection efforts.

49. Defendants knew that Mr. Goodrow had retained the services of an attorney to represent him.

50. Mr. Goodrow's attorney communicated in writing with Defendants on behalf of Mr. Goodrow regarding the alleged debt which Defendants were attempting to collect from him.

51. By way of example, EXHIBIT H is a copy of a December 18, 2008 letter sent by Mr. Goodrow's attorney to Defendants advising of counsel's representation of Mr. Goodrow in connection with Defendants' attempts to collect the subject debt.

52. Defendants received EXHIBIT H.

53. Defendants then for a time communicated in writing with Mr. Goodrow's attorney with respect to the subject debt.

54. By way of example, EXHIBIT I is a copy of a December 23, 2008 letter sent by Defendants to Mr. Goodrow's attorney in connection with Defendants' attempts to collect the subject debt.

55.     Defendants also communicated orally as well as in writing with Mr. Goodrow's attorney with respect to the subject debt.

### *Defendants Subsequently Communicate Directly with Mr. Goodrow*

56.     Defendants knew that Mr. Goodrow was represented by an attorney with regard to his unpaid mortgage and knew the attorney's name and address and nevertheless subsequently communicated directly with Mr. Goodrow with respect to the subject debt.

57.     By way of example, EXHIBIT J is a copy of a January 11, 2010 letter that Defendants sent directly to Mr. Goodrow in connection with Defendants' attempts to collect the subject debt.

58.     The January 11, 2010 correspondence included a copy of the Substitution of Trustees Deed, with the same misrepresentations as discussed above (EXHIBIT C).

59.     The subject line of the January 11, 2010 letter that Defendants sent directly to Mr. Goodrow is:  "MetLife Home Loans a division of MetLife Bank NA v. John K. Goodrow"

60.     The January 11, 2010 letter states that Mr. Goodrow's home will be sold at a foreclosure auction "unless the entire balance of the Note (including all principal, interest and lawful charges) is paid in full before the date of the sale referenced in the attached Notice," and advises Mr. Goodrow to "contact the undersigned immediately" should he "desire to avoid the necessity of a foreclosure sale and satisfy (his) obligation."

61.     The January 11, 2010 correspondence also states:

> THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

62. Defendants state in a February 3, 2010 Trustee's Deed that Fannie Mae is an "affiliate" of First Horizon Home Loans. A copy of the Trustee's Deed is attached hereto as EXHIBIT K.

63. This foregoing statement in the February 3, 2010 communication is false.

64. Fannie Mae is not an affiliate of First Horizon Home Loans.

65. Defendants knew or should have known that this and each of the foregoing misrepresentations that they made were false.

66. As a result of the acts and omissions of the Defendants, Mr. Goodrow has suffered actual damages and injury, including but not limited to, emotional distress, mental anguish, and suffering.

### Count I: Violations of the FDCPA, 15 U.S.C. § 1692c

67. The foregoing allegations of the Complaint are incorporated by reference.

68. By communicating with Plaintiff when they knew that Plaintiff was represented by an attorney and the attorney's name and address, Defendants violated 15 U.S.C. § 1692c(a)(2).

69. As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendants pursuant to 15 U.S.C. § 1692k.

### Count II: Violations of the FDCPA, 15 U.S.C. § 1692e

70. The foregoing allegations of the Complaint are incorporated by reference.

71. The January 11, 2010 correspondence misrepresented that this was an action styled MetLife Home Loans a division of MetLife Bank NA v. John K. Goodrow.

72. The subject line falsely implies that a lawsuit had been or threatens that it would be filed against Mr. Goodrow in the name and on behalf of MetLife Home Loans a division of MetLife Bank NA.

73. Further, the Substitution of Trustees Deed that was forwarded to Mr. Goodrow by the Defendants on January 11, 2010 misrepresents that First Horizon Home Loans, a Division of First Tennessee Bank, is the noteholder of Mr. Goodrow's mortgage loan.

74. In the February 3, 2010 Trustee's Deed, Defendants falsely stated that Fannie Mae is an "affiliate" of First Horizon Home Loans.

75. Defendants used false representations or means to collect or attempt to collect the subject debt, in violation of 15 U.S.C. §§ 1692e, e(2)(A), e(5), and e(10).

76. As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendants pursuant to 15 U.S.C. § 1692k.

**Count III: Violations of the FDCPA, 15 U.S.C. § 1692f**

77. The foregoing allegations of the Complaint are incorporated by reference.

78. The foreclosure was a nonjudicial action that sought to permanently deprive Mr. Goodrow of his ownership rights in his home.

79. First Horizon Home Loans had no authority to appoint the Defendants as a substitute trustee as it was not the proper noteholder.

80. Indeed, the individual that signed any sworn statements on behalf of First Horizon Home Loans purporting to have personal knowledge of the facts contained in the sworn statement or the legal standing to take the actions described therein, did not have such personal knowledge or such legal standing.

81. Defendants were aware that another entity was the owner of the loan at the time they were appointed substitute trustee and at the time they conducted the foreclosure sale.

82. Because they were not validly appointed as a substitute trustee by the noteholder in compliance with the terms of the Note and Deed of Trust, the Defendants had no right to conduct the foreclosure sale, or to transfer the property.

83. Defendants threatened to take, and they took, nonjudicial action to effect dispossession or disablement of the subject property at a time when they had and there was no present right to possession of the property claimed as collateral through an enforceable security interest, in violation of 15 U.S.C. § 1692f(6).

84. As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendants pursuant to 15 U.S.C. § 1692k.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that the Court grant the following relief:

1. Award Plaintiff actual damages;

2. Award Plaintiff statutory damages;

3. Award Plaintiff reasonable attorney's fees;

4. Award Plaintiff costs;

     5.     Such other relief as may be just and proper.

**TRIAL BY JURY IS DEMANDED**

                                      Respectfully submitted,
                                      John K. Goodrow
                                      By Counsel

\_\_\_/s/_____
By: Dale W. Pittman, VSB#15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 Facsimile
dale@pittmanlawoffice.com

Kristi Cahoon Kelly, Esq., VSB #72791
J. Chapman Petersen, Esq., VSB # 37225
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030
(703) 277-9774
(703) 591-9285 Facsimile
kkelly@siplfirm.com

Leonard A. Bennett, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 201
Newport News, Virginia 23606
(757) 930-3660
(757) 930-3662 Facsimile

Matthew J. Erausquin, VSB #65434
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Rd, Suite 600
Alexandria, VA 22314
(703) 273-7770
(888) 892-3512 Facsimile

Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

     I hereby certify that on the 25th day of February, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Andrew T. Rich, Esquire
>FRIEDMAN & MACFADYEN, P.A.
>Surry Building, Suite 125
>1601 Rolling Hills Drive
>Richmond, Virginia 23229
>Counsel for Defendants

                                                                 /s/_____
                                         By: Dale W. Pittman, VSB#15673
                                         Counsel for John K. Goodrow
                                         THE LAW OFFICE OF DALE W. PITTMAN, P.C.
                                         The Eliza Spotswood House
                                         112-A West Tabb Street
                                         Petersburg, VA 23803
                                         (804) 861-6000
                                         (804) 861-3368 Facsimile
                                         dale@pittmanlawoffice.com