UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHN K. GOODROW,

    Plaintiff,

v.                                    Civil Action No.: 3:11CV020

FRIEDMAN & MACFADYEN, P.A., et al.

    Defendants.

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

COMES NOW Defendants, Friedman & MacFadyen, P.A., and Johnie R. Muncy as Trustee (Defendants), by undersigned counsel, and submit the following memorandum supporting Defendants' Motion to Dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6):

### STANDARD OF REVIEW

The District Court recently described the necessary standard of review for ruling on a Rule 12(b)(6) motion to dismiss in *Moore v. Commonwealth Trustees, LLC 2010 WL 4272984 (E.D.Va.)* as follows:

> "Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Further, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 n. 3 (2007) "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint

[.]" *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir.1999). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.' " *Iqbal*, 556 U.S. at ----, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). The court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir.1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993)). "The court need not, however, accept unsupported legal allegations, legal conclusions couched as factual allegations, or conclusory factual allegations devoid of any reference to actual events." *Flores v. Deutsche Bank Nat. Trust Co.*, No. 10-217, 2010 WL 2719849, *3 (D.Md. July 7, 2010) (internal citations omitted).

## STATEMENT OF FACTS

On or about October 26, 2005, Plaintiff executed a Note (See Exhibit 1) and a Deed of Trust (See Exhibit 2) in order to secure a mortgage loan in the amount of $292,000.00 from First Horizon Home Loan Corporation. In 2008, Plaintiff defaulted on his obligations under the referenced loan. Johnie R. Muncy and F&M Services, L.C.,

2

were appointed substitute trustees for purposes of carrying out a foreclosure proceeding on the property located at 7150 Strawn Court in Alexandria, Virginia (See Exhibit 3).

Defendants scheduled a foreclosure sale for January 14, 2009. This sale was cancelled to allow Plaintiff an opportunity for loss mitigation. A new foreclosure sale was scheduled for February 3, 2010. Defendants conducted the foreclosure proceedings in accordance with the Code of Virginia, including sending a Notice of Sale to Plaintiff as directed by Section 55-59.1 (See Exhibit 4). Ultimately, the foreclosure sale of this property occurred on February 3, 2010, and Defendants drafted and recorded a Trustee's Deed evidencing the foreclosure proceedings and property transfer (See Exhibit 5). There has been no challenge by Plaintiff as to the validity of the foreclosure sale conducted by Defendants.

## ARGUMENT

**I.     Plaintiff's Amended Complaint fails to state a claim against Defendants based on the Fair Debt Collection Practices Act(FDCPA).**

Plaintiff's claims must be dismissed against Defendants as the facts alleged in Plaintiff's Amended Complaint fail to state a claim upon which relief may be granted. Plaintiff must establish that Plaintiff was the object of collection activity arising from a consumer debt as defined in the FDCPA. Plaintiff must also allege that Defendants are debt collectors as defined by the FDCPA and that the Defendants engaged in an act or omission prohibited under the FDCPA. *See Dikun v. Streich 369 F. Supp. 2d 781, 784-85 (E.D. Va. 2005)*. In large part, the purpose of the FDCPA, as defined in 15 U.S.C. § 1692d-f, is preventing debt collectors from using harassing, deceptive, and unconscionable means to collect a debt. The facts alleged in Plaintiff's Amended Complaint fail to meet the basic criteria for maintaining an action against the Defendants based upon the FDCPA.

**A. The facts in Plaintiff's Amended Complaint do not sufficiently allege that Defendants are debt collectors under the FDCPA.**

The allegations in Plaintiff's Amended Complaint all relate to a foreclosure sale conducted by Defendants acting as Substitute Trustees. The sending of the foreclosure sale notice and the drafting and recordation of the Trustee's Deed are actions completed pursuant to the requirements of a trustee as a fiduciary conducting a foreclosure sale. A trustee merely foreclosing on a property pursuant to the deed of trust is not collecting a debt under the FDCPA. *See Heinemann v. Jim Walter Homes, Inc., 47 F.Supp 2d. 716, 722 (N.D. W.Va. 1998), affirmed at 173 F.3d 850 (4th Cir. 1999).*

