**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**JOHN K. GOODROW**,


                    **Plaintiff,**

**v.**                                    **Civil Action No. 3:11cv020**



**FRIEDMAN & MACFADYEN, P.A.,**
**and JOHNIE R. MUNCY**,


                    **Defendants.**




**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................ ii

INTRODUCTION ................................................................................................... 2

ARGUMENT OF LAW ........................................................................................... 4

    A.    The First Amended Complaint Establishes That Defendants Are
        Debt Collectors Subject To The Entirety Of The FDCPA ........................ 4

        1.    The Complaint Alleges With Particularity That Defendants
            Regularly Collect Consumer Debts and Did So Here With
            Regard To Mr. Goodrow ....................................................... 4

        2.    The Plain Language Of The FDCPA, The Unanimous
            Judgment Of The Federal Circuit Courts, And The Fourth
            Circuit's Opinion In *Wilson v. Draper & Goldberg*
            Foreclose Defendants' Current Argument That They Are
            Not FDCPA Debts Collectors ................................................. 6

    B.    The First Amended Complaint States In Any Event A § 1692f(6)
        Claim Against Defendants For Foreclosing Without A "Present
        Right Of Possession" ............................................................... 12

    C.    The FDCPA Violations Newly Specified In The First Amended
        Complaint Are All Timely Since They Relate Back To The Filing
        Of The Original Complaint ........................................................ 13

    D.    Defendants Violated The FDCPA By Communicating Directly
        With Mr. Goodrow When They Knew He Was Represented By
        Counsel ................................................................................ 16

    E.    Defendants' Misrepresentation That Fannie Mae Is An "Affiliate"
        Of First Horizon Is A False And Deceptive Statement Prohibited
        By § 1692e ........................................................................... 20

CONCLUSION ..................................................................................................... 24

CERTIFICATE OF SERVICE ................................................................................ 26

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Baker v. G.C. Servs. Corp.*,
　　677 F.2d 775 (9th Cir. 1982) ..............................................................................22

*Blagogee v. Equity Trustees, LLC*,
　　2010 WL 2933963 (E.D.Va. July 26, 2010) ..........................................................9

*Brown v. Card Service Center*,
　　464 F.3d 450 (3d Cir. 2006)...............................................................................23

*Canal Ins. Co. v. Barker*,
　　No. 3:07CV39, 2007 WL 3551508 (E.D.Va. Nov. 15, 2007) ...............................7

*Cappetta v. GC Services Ltd. Partnership*,
　　654 F. Supp. 2d 453 (E.D.Va. 2009) ..................................................................19

*Clomon v. Jackson*,
　　988 F.2d 1314 (2d Cir. 1983)..............................................................................22

*Creighton v. Emporia Credit Service, Inc.*,
　　981 F. Supp. 411 (E.D.Va. 1997) ....................................................................6-7

*Discover Bank v. Vaden*,
　　396 F.3d 366 (4th Cir. 2005) ...............................................................................7

*Engel v. Francis*,
　　No. 3:09CV586, 2011 WL 797244 (E.D.Va. Feb. 25, 2011) ....................5, 20, 21

*Erie R.R. Co. v. Tompkins*,
　　304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938)..............................................20

*Federal Trade Commission v. Standard Education Society*,
　　302 U.S. 112, 116, 82 L. Ed. 141, 58 S. Ct. 113 (1937).......................................23

*Gasner v. County of Dinwiddie*,
　　162 F.R.D. 280 (E.D.Va. 1995) ..........................................................................21

*Gburek v. Litton Loan Servicing LP*,
　　614 F.3d 380 (7th Cir. 2010) ..............................................................................18

*Guerrero v. RJM Acquisitions LLC,*
　　499 F.3d 926 (9th Cir. 2007) ..........................................................................16

*Heinemann v. Jim Walter Homes, Inc.,*
　　47 F. Supp. 2d 716 (N.D.W.Va. 1998), *aff'd,*
　　173 F.3d 850 (4th Cir. 1999) .....................................................................9, 10

*Horvath v. Bank of New York, N.A.,*
　　No. 1:09CV01129, 2010 WL 538039 (E.D.Va. Jan. 29, 2010)............................9

*Jeter v. Credit Bureau, Inc.,*
　　760 F.2d 1168 (11th Cir. 1985) .......................................................................22

*Johnson v. Statewide Collections, Inc.,*
　　778 P.2d 93 (Wyo. 1989)...................................................................................19

*Kaltenbach v. Richards,*
　　464 F.3d 524 (5th Cir. 2006) ............................................................................10

*Kistner v. Law Offices of Michael P. Margelefsky, LLC,*
　　518 F.3d 433 (6th Cir. 2008) ............................................................................23

*Montgomery v. Huntington Bank,*
　　346 F.3d 693 (6th Cir. 2003) ............................................................................11

*Moore v. Commonwealth Trustees, LLC,*
　　No. 3:09CV71, 2010 WL 4272984 (E.D.Va. Oct. 25, 2010) ................................9

*National City Bank of Indiana v. Turnbaugh,*
　　463 F.3d 325 (4th Cir. 2006) ............................................................................19

*Perry v. American Airlines, Inc.,*
　　405 F. Supp. 2d 700 (E.D.Va. 2005) ............................................................15,16

*Perry v. Stewart Title Co.,*
　　756 F.2d 1197 (5th Cir. 1985) ..........................................................................10

*Piper v. Portnoff Law Associates, Ltd.,*
　　396 F.3d 227 (3d Cir. 2005)................................................................................8

*Robertson v. Horton Bros. Recovery, Inc.,*
　　No, 02-1656, 2005 WL 736681 (D. Del. Mar. 31, 2005) ....................................13

*Romea v. Heiberger & Assocs.,*
　　163 F.3d 111 (2d Cir. 1998).....................................................................11, 19, 20

