IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | | |
|---|---|---|
| John K. Goodrow, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No: 3:11-cv-00020-MHL |
| | : | (Consolidated) |
| Friedman & MacFadyen, P.A. and | : | |
| Johnie R. Muncy, | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS' DISCOVERY PLAN

Pursuant to Fed. R. Civ. P. 26, Defendants Friedman & MacFadyen, P.A. and Johnie R. Muncy, submit their Discovery Plan.[1]

1.    RULE 26(f) CONFERENCE: The parties, through counsel, held a Rule 26(f) conference by telephone on August 20, 2012.

2.    DISCOVERY DEADLINE: The parties shall complete discovery according to the following schedule:

  i.   Goodrow   – November 30, 2012
  ii.  Banks   – November 30, 2012
  iii. Buel   – December 31, 2012
  iv.  Chatter   – December 31, 2012
  v.   Crawley   – January 31, 2013

---

[1] Counsel for defendants and counsel for plaintiffs in these matters conferred to discuss a joint discovery plan as contemplated by Fed. R. Civ. P. 26(f) but were unable to agree to a plan. The principal disagreement concerned the advisability of consolidating these cases for any purpose other than their coordinated pre-trial management. Given the varied nature of the different plaintiffs' claims, plaintiffs' varied injury claims, the different laws that will control many of the claims, the defendants' different clients (and those clients' varying foreclosure and debt collection procedures), the likelihood of jurors confusing one case with another, and the prejudice attendant to the defendants with having the claim of one plaintiff heard by a jury considering the claims of an unrelated plaintiff, the defendants do not consent to all of these pending cases being heard in a single trial and do not consent to discovery in any one plaintiff's case operating to curtail permissible discovery in a different, unrelated case. No motion has yet been filed to consolidate the cases which further counsels against curtailing discovery in these cases until such a motion has been filed and properly briefed and argued.

     vi.  Sanmateo   – January 31, 2013
    vii.  Ceccone   – February 28, 2013
  viii.  Mbundure – February 28, 2013
    ix.  McBeth– March 31, 2013

Discovery for each matter does not need to be conducted in phases.   Because the *Smith* and *Hicks* matters are the subject of pending motions to dismiss for want of jurisdiction and for change of venue to the District of Maryland, the Defendants propose to defer the commencement of discovery in those matters until resolution of those pending motions.

3.     INITIAL DISCLOSURES: The parties will exchange initial disclosures under Rule 26(a)(1) in accordance with the following schedule.

      i.    Goodrow   – 14 days from pre-trial conference (PTC)
     ii.    Banks   – 14 days from PTC
    iii.    Buel   – 14 days from PTC
    iv.    Chatter   – 14 days from PTC
     v.    Crawley   – 28 days from PTC
     vi.    Sanmateo   – 28 days from PTC
    vii.    Ceccone   – 28 days from PTC
  viii.    Mbundure – 28 days from PTC
    ix.    McBeth– 42 days from PTC

Because the *Smith* and *Hicks* matters are the subject of pending motions to dismiss for want of jurisdiction and for change of venue to the District of Maryland, the Defendants propose to defer initial disclosures until resolution of those pending motions for those cases.

4.     EXPERT DISCLOSURES: Expert discovery shall be conducted according to the following schedule:

| | |
|---|---|
| Plaintiff Disclosures: | 30 days from Initial Disclosures |
| Defendant Disclosures: | 60 days from Initial Disclosures |
| Plaintiffs' Rebuttal Disclosures: | 75 days from Initial Disclosures |

5.     PRESERVATION OF DISCOVERABLE INFORMATION: The parties understand the importance of preserving discoverable information. Both parties believe they have

taken reasonable steps to preserve all such information.

6. <u>ELECTRONICALLY STORED INFORMATION</u>: Electronically stored information may be produced in printed or hard copy form. However, the producing party shall maintain the electronically stored information in the format in which it exists at the time the request for discovery was made. Thereafter, any party may, at that party's expense, request the production of electronically stored information in its native format.

7. <u>CLAIMS OF PRIVILEGE & PROTECTION OF TRIAL MATERIAL</u>: The responding party to discovery shall provide a privilege log for all material for which a privilege is claimed. The log will set forth the bates number (if any) of the privileged document and include (1) the date of its creation; (2) its author(s); (3) its recipient(s); and (4) a brief general description of the document along with the basis for the privilege assertion. No party will be required to put on the privilege log documents that chronicle communications between the parties and their respective counsel made in relation to or in anticipation of this litigation if such documents were generated after the initiation of this action, unless they are independently relevant to the action. Inadvertent production of privileged material shall not be deemed a waiver of any privilege, and, if it is discovered that a party has produced privileged material, the receiving party shall promptly return the same.

