## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

ADAM MBUNDURE,

      Plaintiff,

v.                                 Civil Action No: 3:11-cv-489

FRIEDMAN & MACFADYEN, P.C., et al

      Defendants.

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
### FOR LEAVE TO FILE HIS FIRST AMENDED COMPLAINT

Plaintiff Adam Mbundure, by counsel and pursuant to Fed. R. Civ. P. 15(a), respectfully moves the Court for leave to file an amended complaint (hereafter "Amended Complaint").  Plaintiff submits this Memorandum in support of his Motion.  A copy of the proposed Amended Complaint is attached hereto as "Exhibit A."

### ARGUMENT

### I.    STANDARD FOR GRANTING LEAVE TO AMEND

Fed. R. Civ. P. 15(a) provides that "a party may amend its pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  As the Supreme Court of the United States has declared, "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In *Foman*, the Supreme Court listed factors that the district court should consider in deciding whether to grant leave to amend:

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded.  In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Id.* (citation omitted).

The Fourth Circuit has found that "[W]hile Foman's enumeration of factors cannot be thought exclusive, they do embody a principle which focuses on prejudice or futility or bad faith as the *only* legitimate concerns in denying leave to amend, since only these truly relate to protection of the judicial system or other litigants. *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) (emphasis added). Additionally, this Court has consistently decided similar issues in the spirit of Rule 15(a) and has applied it liberally. For example, this Court has held that, even in circumstances in which the Plaintiff's success on the claim appears unlikely – a scenario which Plaintiff does not concede applies in the instant situation – "the merits of the Plaintiff's claims should not be considered in determining whether to allow amendment unless the proposed amendment may *clearly* be seen to be futile because of substantive or procedural considerations. *Fletcher v. Tidewater Builder's Ass'n*, 216 F.R.D. 584, 588 (E.D. Va. 2003) (emphasis added).

## II.    PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND

Based on the factors set forth in *Foman* and *Davis* and in the interests of justice, Plaintiff should be granted leave to file his Amended Complaint.

### A.    The Defendant Would Not Suffer Unfair Prejudice

The Defendants would not be prejudiced if the Court were to permit the filing of the Amended Complaint. As one court has explained, "to show prejudice the party opposing the amendment of a complaint 'must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely.'" *Lundy v. Adamar of New Jersey, Inc.*, 34 F.3d 1173, 1189 n.8 (3d Cir. 1994) (quoting *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989). The Defendants will not suffer

prejudice as a result of Plaintiff being allowed to file an amended complaint because the case has just commenced since the stay has been lifted. No significant deadlines have passed in this case and neither party has served discovery. Regardless, the party opposing amendment bears the burden of showing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

**B.      The Amended Complaint Is Neither Futile Nor Sought After Undue Delay, and the Plaintiff Has Not Acted in Bad Faith.**

Plaintiff commenced this case with a Complaint pleading claims under the Fair Debt Collection Practices Act (or "FDCPA"), 15 U.S.C. § 1692, *et seq.* for the Defendants' misrepresentations to the Plaintiff during their attempt to collect a debt and for initiating foreclosure activities when they had no present right to possession of the property. Plaintiff's case was subsequently stayed for roughly eight months, pending mediation efforts between the parties. In fact, the parties only recently conducted an initial pretrial conference on September 4, 2012. This Court further ordered that the Plaintiff file any amended complaints by September 12, 2012. Therefore, Plaintiff now seeks to amend his Complaint to include additional claims pertaining to Defendants' violation of state and federal law during their attempted foreclosure of his property. Additionally, Plaintiff seeks to join F&M Services, L.C. in this action for its involvement in the misrepresentations to the Plaintiff, the courts, and consumers in the Commonwealth of Virginia.

This amendment is neither futile nor has there been any "undue" delay in that it was obtained by bad faith on the part of Plaintiff or with unfair prejudice to the Defendants. As explained previously, this case is in the early stages of litigation and Defendants will not be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence."

Accordingly, because Defendants would suffer no prejudice and Plaintiff has not acted in

bad faith or for a dilatory motive, Plaintiff respectfully requests that his Motion for Leave to File

His First Amended Complaint be granted.


Respectfully submitted,
**ADAM MBUNDURE**


By: _____/s/_____
Of Counsel

Matthew J. Erausquin, VSB#65434
Janelle E. Mason, VSB#82389
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Rd., Ste. 600
Alexandria, VA 22314
(703) 273-7770 - Telephone
(888) 892-3512 – Facsimile
matt@claleglal.com
janelle@clalegal.com

Dale W. Pittman, VSB#15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 Facsimile
dale@pittmanlawoffice.com

J. Chapman Petersen, Esq., VSB # 37225
Kristi Cahoon Kelly, Esq., VSB #72791
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030
(703) 277-9774
(703) 591-9285 Facsimile
jpetersen@smillaw.com
kkelly@siplfirm.com

Leonard A. Bennett, VSB #37523
Susan M. Rotkis, VSB#40693
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A

Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
lenbennett@cox.net
srotkis@clalegal.com

*Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of September, 2012, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the following:

Andrew Biondi
Sands Anderson, PC
1111 E. Main Street
Suite 2400
P.O. Box 1998
Richmond, VA 23219
abiondi@sandsanderson.com

Cullen Dennis Seltzer
Sands Anderson, PC
1111 E. Main Street
Suite 2400
P.O. Box 1998
Richmond, VA 23219
cseltzer@sbandsanderson.com

Douglas Pendleton Rucker, Jr.
1111 E. Main Street
Suite 2400
P.O. Box 1998
Richmond, VA 23219
drucker@sandsanderson.com

*Counsel for the Defendants*

＿＿＿＿＿＿＿＿＿/s/＿＿＿＿＿＿＿＿＿
Susan M. Rotkis, VSB#40693
*Attorney for the Plaintiff*
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
srotkis@clalegal.com