**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**JOHN K. GOODROW**,

    **Plaintiff,**

v.                                                   Civil Action No. 3:11-cv-020-MHL

**FRIEDMAN & MACFADYEN, P.A.,**
 et al.,

    **Defendants.**

___

**LETONYA BANKS**,

    **Plaintiff,**

v.                                                   Civil Action No. 3:11-cv-614-JRS

**FRIEDMAN & MACFADYEN, P.A.**,
et al.,

    **Defendants.**

___

**ALLEN CHATTER,**

    **Plaintiff,**

v.                                                   Civil Action No. 3:11-cv-613-JRS

**FRIEDMAN & MACFADYEN, P.A.,**
et al.,

    **Defendants.**

___

**LAUREL BUEL, et al.,**

    **Plaintiffs,**

v.                                                   Civil Action No. 3:11-cv-716-JRS

**FRIEDMAN & MACFADYEN, P.A.,**
et al.,

        **Defendants.**

---

**MICHELE McBETH**,

        **Plaintiff,**

v.                               **Civil Action No. 3:11-cv -479-JRS**

**FRIEDMAN & MACFADYEN, P.A.,**
et al.,

        **Defendants.**

---

**ADAM MBUNDURE**,
et al.,

        **Plaintiff,**

v.                               **Civil Action No. 3:11-cv-489-JRS**

**FRIEDMAN & MACFADYEN, P.A.,**

        **Defendants.**

---

**JAMES SAN MATEO**,
et al.,

        **Plaintiff,**

v.                               **Civil Action No. 3:11-CV-840-JRS**

**FRIEDMAN & MACFADYEN, P.A.,**

        **Defendants.**

---

<u>**PLAINTIFFS' MEMORANDUM IN
SUPPORT OF MOTION TO CONSOLIDATE**</u>

      Plaintiffs in each of the above-styled cases move the court under Federal Rules of Civil Procedure 42(a) for entry of an order consolidating these cases for the purposes of (1) pre-trial management and discovery and/or (2) for all other purposes, including trial, and (3) order that

the Consolidated Complaint be filed as the operative complaint. The Plaintiffs each state the same or similar causes of action against common defendants, Friedman & MacFayden, P.A., F&M Services, and Johnny Muncy. All Plaintiffs desire that the cases should proceed in litigation jointly because it will serve the interest of judicial economy, it will avoid the risk of inconsistent adjudications, reduce the burden and cost to the parties, witnesses and the judicial system. The motion for consolidation also meets the requirements of Rule 42(a) because it involves common questions of law and fact, as well as the same three defendants who all operate in concert.

## Background

On November 22, 2011, the Court entered an order consolidating the above-styled cases (and other cases)[1] for the purpose of pre-trial management and mediation. The parties engaged in mediation over the course of several months under the supervision of Hon. Dennis W. Dohnal, United States Magistrate Judge, retired. On September 10, 2012, the Court entered an Order that has the effect of resuming the active litigation in this case. (Docket No. 50). The cases remain consolidated at this time. As a result of the Order of September 10, 2012, the Plaintiffs in each one of the above-styled actions either filed an Amended Complaint as a matter of course (*Chatter* and *Banks*) or a Motion for Leave to File and Amended Complaint, as the case may be. The Plaintiffs respectfully request that the consolidation order previously entered in this case remain operative, that the court consolidate these cases for all purposes including trial, and enter an order deeming the Consolidated Complaint to be the operative complaint in this case. (Ex. A).

---

[1] Several of the originally consolidated cases were settled individually pursuant to the mediation process.

Counsel in this case also represent a number of additional Plaintiffs, all with the same or similar claims against the same Defendants Friedman & MacFayden, F&M, and Johnny Muncy. Plaintiffs in those yet-unfiled actions intend to do so under Rule 20 as a single claim. If the consolidation requested in this case is granted, Plaintiffs in the new case will request consolidation with the above-styled cases.

## Standard of Review

Under Fed. R. Civ. P. 42(a)(2), a court may order consolidation of cases where they involve a common question of law or fact. In addition, it is within the court's discretion to join for a hearing or trial any or all the matters at issue, or enter any other order to avoid unnecessary cost or delay. Fed. R. Civ. P. 42(a)(1)&(3). In order to determine whether consolidation is proper, the court determines whether "the specific risk of prejudice and possible confusion [resulting from consolidation are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned." *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982); *accord In re Microstrategy Inc. Sec. Litig.*, 110 F.Supp.2d 427, 431 (E.D.Va. 2000).