The FDCPA addresses a foreclosure-type situation in 15 U.S.C. § 1692a(6)(F)(i) and states in relevant part that the term "debt collector" does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement." Multiple courts within the Fourth Circuit have interpreted this provision by stating that "mortgage servicing companies and trustees exercising their fiduciary duties enjoy broad statutory exemptions from liability under the FDCPA" *See Horvath v. Bank of New York 2010 WL 538039, (E.D.Va. Jan. 29, 2010. See also Scott v. Wells Fargo Home Mortgage, Inc., 326 F. Supp.2d 709, 718 (E.D.Va.2003).* In *Moore v. Commonwealth Trustees, LLC 2010 WL 4272984 (E.D.Va.)* this Court cites to *Ruggia v. Washington Mutual, 2010 WL 1957218 (E.D.Va. May 13, 2010)* stating that "[S]everal courts have held that an enforcer of a security interest, such as a [mortgage company] foreclosing on mortgages of real property ... falls outside the ambit of the FDCPA ..."

### B. The Notice of Sale sent by Defendants and referenced in Plaintiff's Amended Complaint is not a communication attempting to collect a debt.

The Plaintiff's Amended Complaint offers a copy of the Notice of Sale sent to Plaintiff as the only evidence of a communication in violation of 15 U.S.C. § 1692c(a)(2). However, this communication is not an attempt to collect a debt by Defendants. The Notice of Sale is sent to Plaintiff, because the notice is required under Virginia's non-judicial foreclosure laws. Specifically, Section 55-59.1 of the Code of Virginia requires that a foreclosure trustee "shall give written notice of the time, date and place of any proposed sale in execution of a deed of trust ... by personal delivery or by mail to (i) the

4

present owner of the property to be sold at his last known address as such owner and address appear in the records of the party secured...." There is no provision in this section of the Virginia Code or in the FDCPA that would relieve a foreclosure trustee from the fiduciary obligation to send the notice as required by <u>Section 55-59.1 of the Code of Virginia</u>.

Notice of Sale sent by a trustee of a non-judicial foreclosure sale as required by the trustee's fiduciary obligations under state law can not be construed as debt collection under the FDCPA. <u>See Heinemann v. Jim Walter Homes, Inc., 47 F.Supp 2d. 716, 722 (N.D. W.Va. 1998), affirmed at 173 F.3d 850 (4th Cir. 1999).</u> The Fourth Circuit did hold in <u>Wilson v. Draper & Goldberg, PLLC, 443 F.3d 373 (4th Cir.2006)</u> that "trustees...acting in connection with a foreclosure *can* be "debt collectors."(emphasis added) However, the Fourth Circuit stops well short of ruling that all foreclosing trustees are automatically debt collectors. The Fourth Circuit expressly states "Our decision is not intended to bring every law firm engaging in foreclosure proceedings under the ambit of the Act."<u>Id at 379.</u> Instead, the analysis hinges on the nature of the conduct being undertaken by the trustee.

The situation at hand is distinguishable from <u>Wilson</u>. The notices in question in the <u>Wilson</u> case not only contained disclaimers with regards to the FDCPA; but also contained "specific information about the debt, including "the amount of the debt," the "creditor to whom the debt is owed," the "procedure for validating the debt," and to whom the debt should be paid. *Id* at 375 <u>See Blagogee v. Equity Trustees, LLC, 2010 WL 2933963, (E.D.Va. July 26, 2010).</u>(citing to <u>Wilson</u>). Conversely, the notice referenced in the present cause of action, while containing FDCPA disclaimers, did not contain any express demand for payment, any specific amount owed, any party to whom the debt was owed, any procedure for validating the debt, nor did they specify to whom a payment on the debt could or should be made. These notices fundamentally differ from the "debt collecting" communications in <u>Wilson</u>, and more closely resemble the facts present in <u>Blagogee</u> in which FDCPA claims were dismissed as to the foreclosure trustee.