*Ruggia v. Washington Mut.*,
     719 F. Supp. 2d 642 (E.D.Va. 2010) ................................................10

*Russell v. Equifax A.R.S.*,
     74 F.3d 30 (2d Cir. 1996)..................................................................23

*Satterfield v. Simon & Schuster, Inc.*,
     569 F.3d 946 (9th Cir. 2009) ............................................................21

*Scott v. Wells Fargo Home Mortgage, Inc.*,
     326 F. Supp. 2d 709 (E.D.Va. 2003) ..................................................9

*T-Mobile Northeast LLC v. Fairfax County Bd. of Sup'rs*,
     __ F. Supp. 2d ___, 2010 WL 5300826 (E.D.Va. Dec. 17, 2010)........10

*TRW Inc. v. Andrews*,
     534 U.S. 19, 122 S. Ct. 441, 151 L. Ed. 2d 339 (2001).........................24

*United States v. National Financial Services, Inc.*,
     98 F.3d 131 (4th Cir. 1996) ..............................................................22

*Wilson v. Draper & Goldberg, P.L.L.C.*,
     443 F.3d 373 (4th Cir. 2006) .......................................................*passim*

**STATUTES**

15 U.S.C. §§ 1692-1692p(2011)...............................................................*passim*

Va. Code Ann. § 55-59.1(A)...........................................................................17

**RULES**

Fed. R. Civ. P. 12(b) ...................................................................................14

Fed. R. Civ. P. 12(b)(6)..........................................................................5, 8, 21

Fed. R. Civ. P. 15(a)(1)(B) ..........................................................................14

Fed. R. Civ. P. 15(c)(1)(A) ..........................................................................15

Fed. R. Civ. P. 15(c)(1)(B) .....................................................................3, 15, 16

**OTHER AUTHORITY**

Webster's New Universal Unabridged Dictionary (1996)...........................21, 23

# INTRODUCTION

Defendants support their motion to dismiss by simply ignoring the salient facts alleged in Mr. Goodrow's First Amended Complaint and disregarding the teaching of several Circuit Courts of Appeal, including the principal precedent squarely on point: the controlling opinion from the Fourth Circuit in *Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373 (4th Cir. 2006). *Wilson* expressly held that foreclosure attorneys are debt collectors subject to the entirety of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p (FDCPA), when in the course of foreclosing on the consumer's home they attempt to collect money owing on the underlying obligation, exactly as Defendants are alleged to have done here.  Defendants' principal argument that they are not covered by the FDCPA is truly baseless and must be rejected.

In addition, even if Defendants had not attempted to collect the underlying debt and therefore were not debt collectors subject to the entirety of the FDCPA, they allegedly (and apparently now admittedly) were engaged in the business of enforcing security interests and thus at a minimum would be subject to a single FDCPA provision that Mr. Goodrow alleges they also violated, § 1692f(6).  Defendants ignore this alternative coverage issue.  They also ignore the dispositive allegations that they threatened to foreclose and then foreclosed on Mr. Goodrow's property without a valid appointment as the substitute trustee and that they consequently acted to take his home with "no present right to possession of the property claimed as collateral," precisely as prohibited by § 1692f(6)(A).

Third, Defendants argue that any newly specified substantive violations asserted in the amended complaint are time-barred as a matter of law because "[t]here is no provision within the FDCPA allowing relation back to the date of the original pleading when applying the one year statute of limitations."  The FDCPA of course contains no such provision; however, Defendants

overlook Fed.R.Civ.P. 15(c)(1)(B), which explicitly permits the relation back of an amended complaint where, as here, the First Amended Complaint contains the same factual predicates, is based entirely on the same underlying conduct as in the original complaint, and merely specifies FDCPA subsection violations that were not expressly identified in the original complaint.

Finally, Defendants claim that two of the FDCPA violations that Mr. Goodrow has alleged they committed are not viable as a matter of law.  Both objections are insubstantial and only serve to emphasize the validity of the claims.

Mr. Goodrow's First Amended Complaint in all respects states valid claims for relief. Defendants' motion to dismiss accordingly must be denied.

## ARGUMENT OF LAW

### A.      The First Amended Complaint Establishes That Defendants Are Debt Collectors Subject To The Entirety Of The FDCPA

#### 1.      The Complaint Alleges With Particularity That Defendants Regularly Collect Consumer Debts and Did So Here With Regard To Mr. Goodrow

Conspicuously absent from Defendants' statement of the facts supposedly summarizing the First Amended Complaint is any mention of the extensive allegations detailing their collection efforts that establish their status as debt collectors under the FDCPA.  Defendants instead have chosen to re-state only those allegations that relate to their activities as foreclosure attorneys: that Mr. Goodrow executed a note and deed of trust to finance his home, that "he defaulted on his obligations" thereunder, that defendants were then purportedly appointed substitute trustees to foreclose on the property, and that they conducted various activities that ultimately resulted in the foreclosure sale of Mr. Goodrow's home.  (Defs' Mem. 2-3).

However, the First Amended Complaint alleges in addition the following material and dispositive facts, among others, relative to Defendants' coverage as debt collectors under the FDCPA: "Defendant Friedman and MacFadyen, P.A. is a law firm whose practice is focused on the collection of debts," and "Defendant Johnie R. Muncy is an attorney employed by" that firm; both "Defendants regularly collect home loan debts," "regularly demand payment from consumers of claimed arrearages and provide to consumers reinstatement quotes and itemizations of amounts they are attempting to collect," and did so here throughout their contacts with Mr. Goodrow; these specific collection efforts directed towards Mr. Goodrow are documented in Defendants' 2008 correspondence that 1) recited that they were communicating with him in "an attempt to collect the debt," 2) provided an itemization of the amounts past due and owing, 3) demanded that specific sums be paid in certified funds to Met Life Loans to

4

reinstate or pay off the note, and 4) presented "various options to avoid foreclosure," including a "Repayment Plan…to pay the delinquency over a series of months;" Defendants' collection efforts continued through their later contacts when they sent their January 11, 2010 letter that advised Mr. Goodrow that his home would be sold at a foreclosure auction "unless the entire balance of the Note (including all principal, interest and lawful charges) is paid in full before the date of the sale referenced in the attached Notice" and told Mr. Goodrow to "contact the undersigned immediately" should he "desire to avoid the necessity of a foreclosure sale and satisfy (his) obligation." (First Am. Compl. ¶¶ 5, 17, 19, 20, 39, 40, 42, 43, 46, 47, 60, & 61; Exs. E, F, G & J).