8. <u>SERVING AND FILING PLEADINGS</u>: All pleadings, motions, and other papers that are filed are to be served electronically as provided by the Federal Rules of Civil Procedure and the Local Rules. In addition, the parties agree to serve by mail all discovery requests, written responses, and any other papers that are not filed with the Clerk of the Court. The serving party shall attach the pleading or paper in a "portable document format" (".pdf") or other form of electronic file. If transmissions of voluminous materials as an e-mail attachment are

impractical, then those materials shall be served by overnight delivery via a service with the ability to "track" deliveries and verify receipt.

9.     PROTECTIVE ORDER: In the event a protective order is deemed necessary, the parties shall work together to agree on a form and shall comply with the requirements of Virginia Dep't of State Police v. The Washington Post, 386 F.3d 567 (4th Cir. 2004) and Ashcraft v. Conoco, 218 F.3d 282 (4th Cir. 2000).

10.    MAGISTRATE JUDGE: The parties consent to a trial before a United States Magistrate Judge.

11.    SETTLEMENT: The parties have engaged in unsuccessful mediation efforts.

12.    DISCOVERY LIMITATIONS: Defendants do not propose any additional discovery limitations not already provided by the Federal Rules of Civil Procedure and the Local Civil Rules with the exception of the *Smith* and *Hicks* matters.  Those matters are the subject of pending motions to dismiss for want of jurisdiction and for change of venue to the District of Maryland where those cases arose and where the parties all reside.  Accordingly, Defendants propose to defer the commencement of discovery until resolution of those pending motions.

DATED:    August 27, 2012                    **Respectfully Submitted,**

                                             **FRIEDMAN & MACFADYEN, P.A.**
                                             **JOHNIE MUNCY**

                                             **By Counsel**


_____/s/_____
Douglas P. Rucker, Jr. (VSB # 12776)
Andrew Biondi (VSB # 48100)
Cullen D. Seltzer (VSB #35923)
SANDS ANDERSON PC
2300 Bank of America Center
1111 East Main Street (23219)
P. O. Box 1998
Richmond, VA 23218-1998
(804) 648-1636
(804) 783-7291 (facsimile)
Email:   drucker@sandsanderson.com
Email:   abiondi@sandsanderson.com
Email:   cseltzer@sandsanderson.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of August, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the following:

Dale W. Pittman, Esq.
The Law Office of Dale W. Pittman, P.C.
112-A W. Tabb Street
Petersburg, Virginia 23803
Telephone: 804-861-6000
Facsimile: 804-861-3368
dale@pittmanlawoffice.com
*Counsel for Plaintiff*

John C. Petersen, Esq.
Surovell Isaacs Petersen & Levy PLC
4010 University Drive
Suite 200
Fairfax, Virginia 22030
Telephone: 703-251-5400
Facsimile: 703-591-9285
jpetersen@smillaw.com
*Counsel for Plaintiff*

Kristi Cahoon Kelly, Esq.
Surovell Isaacs Peterson & Levy PLC
4010 University Drive
Suite 200
Fairfax, Virginia 22030
Telephone: 703-277-9774
Facsimile: 703-591-2149
kkelly@smillaw.com
*Counsel for Plaintiff*

Leonard Anthony Bennett, Esq.
Consumer Litigation Associates, P.C.
12515 Warwick Boulevard
Suite 100
Newport News, Virginia 23606
Telephone: 757-930-3660
Facsimile: 757-930-3662
lenbennett@cox.net
*Counsel for Plaintiff*

Matthew J. Erausquin, Esq.
Consumer Litigation Associates, P.C.
1800 Diagonal Road
Suite 600
Alexandria, Virginia   22314
Telephone:   703-273-6080
Facsimile:   888-892-3512
matt@clalegal.com
*Counsel for Plaintiff*

Richard J. Rubin, Esq.
1300 Canyon Road
Santa Fe, New Mexico   87501
Telephone:   505-983-4418
Facsimile:   505-983-2050
dickrubin@cs.com
*Counsel for Plaintiff*

            /s/
Douglas P. Rucker, Jr. (VSB # 12776)
Andrew Biondi (VSB # 48100)
Cullen D. Seltzer (VSB # 35923)
SANDS ANDERSON PC
2300 Bank of America Center
1111 East Main Street (23219)
P. O. Box 1998
Richmond, VA 23218-1998
(804) 648-1636
(804) 783-7291 (facsimile)
Email:   drucker@sandsanderson.com
Email:   abiondi@sandsanderson.com
Email:   cseltzer@sandsanderson.com
*Counsel for Defendants*