There is no requirement that there be identity of all claims, facts, parties or legal questions, only that there is one common question of law or fact, that consolidation will serve the purpose of judicial economy, and that the risk of unfair prejudice and confusion is outweighed by the risk of inconsistent outcomes. *See Huff v. S.W. Reg'l Jail Auth.*, Civ. No. 1:08cv41, 2009 WL 94625, at *1 (W.D. Va. Jan. 14, 2009)(discussing civil rights cases on Rule 42 consolidation).

The overarching factual and legal issues are the same in each case herein. However, facts that tend to differ among these cases are either not elements of the claims and defenses, such as the dates Defendants took certain actions and locations of the *rem* in question. Other facts, such as a difference in the amount and type of damages or the identity of the noteholders, may present issues that must be independently determined, but are not a barrier to consolidation. It is well-settled that differences in damages is not an impediment to consolidation or joinder. *In re Orbital Sciences Corp. Sec. Litig.*, 188 F.R.D. 237, 239 (E.D.Va. 1999).

**Argument**

The Amended Complaints all allege that Defendants have proceeded to foreclose against homeowners with a singularity of purpose and scheme that harms consumers by attempting to collect purported debts and foreclosing in contravention of the laws of the United States and the Commonwealth.

**1.    There are common questions of law and fact.**

In each case, there are the same three Defendants: Friedman & MacFayden, P.A., an association of lawyers who are nominally organized as a law firm but actually operate as a debt collector and foreclosure mill. Johnny Muncy is one of those debt collector lawyers who is a named defendant because his firm appointed him to be a foreclosure trustee in most of these cases. F&M Services is organized solely to act as a foreclosure trustee, but it is really one and the same as Friedman & MacFayden, P.A., sharing the same location, employees, letterhead and even return address.

Each case alleges that in attempting to collect alleged debts and foreclose on the Plaintiffs' homes, the Defendants violated the rights of these consumers under multiple causes of action: the Fair Debt Collection Practices Act (FDCPA), Civil Conspiracy, the Racketeer

Influenced and Corrupt Organizations statute 18 U.S.C. §1961, et seq. (RICO), fraud and breach of specific fiduciary duties. Each Complaint alleges with specificity the relationship among all defendants and how together they accomplished their illegal debt collection and foreclosure scheme that is consistent and uniform as to all the Plaintiffs, as well as to the classes defined in each Complaint. Each Complaint also alleges certain facts and discrete causes of action that are specific to the individual plaintiffs.

In addition to the common facts that comprise the illegal scheme the Defendants use to collect purported debts and foreclose on consumers, the Amended Complaints contain class action claims. In *Chatter* and *Banks*, filed as a matter of course, all of the Plaintiffs are putative class members under the definitions contained in the class claims. While Rule 23 class actions, Rule 42 consolidation and Rule 20 joinder are different rules for a reason, these rules all favor streamlining cases where certain conditions are met in order to achieve efficiency in the litigation process, as long as it does not result in legal prejudice.

Only under Rule 23 must common questions of law or fact predominate, and in this case such questions of law and fact do predominate with respect to the class claims. Therefore, the commonality questions are subsumed by the class allegation. Where damages or facts may be very specific to a particular plaintiff, or in the case of fraud allegations that must be pled with particularity, consolidation is nonetheless proper because the causes of action all spring from the acts by the identical defendants in order to accomplish their debt collection and foreclosure scheme. For this reason, the Plaintiffs have provided a detailed, proposed Consolidated Complaint. In the proposed Consolidated Complaint, the Plaintiffs have alleged class action complaints under Rule 23, and also each cause of action that is an individual cause of action either because of the nature of the allegations or damages. The class and individual claims all

spring from the Defendants illegal debt collection and foreclosure scheme. Therefore, discovery and pre-trial management would be more efficiently handled by one trial judge as part of a single case. This consolidation, at a minimum, will prevent unnecessary duplication of discovery, depositions, and pretrial motions practice.

**2.  The risk of legal prejudice and/or jury confusion is *de minimus* and outweighed by the efficiencies gained through consolidation.**

In each one of these cases, the Plaintiffs allege that in the Defendants' practice of debt collection and foreclosing on homeowners, the Defendants violated several federal and state laws, all of which are significant, and several of which are complex. Aside from statutory and other damages with respect to the class claims, the only significant difference among the individual cases is that each plaintiff may have different actual damages. Despite this potential difference in damages, consolidation is nonetheless proper. Whether it is for the purpose of resuming discovery and other pretrial matters, or whether it includes a trial on one or all issues, these cases meet the requirements for consolidation under Rule 42.