5

**C. Counts II and III of Plaintiff's Amended Complaint fail to sufficiently allege a violation of the FDCPA and portions of Counts II and III are barred by the statute of limitations imposed under the FDCPA.**

As stated and supported in the preceding paragraphs, Defendants are not debt collectors in the present situation and therefore did not violate the FDCPA. Both Count II and Count III of Plaintiff's Amended Complaint fail on the basis that Defendants were not acting as debt collectors and are not subject to the provisions cited in Count II and Count III.

In the alternative, any claims made beyond the issue of the recitation in the Trustee's Deed, which was made in the Plaintiff's original Complaint, are barred by the one year statute of limitations set out in 15 U.S.C. § 1692k(d). There is no provision within the FDCPA allowing for relation back to the date of the original pleading when applying the one year statute of limitations. Plaintiff's Amended Complaint fails to date when the various other allegations of FDCPA violations occurred. However, it is not disputed that the foreclosure sale occurred on February 3, 2010, and the Trustee's Deed was recorded February 16, 2010. As the allegations in Plaintiff's Amended Complaint involve the giving of notice for this foreclosure sale, it likewise cannot be disputed that such notices were sent to the Plaintiff at some point prior to February 3, 2010. Plaintiff's Amended Complaint was filed on February 25, 2011 (despite an error on Plaintiff's Certificate of Service referring to February 25, 2010). These new allegations under the FDCPA do not relate back to the date of Plaintiff's original Complaint. *See Fed. R. Civ. P. 15(c)(1).* Therefore, these claims are barred by the one year statute of limitations applicable to specific FDCPA claims alleged by the Plaintiff.

Plaintiff implies, in Plaintiff's original Complaint and in this Amended Complaint, that the drafting and recording of the Trustee's Deed is an action taken to collect upon a debt. The Trustee's Deed is drafted and recorded to create a record of what took place in the foreclosure proceedings. As stated previously, a trustee merely foreclosing on a property pursuant to the deed of trust, is not collecting a debt under the FDCPA. *See Heinemann v. Jim Walter Homes, Inc., 47 F.Supp 2d. 716, 722 (N.D. W.Va. 1998), affirmed at 173 F.3d 850 (4th Cir. 1999).* It would then follow that drafting and recording the Trustee's Deed, after the foreclosure sale has happened, is not an act of

6

debt collection. Indeed, it strains the imagination to contemplate how the mere act of memorializing the foreclosure sale for the purposes of updating local land records can give rise to a FDCPA violation when the foreclosure sale itself does not. Such an anomalous interpretation of the scope and breadth of the FDCPA is inconsistent with the plaint language of the Act, and the Plaintiff has presented no caselaw, nor is Defendant aware of any, to support such a radical conclusion. Any claim asking this Court to find in such a manner must be dismissed.

The allegation in Plaintiff's Amended Complaint that the recitation in the Trustee's Deed describing a relationship between First Horizon Home Loans and Fannie Mae is a "false statement" is without the requisite factual support to survive a Rule 12(b)(6) motion to dismiss. The word "affiliate", as used in the Trustee's Deed, merely notes that there is a relationship between the two parties and does not purport to specify the exact nature of the relationship. This type of unsupported allegation is exactly the type that is viewed as insufficient when reviewed under the standard for review of a Rule 12(b)(6) motion to dismiss.

## CONCLUSION

WHEREFORE, Defendants respectfully request that the Court grant their Motion to Dismiss Plaintiff's Amended Complaint, and enter an Order dismissing all of Plaintiff's claims with prejudice, and award Defendants their costs, including reasonable attorney's fees incurred in defending this action.

          Respectfully Submitted,

          Friedman & MacFadyen, P.A.,
          And Johnie R. Muncy as Trustee,
          By Counsel

By: /s/ Andrew T. Rich

Andrew T. Rich, Esq., VSB #74296
Friedman & MacFadyen, P.A.
Surry Building, Suite 125
1601 Rolling Hills Drive
Richmond, Virginia 23229
(804)288-0088 phone
(804)288-0052 fax
trich@fmlaw.com
*Counsel for Defendants*