The First Amended Complaint further alleges that in conformity with their regular business practice, Defendants' correspondence here consistently disclosed to Mr. Goodrow that "we are a debt collector," "this is an attempt to collect a debt," and "any information obtained will be used for that [debt collection] purpose." *Id.* ¶¶ 21, 28, 41, 44, and 61; Exhibits C, E, F, G, J & K. In addition, Mr. Goodrow has alleged that "Defendants regularly attempt to provide the verification of debts required by the FDCPA, at 15 U.S.C. § 1692g(b), upon written request from consumers." *Id.* ¶ 22.

This Court recently summarized "the familiar standard for a motion to dismiss under Fed.R.Civ.P. 12(b)(6)." *Engel v. Francis*, No. 3:09CV586, 2011 WL 797244, at *1 (E.D.Va. Feb. 25, 2011). Mr. Goodrow will not burden the Court with its repetition here. Suffice it to say that these detailed factual allegations must be accepted as true and, as shown below, demonstrate that Mr. Goodrow has stated a claim under the FDCPA for the relief requested.

2.      **The Plain Language Of The FDCPA, The Unanimous Judgment Of The Federal Circuit Courts, And The Fourth Circuit's Opinion In *Wilson v. Draper & Goldberg* Foreclose Defendants' Current Argument That They Are Not FDCPA Debts Collectors**

The FDCPA's principal definition of a "debt collector" who is subject to this law states:

> The term "debt collector" means any person … who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6).

A "debt" in turn is defined as follows:

> The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5).

The civil liability section of the FDCPA then provides for the private relief that Mr. Goodrow now seeks by stating that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of…." 15 U.S.C. § 1692k(a).

The First Amended Complaint not only alleges that Defendants are FDCPA debt collectors who regularly collect or attempt to collect consumer debts, but also states with particularity specific efforts that they undertook to collect from Mr. Goodrow money allegedly owing on his past due home mortgage note.  The First Amended Complaint further alleges the consumer elements of the obligation subject to collection[1] and a series of enumerated substantive FDCPA violations in which Defendants engaged and to which they now have no response.  The First Amended Complaint therefore on its face states a claim for relief.  *See, e.g., Creighton v.*

---

[1] Mr. Goodrow has alleged, and Defendants do not now dispute, that he is a natural person and that the subject property is his home, thus establishing the FDCPA's consumer prong.  (First Am. Compl. ¶¶ 3 & 78).

*Emporia Credit Serv., Inc.*, 981 F. Supp. 411, 414 (E.D.Va. 1997) ("A *prima facie* case for violation of the FDCPA requires plaintiff to show three elements: (1) the plaintiff is a 'consumer' within the meaning of the statute; (2) the defendant collecting the debt is a 'debt collector' within the meaning of the statute; (3) the defendant has violated by act or omission a provision of the FDCPA").

Defendants support their contrary position without any attempt to review this controlling statutory language or apply the facts as alleged to that law.  Not surprising in view of that critical omission, Defendants reach a groundless conclusion.  *Canal Ins. Co. v. Barker*, No. 3:07CV339, 2007 WL 3551508, *3 (E.D.Va. Nov. 15, 2007) ("A fundamental canon of statutory construction is to start with the plain language," citing and quoting *Discover Bank v. Vaden*, 396 F.3d 366, 369 (4th Cir. 2005) ("[W]here the statute's language is plain, the sole function of the courts is to enforce it according to its terms")).  Instead of relying on the statutory language, Defendants anchor their argument on the unqualified and unexamined proposition that a "trustee foreclosing on a property pursuant to the deed of trust is not collecting a debt under the FDCPA."  (Defs' Mem. 4).

To be sure, the FDCPA contains a distinction between collecting debts and merely enforcing a security interest in property.  Following the general definition of "debt collector" quoted above appears the following as the third unnumbered sentence of § 1692a(6): "For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests."   The *Wilson* Court resolved the meaning of this sentence and placed both the distinction as well as the overlap between debt collection and enforcement of security interests in appropriate context.  The Fourth Circuit examined this

question under identical facts as are currently before this Court – attorney defendants acting as

substitute trustees foreclosing on a deed of trust challenging FDCPA coverage under the Rule

12(b)(6) standard – and concluded by adopting the rule that resolves the issue here: a person

engaged only in the business of enforcing security interests is subject to § 1692f(6) alone, and a

person in the business of both collecting consumer debts for another and enforcing security

interests is subject to the entirety of the FDCPA:

> According to Defendants, because they are engaged in a business "the principal purpose of which is the enforcement of security interests," they can only be a "debt collector" under the one section expressly provided, 15 U.S.C.A. § 1692f(6). Because Wilson alleged no violation of § 1692f(6), Defendants argue that they cannot be liable under the Act.
>
> We disagree. This provision applies to those whose <u>only</u> role in the debt collection process is the enforcement of a security interest. *See Jordan v. Kent Recovery Servs., Inc.*, 731 F. Supp. 652, 657 (D. Del. 1990) ("It thus appears that Congress intended an enforcer of a security interest, such as a repossession agency, to fall outside the ambit of the FDCPA except for the provisions of § 1692f(6)."). In other words, this provision is not an exception to the definition of debt collector, it is an inclusion to the term debt collector. It serves to include as debt collectors, for the purposes of § 1692f(6), those who only enforce security interests. It does not exclude those who enforce security interests but who also fall under the general definition of "debt collector." *See Piper [v. Portnoff Law Assocs.]*, 396 F.3d [227] at 236 [3d Cir. 2005] ("Section 1692a(6) thus recognizes that there are people who engage in the business of repossessing property, whose business does not primarily involve communicating with debtors in an effort to secure payment of debts.").
>
> Thus, if Defendants meet the statutory definition of "debt collector," they can be covered by all sections of the Act, not just § 1692f(6), regardless of whether they also enforce security interests.