While facts concerning actual damages are jury issues, the risk of confusion based on the amount of actual damages suffered by an individual plaintiff is not a concern that outweighs the judicial economy of consolidation. As this court explained in *In re Orbital Sciences Corp. Sec. Litig.*, 188 F.R.D. at 239, the "fact and amount of their damages may differ does not pose a disabling risk of prejudice or confusion because separate claims for payment could be processed if liability were found." If liability is found as against the defendants, the trial structure is capable of accommodating evidence of differing damages and proper jury instructions can cure potential confusion. *Id.*

As a practical matter, all but one case is currently assigned to the Hon. James R. Spencer in the Richmond Division. One case, *Goodrow v. Friedman & MacFayden, et al.*, is assigned to the Hon. M. Hannah Lauck. The *Goodrow* case is the first filed of the cases, but it was originally assigned to J. Spencer as well. This Court is well familiar with the overarching facts and legal issues presented in these cases and the soon-to-be filed cases against these same defendants. None of the cases has proceeded to a point where consolidation would cause a prejudicial delay.[2] *See In re Orbital Sciences Corp. Sec. Litig.* 188 F.R. D. at 239.

It is eminently practical that consolidation of discovery and pretrial proceedings, including time-consuming and expensive depositions, document production and motions practice, would be more efficient if done by consolidation. Judicial resources would be greatly conserved by obviating what would surely be repetitive motions practice, potential discovery disputes, and trials on the very same issues against the very same defendants. The conservation of resources, burden and costs would not only inure to the benefit to the court and the community, but also to the parties and witnesses.

## Conclusion

It is for these reasons that the Plaintiffs respectfully moves the court to consolidate these cases, order that the Consolidated Complaint be filed, and enter a joint scheduling order that will provide for the orderly pretrial management, discovery and a consolidated trial on the merits.

Respectfully submitted,



    /s/
Leonard A. Bennett, Esq.

---

[2] The reason these cases are still in the early stage of litigation is due to the stay entered at the parties' request in an attempt to mediate by consolidation, which did not result in global resolution.

VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
lenbennett@cox.net

Robin Ann Abbott
Consumer Litigation Associates, PC
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
E-mail: rabbottlaw@msn.com

Gary L. Abbott
Consumer Litigation Associates, PC
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Garyabbott9@msn.com

Susan Mary Rotkis
Consumer Litigation Associates, PC
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
E-mail: srotkis@clalegal.com

Dale Wood Pittman, VSB#15673
The Law Office of Dale W. Pittman, P.C.
112-A W. Tabb Street
Petersburg, VA 23803
Telephone: (804) 861-3368
Facsimile: (804) 861-3368
E-mail: dale@pittmanlawoffice.com

Kristi Cahoon Kelly, Esq., VSB #72791
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030

Telephone: (703) 277-9774
Facsimile: (703) 591-9285
E-mail: kkelly@siplfirm.com

John Chapman Petersen
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030
Telephone: (703) 277-9774
Facsimile: (703) 591-9285
E-mail: jpetersen@smillaw.com

Matthew James Erausquin, VSB # 65434
Janelle E. Mason, VSB #82389
Consumer Litigation Associates, P.C.
1800 Diagonal Road
Suite 600
Alexandria, VA 22314
Telephone: (703) 273-6080
Facsimile: (888) 892-3512
E-mail: matt@clalegal.com
      Janelle@clalegal.com

*Counsel for Plaintiffs*

### CERTIFICATE OF SERVICE

    I certify that on September 18, 2012, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing (NEF) to the following:

Andrew Biondi
Sands Anderson, PC
1111 E. Main Street
Suite 2400
P.O. Box 1998
Richmond, VA 23219
E-mail: abiondi@sandsanderson.com

Andrew Todd Rich
Friedman & MacFadyen, PC
1601 Rolling Hills Drive
Suite 125
Richmond VA 23229
E-mail: trich@fmlaw.com

10

Cullen Dennis Seltzer
Sands Anderson, PC
1111 E. Main Street
Suite 2400
P.O. Box 1998
Richmond, VA  23219
E-mail:  cseltzer@sandsanderson.com

Douglas Pendleton Rucker, Jr.
1111 E. Main Street
Suite 2400
P.O. Box 1998
Richmond, VA  23219
E-mail:  drucker@sandsanderson.com

*Counsel for Defendants*

                                    /s/
                Susan Mary Rotkis, VSB 40693
                Attorney for Plaintiff
                CONSUMER LITIGATION ASSOCIATES, P.C.
                763 J. Clyde Morris Boulevard, Suite 1-A
                Newport News, Virginia 23601