*Wilson*, 443 F.3d at 378 (emphasis in original).

The Court then directed that on remand the consumer be permitted to prove that the defendants

met that § 1692a(6) statutory definition quoted above "by demonstrating that they 'regularly

collect[] or attempt[] to collect, directly or indirectly, debts owed or due or asserted to be owed

or due another" (443 F.3d at 379), precisely as Mr. Goodrow has now alleged with evidentiary detail that Defendants have done here.

The Fourth Circuit's ruling could not be clearer in rejecting Defendants' current contention:

> Defendants' argument, if accepted, would create an enormous loophole in the Act immunizing any debt from coverage if that debt happened to be secured by a real property interest and foreclosure proceedings were used to collect the debt. We see no reason to make an exception to the Act when the debt collector uses foreclosure instead of other methods.

443 F.3d at 376.

Included among the cases illustrating this conclusion and confirming the distinction between debt collection and foreclosure – as well as the overlap when the defendant combines the two functions – are the cases that Defendants cite to this Court, without further inspection, purportedly to support their argument here: *Horvath v. Bank of New York, N.A.*, No. 1:09CV01129, 2010 WL 538039 (E.D.Va. Jan. 29, 2010); *Scott v. Wells Fargo Home Mortgage, Inc.*, 326 F. Supp. 2d 709 (E.D.Va. 2003); *Moore v. Commw. Trustees, LLC*, No. 3:09CV731, 2010 WL 4272984 (E.D.Va. Oct. 25, 2010); and *Blagogee v. Equity Trustees, LLC*, No. 1:10CV13, 2010 WL 2933963 (E.D.Va. July 26, 2010).  Each of these cases is notable by the absence of any evidence that the foreclosing defendants demanded money from the consumers who owned the homes on which they were foreclosing. These cases accordingly do not and cannot support Defendants and instead are entirely consistent with rule announced in *Wilson* that is applicable here.

Another authority which Defendants cite, *Heinemann v. Jim Walter Homes, Inc.*, 47 F. Supp. 2d 716, 722 (N.D.W.Va. 1998), *aff'd*, 173 F.3d 850 (4th Cir. 1999) (unpublished table decision), was highlighted in *Wilson* as one of two cases on which the defendants there relied to

9

support their position.  However, the Fourth Circuit explicitly rejected any such reliance and

dismissed *Heinemann* with a statement that eliminates any assistance that it might provide to

Defendants here or to anyone else: "We disagree."  443 F.3d at 377.

The only other case cited by Defendants to support their argument is *Ruggia v.

Washington Mut.*, 719 F. Supp. 2d 642 (E.D.Va. 2010).  While other claims were asserted there

against the foreclosure trustee, the lone defendant named in the FDCPA Count was the mortgage

holder Washington Mutual/JP Morgan Chase.  Accordingly, the only holding or even discussion

in *Ruggia* regarding coverage under the FDCPA was to confirm the bank's unremarkable status

as an exempt creditor, an unrelated issue that has no bearing whatsoever on the question

presented here.  719 F. Supp. 2d at 647-48; *see also Wilson*, 443 F.3d at 379 n.2.[2]

Thus, the cases cited by Defendants provide no assistance to them.  More important, the

*Wilson* opinion is squarely on point and of course is in this jurisdiction binding precedent that

commands conformity.  *T-Mobile Northeast LLC v. Fairfax County Bd. of Sup'rs*, __ F. Supp. 2d

___, ___, 2010 WL 5300826, at *10 (E.D.Va. Dec. 17, 2010) ("The Fourth Circuit's standard

described above is binding precedent, as it has not been overturned, abrogated, superseded, or

otherwise rejected").  Nevertheless, it is noteworthy that all extant federal Circuit Court

precedents are uniform in holding, as *Wilson,* that a person who only enforces security interests

in property is subject to § 1692f(6) alone and that a person who both collects debts and enforces

security interests is subject to the entirety of the FDCPA.  This jurisprudence applies to both

foreclosure attorneys (*Kaltenbach v. Richards*, 464 F.3d 524 (5th Cir. 2006) (foreclosure

attorney alleged to meet the general definition of a "debt collector" subject to all requirements of

---

[2] Creditors and their pre-default assignees are categorically exempt from FDCPA coverage.  *See e.g.  Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) ("a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned").

FDCPA); and *Piper v. Portnoff Law Assoc's, Ltd.*, 396 F.3d 227 (3d Cir. 2005) (communications from attorneys who demanded payment on delinquent water bill in the context of an in rem proceeding to enforce the resulting property lien were debt collection efforts subject to the FDCPA)) as well as others engaged in similar pursuits, such as eviction attorneys who also demand back rent (*Romea v. Heiberger & Assocs.*, 163 F.3d 111 (2d Cir. 1998) (eviction attorneys who gave tenant statutory three-day rent demand notice were debt collectors subject to the FDCPA)) and repossession companies.  *Montgomery v. Huntington Bank*, 346 F.3d 693, 699-700 (6th Cir. 2003) (repossession agency that was not otherwise a debt collector collecting money was subject only to § 1692f(6)).

Defendants raise two other insubstantial points to support their untenable position.  First, they invoke the exemption from the definition of a "debt collector" in § 1692a(6)(F)(i) for a defendant whose conduct "is incidental to a bona fide fiduciary obligation."  (Defs' Mem. 4). However, that argument was specifically considered and conclusively rejected by the Fourth Circuit in *Wilson*: "Thus, Defendants cannot benefit from § 1692a(6)(F)(i)'s exception to the definition of 'debt collector' merely because they were trustees foreclosing on a property pursuant to a deed of trust."  443 F.3d at 378.

Second, Defendants expand the theme set in their initial recitation of the facts where they simply ignored the allegations of their specific collection efforts here by actually contradicting in their legal argument the facts alleged in the First Amended Complaint.  Defendants claim that their activities here "fundamentally differ from the 'debt collecting' communications in *Wilson*," stating that here their communications, "while containing FDCPA disclaimers, did not contain any express demand for payment, any specific amount owed, any party to whom the debt was owed, any procedure for validating the debt, nor did they specify to whom payment on the debt

11

could or should be made." (Defs' Mem. 5). To the contrary, as summarized above and detailed in the First Amended Complaint, Defendants here are alleged to have engaged in the precise collection activities that they now deny that they did in this quoted language from their legal memorandum. The types of collection activities alleged here are virtually identical to those in *Wilson*. Indeed, the following collection activity that *Wilson* recounted as evidence that, if true, established that the defendants there met the FDCPA definition of debt collectors is exactly what transpired here:

> By sending a letter seeking payment of an amount to "reinstate the above account" and directing Wilson to pay that amount by cashiers check, Defendants sought to collect an "obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes."

*Wilson*, 443 F.3d at 377.

### B. The First Amended Complaint States In Any Event A § 1692f(6) Claim Against Defendants For Foreclosing Without A "Present Right Of Possession"

Mr. Goodrow also has alleged that "Defendants moreover use one or more instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests." (First Am. Compl. ¶ 6). The allegations then describe Defendants' campaign to foreclose on Mr. Goodrow's home, and Count III (¶¶ 77-84) states the specific manner in which Defendants unlawfully threatened to take, and indeed took, nonjudicial action to effect dispossession of the secured property when they knew that they had no present right to possession of the property, as explicitly prohibited by § 1692f(6)(A), because of their unauthorized and invalid appointment as substitute trustee. Defendants now disregard these claims, other than in their deficient statement of the facts where they acknowledge and summarize their foreclosure efforts in their attempt to deflect attention from their debt collection activities.

In accordance with the third sentence of § 1692a(6), as stated above, § 1692f(6) "applies to those whose <u>only</u> role in the debt collection process is the enforcement of a security interest." *Wilson*, 443 F.3d at 378 (emphasis in original).  Thus, even if Defendants were not acting as debt collectors and therefore were not subject to the entirety of the FDCPA, the First Amended Complaint would still state a claim for this single violation since Mr. Goodrow has alleged that Defendants engage in a "business the principal purpose of which is the enforcement of security interests."  A defendant acting to retake secured property without authorization to proceed from the secured party is one straightforward example of "action to effect dispossession" without a "present right of possession" in violation of § 1692f(6)(A).  *See Robertson v. Horton Bros. Recovery, Inc.*, No. 02-1656, 2005 WL 736681, at *2-3 (D.Del. Mar. 31, 2005) (denying defendant summary judgment on § 1692f(6)(A) claim based on the consumer's evidence that the secured party previously had withdrawn its authorization to seize the secured property).  Defendants' silence in this regard is in any event an effective concession of the point.

**C.     The FDCPA Violations Newly Specified In The First Amended Complaint Are All Timely Since They Relate Back To The Filing Of The Original Complaint**

The FDCPA contains the following one year statute of limitations:

> An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

15 U.S.C.A. § 1692k(d).

The First Amended Complaint alleges the following FDCPA violations that occurred within the year prior to the filing of this action:

1) Defendants violated 15 U.S.C. § 1692c(a)(2) by communicating with Mr. Goodrow in connection with the collection of the debt when they knew that he was represented by an attorney and knew the attorney's name and address;

2) Defendants violated 15 U.S.C. § 1692e by using the following false and deceptive representations and means to collect the debt:

    a. Unlawfully threatening to foreclose and foreclosing on Mr. Goodrow's home without authorization to do so from the secured party, in violation of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(9), and 1692e(10);

    b. Misrepresenting that Fannie Mae is an "affiliate" of First Horizon Home Loans, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10);

    c. Misrepresenting that First Horizon Home Loans is the holder of Mr. Goodrow's mortgage loan, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10);

    d. Misrepresenting that a non-in rem lawsuit against Mr. Goodrow personally, styled MetLife Home Loans a division of *MetLife Bank NA v. John K. Goodrow*, was pending, authorized, or threatened, when no such lawsuit was ever in fact filed, intended, or ever contemplated, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(9), and 1692e(10); and

3) Defendants violated 15 U.S.C. § 1692f(6)(A), as explained above, by unlawfully threatening to take and taking nonjudicial action to take possession of Mr. Goodrow's home without a present right to possession of the property because of their unauthorized and invalid appointment as substitute trustee.

Mr. Goodrow exercised his right pursuant to Fed.R.Civ.P. 15(a)(1)(B) to amend his complaint shortly "after service of a motion under Rule 12(b)…" These enumerated legal

violations were all encompassed within the original Complaint, and all of the operative facts

supporting these claims were stated in that pleading.  The First Amended Complaint now

provides additional explanation and evidentiary detail and identifies the statutory violations with

specificity.  The relief sought under the FDCPA and the named defendants remain unchanged.

Defendants now assert that claims that were not identified in the original Complaint are

per se time-barred because, as they correctly point out, "[t]here is no provision within the

FDCPA allowing relation back to the date of the original pleading when applying the one year

statute of limitations."  (Defs' Mem. 6).  However, that statement and Defendants' reliance on

Fed.R.Civ.P. 15(c)(1)(A) are of no consequence here, as Defendants fail to notice that the next

subparagraph, Fed.R.Civ.P. 15(c)(1)(B), addresses this situation and expressly states that in these

circumstances the First Amended Complaint relates back to the filing of the original Complaint:

(c) Relation Back of Amendments.

> (1) When an Amendment Relates Back. An amendment to a pleading relates back
> to the date of the original pleading when:

>> (A) the law that provides the applicable statute of limitations allows
>> relation back; [or]

>> (B) the amendment asserts a claim or defense that arose out of the
>> conduct, transaction, or occurrence set out – or attempted to be set out – in
>> the original pleading…

Since the conduct now alleged is the same as in the original Complaint – beginning with

Mr. Goodrow refinancing his home mortgage in 2005 and ending with the foreclosure sale in

2010 – and since the operative facts did not change, all claims asserted in the First Amended

Complaint relate back as they necessarily "arose out of the conduct, transaction, or occurrence

set out" in the original Complaint.  Defendants do not argue otherwise, nor could they.  *Compare*

*Perry v. American Airlines, Inc.*, 405 F. Supp. 2d 700, 704 (E.D.Va. 2005) (stating the limitation

to the rule of relation back where the amended complaint "alleges new causes of action arising

'out of wholly different conduct' from that alleged in the original complaint.") (citation omitted).

If Defendants were to re-cast their current position to even try to present a facially applicable

argument under Fed.R.Civ.P. 15(c)(1)(B), they would meet the same fate as the debt collector

whose position was rejected in *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926 (9th Cir. 2007):

> Guerrero's original and first amended complaints alleged violations of the [FDCPA] and Hawaii consumer protection law. While the amended complaint added the specific facts involving the June 14 letter, and was more specific than the original in identifying provisions of the [FDCPA], the claims it asserted arose out of the same conduct, transaction, or occurrence the district court identified; namely, RJM's attempt to collect a debt from Guerrero….The district court concluded correctly that Guerrero's amended complaint related back to the original.

499 F.3d at 933.

### D.   Defendants Violated The FDCPA By Communicating Directly With Mr. Goodrow When They Knew He Was Represented By Counsel

Defendants state that they could not have violated § 1692c(a)(2)'s prohibition against

communicating directly with a consumer who is known to be represented by an attorney when

they sent Mr. Goodrow their January 11, 2010 correspondence, attached as Exhibit J to the First

Amended Complaint, because they contend "this communication is not an attempt to collect a

debt" and instead is merely a state-mandated notice that they were required to send to him.

(Defs' Mem. 4-5).  Defendants are incorrect both as a mater of fact and law.

Section 1692c(a)(2) states in full as follows:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt--
>
> ****
>
> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a

communication from the debt collector or unless the attorney consents to direct communication with the consumer…[3]

Virginia law cited by Defendants states in relevant part as follows:

[T]he trustee or the party secured shall give written notice of the time, date and place of any proposed sale in execution of a deed of trust, which notice shall include either (i) the instrument number or deed book and page numbers of the instrument of appointment filed pursuant to § 55-59, or (ii) said notice shall include a copy of the executed and notarized appointment of substitute trustee by personal delivery or by mail to (i) the present owner of the property to be sold at his last known address as such owner and address appear in the records of the party secured….

Va. Code Ann. § 55-59.1(A).

The argument that Defendants posit does not fit this case. The attachments to the Exhibit J letter may or may not comply with Va. Code Ann. § 55-59.1(A)'s notice of sale disclosure requirements. However, the letter sent with those attachments is not the state-mandated notice, does not purport to be that notice, and instead is just another example of Defendants' use of the pressure of the foreclosure process as an opportunity to collect the underlying debt from Mr. Goodrow.

Using the guise of presenting its attached notice of sale disclosures, the Exhibit J cover letter is nothing other than a debt collection dun. It informs Mr. Goodrow that his home will be sold "unless the entire balance of the Note (including all principal, interest and lawful charges) is paid in full before the date of the sale referenced in the attached Notice" and advises him to "contact the undersigned immediately" "[s]hould you desire to avoid the necessity of a foreclosure sale and satisfy your obligation." In addition, this dunning letter is the vehicle that Defendants used to threaten Mr. Goodrow with filing a lawsuit against him that is unrelated to the on-going non-judicial foreclosure proceedings.

---

[3] Each of the conditions triggering the § 1692c(a)(2) violation are alleged in the First Amended Complaint. *See* ¶¶ 48-61.

Defendants' instant argument is a circular construct that fails upon inspection of its own illogic.  Defendants' initial proposition that they were only foreclosing on Mr. Goodrow's home and not collecting the debt is debunked under the *Wilson* precedent by reviewing their correspondence to Mr. Goodrow attempting to collect the debt, including specifically the Exhibit J letter.  If Defendants were correct that they were not acting as covered debt collectors here, then of course Mr. Goodrow would have no § 1692c(a)(2) claim in any event since Defendants would be subject only to § 1692f(6)(A).  Now faced with their unlawful direct communication with a represented consumer providing him yet another opportunity to "satisfy [his] obligation," they have no basis to claim as they now do that this dun "is not an attempt to collect a debt."

Though a secondary point in view of this core fallacy of Defendants' argument, § 1692c(a)(2) does not apply, as Defendants state, simply where a debt collector's communication is "an attempt to collect a debt."  Section 1692c(a) applies by its terms whenever debt collectors "communicate with a consumer <u>in connection with the collection of any debt</u>." (Emphasis added).  Though the two concepts no doubt often cover common ground, the "in connection with the collection of a debt" language casts a broader sweep than an actual collection attempt.  *See Gburek v. Litton Loan Serv'g, LP*, 614 F.3d 380, 384-86 (7th Cir. 2010) (initial letter to homeowner in default that "offered to discuss 'foreclosure alternatives' and asked for her financial information in order to initiate that process" and "did not explicitly ask for payment" was nevertheless "a communication in connection with the collection of a debt").

Finally, the fact that the January 11, 2010 letter is not the required state notice of sale renders moot Defendants' argument that they are free to send a state-mandated disclosure directly to Mr. Goodrow notwithstanding § 1692c(a)(2).  Nevertheless, it must be noted that Defendants' claim that "[t]here is no provision…in the FDCPA that would relieve a foreclosure

trustee" from complying with a state law's directive to send a notice to a represented consumer (Defs' Mem. 5) is false.

Defendants' proposition that the state may compel a debt collector to violate § 1692c(a)(2) is untenable, as held in *Johnson v. Statewide Collections, Inc.*, 778 P.2d 93, 102-03 (Wyo. 1989) (rejecting check collector's defense to § 1692c(a)(2) violation based on state law "requiring notice directly to the drawer of dishonored check").  As the Fourth Circuit has stated, such incompatible state rules cannot be used to frustrate contrary federal policy:

> When the federal government acts within the scope of its authority, federal law preempts inconsistent state law.  To determine whether preemption exists, courts look to congressional intent.  Preemption is compelled whether Congress' command is explicitly stated in the statute's language or implicitly contained in its structure and purpose.

*National City Bank of Indiana  v. Turnbaugh*, 463 F.3d 325, 330 (4th Cir. 2006) (citations, internal quotes, and footnote omitted)

Indeed, Congress specifically preempted this type of claim in § 1692n of the FDCPA, which states in full as follows:

> This subchapter does not annul, alter, or effect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to debt collection practices, except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of inconsistency. For purpose of this section, a State law is not inconsistent with this subchapter if the protection such law affords any consumer is greater than the protection provided by this subchapter.

Accordingly, the Second Circuit in *Romea v. Heiberger & Assoc's*, *supra*, held that a three-day rent demand notice required by state law as a condition precedent to a tenant eviction proceeding was trumped by the FDCPA's thirty-day validation provision when applied to a debt collector eviction lawyer.  163 F.3d at 118-19.  Similarly, in *Cappetta v. GC Serv. Ltd. P'ship*, 654 F. Supp. 2d 453, 463-64 (E.D.Va. 2009), this Court held that the use of the Virginia Voluntary Payment Doctrine as a defense to an FDCPA claim was preempted by the FDCPA as

well as barred by the *Erie* Doctrine established in *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 79,

(1938).  Nevertheless, resolution of this issue is an academic exercise once Defendants' claim

that the January 11, 2010 letter is nothing more than the required state notice of sale is exposed.

**E.     Defendants' Misrepresentation That Fannie Mae Is An "Affiliate" Of First Horizon Is A False And Deceptive Statement Prohibited By § 1692e**

Among the remaining FDCPA violations alleged, Defendants have chosen to dispute only

the claim that Defendants violated § 1692e, including §§ 1692e(2)(A) and 1692e(10), by

misrepresenting that Fannie Mae is an "affiliate" of First Horizon Home Loans, a Division of

First Tennessee Bank National Association.  (First Am. Compl. ¶¶ 62-65, 74-75; Ex. K, at 4.

Section 1692e states broadly that a "debt collector may not use any false, deceptive, or

misleading representation or means in connection with the collection of any debt."  Paragraphs

63 and 64 of the First Amended Complaint allege clearly that "Fannie Mae is not an affiliate of

First Horizon Home Loans" and that Defendants' statement to the contrary "is false."  It is

axiomatic that "[i]n considering a motion to dismiss for failure to state a claim, a plaintiff's well-

pleaded allegations are taken as true," as this Court stated in *Engel v. Francis*, 2011 WL 797244,

at *1.  Thus, Mr. Goodrow unquestionably has stated a claim for relief based on the presumed

accuracy of the allegation that this statement is false and the inescapable conclusion that

Defendants thus violated the plain language of § 1692e.

The usage and placement of this misrepresentation as a formal recitation in the Trustee's

Deed help define the meaning of the term and provide context in which the misrepresentation

that Fannie Mae is an "affiliate" of First Horizon can be evaluated:

> The term "affiliate" carries its own, independent legal significance.  Affiliate refers to a corporation that is related to another corporation by shareholdings or other means of control. The plain and ordinary meaning of "affiliate" supports this definition as a company effectively controlled by another or associated with others under common ownership or control.

*Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009) (citations and quotations omitted).

A common dictionary definition of "affiliate" is the same, defining the noun "affiliate" as "a branch organization," "a business concern owned or controlled in whole or in part by another concern," and "a subsidiary." Webster's New Universal Unabridged Dictionary, 33 (1996).

Mr. Goodrow has more than met his burden "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Engel v. Francis*, 2011 WL 797244, at *1 (citation, quotation, and ellipsis omitted). Furthermore, the possibility that Fannie Mae is in fact an "affiliate" of First Horizon is highly unlikely in light of Fannie Mae's publicly-known status and role as a congressionally chartered corporation, and thus Mr. Goodrow has met his additional burden to state a claim that is "plausible on its face." *Id.* (citation and quotation omitted). Defendants take exception to none of these principles or their application here.

Instead, Defendants' basis for challenging this claim is because "[t]he word 'affiliate', as used in the Trustee's Deed, merely notes that there is a relationship between the two parties and does not purport to specify the exact nature of the relationship." (Defs' Mem. 7). Apparently, Defendants are attempting to misuse their motion to dismiss as a device to test the sufficiency of the First Amended Complaint and the truth of Mr. Goodrow's allegations. Even Defendants' simple linchpin assertion that "there is a relationship between the two parties" – Fannie Mae and First Horizon Home Loans – is an incompetent factual representation that that may not be considered at this stage of the proceedings. *Gasner v. County of Dinwiddie*, 162 F.R.D. 280, 281 (E.D.Va. 1995) ("A Rule 12(b)(6) motion to dismiss for failure to state a claim does not permit the Court to look outside the complaint"). Defendants' challenge therefore must fail.

21

Nevertheless, Mr. Goodrow will respond to what appears to be the gravamen of Defendants' challenge: assuming the truth of the unsupported fact that there is some sort of relationship between Fannie Mae and First Horizon Home Loans, Defendants apparently believe that the Trustee Deed's failure "to specify the exact nature of the relationship" prevents the representation that Fannie Mae is First Horizon's "affiliate" from being false or deceptive under the FDCPA.  In fact, this suggestion of uncertainty is itself one reason that the alleged misrepresentation is a violation.

Falsity and deception under § 1692e are tested by the "least sophisticated consumer" standard.  *United States v. Nat'l Financial Servs, Inc.*, 98 F.3d 131, 135-36 (4th Cir. 1996).  "The test is the capacity...to mislead; evidence of actual deception is unnecessary." *Id.* at 139.  The adoption of the least sophisticated consumer standard built on precedent under the Federal Trade Commission (FTC) Act.  *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 778 (9th Cir. 1982); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172-75 (11th Cir. 1985).  The Second Circuit has explained the purpose and provenance of this standard:

> The basic purpose of the least-sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law. More than fifty years ago, the Supreme Court noted that, the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced. There is no duty resting upon a citizen to suspect the honesty of those with whom he transacts business.  Laws are made to protect the trusting as well as the suspicious.

*Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1983) (quoting *Federal Trade Comm'n v. Standard Educ. Soc'y*, 302 U.S. 112, (1937))

Federal courts have developed "as a useful tool in analyzing the 'least-sophisticated-consumer' test" for a § 1692e violation the "'more than one reasonable interpretation' standard."

*Kistner v. Law Offices of Michael P. Margelefsky*, *LLC*, 518 F.3d 433, 441 (6th Cir. 2008).  This

test holds that a representation "is deceptive where it can be reasonably read to have two or more

different meanings, one of which is inaccurate."  *Brown v. Card Serv. Center*, 464 F.3d 450,

455 (3d Cir. 2006) (internal quote and citation omitted); *see also Russell v. Equifax A.R.S.*, 74

F.3d 30, 35 (2d Cir. 1996) (same).  Application of this "more than one reasonable interpretation"

test shows that Mr. Goodrow has stated a claim for Defendants' alleged misrepresentation that

Fannie Mae is an "affiliate" of First Horizon.

 The meaning of the noun "affiliate" might well be consistent with a dictionary definition

suggested by Defendants, that is, as someone who is "an associate."  Webster's New Universal

Unabridged Dictionary, *supra*.  Even assuming that one might reasonably interpret Defendants'

representation in the Trustee's Deed that Fannie Mae is an "affiliate" of First Horizon as simply

meaning that there is some undefined relationship or association between the two parties as

Defendants now suggest, there still can be no denying, particularly at this stage of the litigation,

that another reasonable interpretation of the representation is the one that Mr. Goodrow alleges is

false: that Fannie Mae and First Horizon are businesses that are owned or controlled in whole or

in part by the other or similarly associated under common ownership or control.  And if the

representation under that interpretation is in fact false, then Defendants can be found to have

violated § 1692e even if Defendants' suggested interpretation were true.

 The narrowness of Defendants' argument that the statement might be literally true

because the Trustee's Deed "does not purport to specify the exact nature of the relationship" only

serves to emphasize that Congress wrote § 1692e in the disjunctive to bar debt collectors from

using "any false" as well as any "deceptive or misleading representation or means."  If a literal

truth versus literal falsity inquiry were the sole measure of a § 1692e violation, then Congress's

inclusion of the additional language barring deceptive or misleading representations would be impermissibly superfluous.  *See, e.g., TRW Inc. v. Andrews*, 534 U.S. 19, 31, (2001).  The possible ambiguity and vagueness that Defendants identify is not a defense to a § 1692e violation but define it.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Amended Complaint must be denied.

Respectfully submitted,
**JOHN K. GOODROW**

_____/s/_____
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
lenbennett@cox.net

Dale W. Pittman, VSB#15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 Facsimile
dale@pittmanlawoffice.com

Kristi Cahoon Kelly, Esq., VSB #72791
J. Chapman Petersen, Esq., VSB # 37225
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030
(703) 277-9774
(703) 591-9285 Facsimile
kkelly@siplfirm.com

Matthew J. Erausquin, VSB#65434
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Rd, Suite 600
Alexandria, VA 22314
(703) 273-7770
(888) 892-3512 Facsimile
matt@clalegal.com

Susan M. Rotkis, VSB#40693
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
srotkis@clalegal.com

*Counsel for Plaintiff*

Richard John Rubin
1300 Canyon Road
Santa Fe, NM 87501
Telephone (505) 983-4418
Facsimile (505) 983-2050

*Of Counsel on brief*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of March, 2010, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system, which will then send a

notification of such filing (NEF) to the following:

    Andrew T. Rich, Esquire
    FRIEDMAN & MACFADYEN, P.A.
    Surry Building, Suite 125
    1601 Rolling Hills Drive
    Richmond, Virginia 23229
    trich@fmlaw.com

    Counsel for Defendants

                                            _____/s/_____
                                            Leonard A. Bennett, Esq.
                                            VSB #37523
                                            Attorney for Plaintiff
                                            CONSUMER LITIGATION ASSOCIATES, P.C.
                                            12515 Warwick Boulevard, Suite 100
                                            Newport News, Virginia 23606
                                            (757) 930-3660 - Telephone
                                            (757) 930-3662 – Facsimile
                                            lenbennett@cox.net