**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

John K. Goodrow,                          :

     Plaintiff,                          :

v.                                        :       Civil Action No: 3:11-cv-00020-MHL
                                  (Consolidated)
Friedman & MacFadyen, P.A. and            :
Johnie R. Muncy,
                                          :
     Defendants.

---

**MEMORANDUM IN SUPPORT OF DEFENDANTS'**
**MOTION TO STAY PLAINTIFFS' MOTION TO CONSOLIDATE**

The Defendants, by counsel, move the Court to stay all briefing, oral arguments, and rulings on the Plaintiffs' Motion to Consolidate (Docket 66) until after resolution of the Defendants' Rule 12(b)(6) Motions to Dismiss, soon pending in *Banks* and *Chatter*, and until after resolution of the Plaintiffs' Motions to Amend (Docket 57, 59, 61, 63) in *McBeth, Buel, Goodrow,* and *Mbundure,* for the reasons set forth below.

The Court has before it Plaintiffs' Motion to Consolidate, including a proposed Consolidated Class Complaint, which the Defendants oppose because it is uncertain whether the cases sought to be consolidated "involve a common question of law or fact," Fed. R. Civ. P. 42(a), such that consolidation is, for now, premature.

The Court has authority to grant this stay because "the power to stay proceedings 'is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Sevel v. AOL Time Warner, Inc.,* 232 F. Supp. 2d 615, 617 (E.D. Va. 2002) (Alexandria) (quoting *Landis v. N.*

*Am. Co.*, 299 U.S. 248, 254 (1936) ("How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.")).

The Plaintiffs have filed Amended Complaints in *Banks* and *Chatter*, which will soon be opposed by the Defendants' Rule 12(b)(6) Motions to Dismiss. The Plaintiffs have also filed Motions for Leave to File Amended Complaints, including proposed Amended Complaints, in *McBeth*, *Buel*, *Goodrow*, and *Mbundure*. Rulings on all these filings remain pending.

Plaintiffs' Motion to Consolidate, however, presumes that each Plaintiff's Motion to Amend will succeed, which Motions to Amend will soon be opposed by the Defendants. Further, Plaintiffs' Motion to Consolidate also presumes that each Plaintiff will survive the Defendants' Motions to Dismiss, soon pending, in the *Banks* and *Chatter* matters. The Motions to Dismiss will apply with equal force to the remaining Plaintiffs' proposed Amended Complaints, to the extent the proposed Amended Complaints plead identical claims and facts. Finally, Plaintiffs' Motion to Consolidate presumes that the Plaintiffs will survive not only the *Banks* and *Chatter* Motions to Dismiss, soon to be filed, but also any subsequent attacks on any Amended Complaints deemed filed by the Court.

The answers to these questions are unknowable because the *Banks* and *Chatter* Motions to Dismiss will not be ripe for this Court's ruling for nearly a month. Further, the Plaintiffs' Motions for Leave to Amend in *McBeth*, *Buel*, *Goodrow*, and *Mbundure* will not ripen until after resolution of the *Banks* and *Chatter* Motions to Dismiss. Until the Court rules on the *Banks* and *Chatter* Motions to Dismiss, and subsequently on the *McBeth*, *Buel*, *Goodrow*, and *Mbundure* Motions for Leave to Amend, the contours of the claims against the Defendants remain unknown. For example, the Plaintiffs assert fraud, breach of fiduciary duty, civil conspiracy, and civil RICO claims against the Defendants in *Banks* and *Chatter*, all of which are the subject of

2

the soon-to-be filed Motions to Dismiss. If the Defendants' Motions to Dismiss are granted, the Plaintiffs' remaining claims will differ greatly from those claims the Plaintiffs currently seek to set for trial. Consequently, without these dispositive rulings, briefing, argument, and ruling on the Plaintiffs' Motion to Consolidate at this time would waste time, energy, and judicial resources.

Therefore, the Court should hold in abeyance Plaintiff's Motion to Consolidate until such time as the Court has ruled upon the soon-to-be-filed *Banks* and *Chatter* Motions to Dismiss and has subsequently ruled upon the Plaintiffs' Motions for Leave to Amend in *McBeth*, *Buel*, *Goodrow*, and *Mbundure*, and all oppositions thereto, so that the parties and the Court will know which claims will proceed to trial for each Plaintiff before determining the propriety of consolidation for both pre-trial proceedings, discovery, and trial. Indeed, without identification of the claims for trial, this Court cannot determine the threshold issue for consolidation: whether the "actions before the court involve a common question of law or fact." Fed. R. Civ. P. 42(a).

In conclusion, for the foregoing reasons, the Defendants respectfully request that the Court stay all briefing, arguments, and rulings on the Plaintiffs' Motion to Consolidate until after the resolution of the *Banks* and *Chatter* Rule 12(b)(6) Motions to Dismiss and the Plaintiff's Motions for Leave to Amend in *McBeth*, *Buel*, *Goodrow*, and *Mbundure*; and for such other relief as the ends of justice may require.

DATED:   October 9, 2012

**Respectfully Submitted,**

**FRIEDMAN & MACFADYEN, P.A.**
**JOHNIE MUNCY**

**By Counsel**


_____/s/_____
Douglas P. Rucker, Jr. (VSB # 12776)
Andrew Biondi (VSB # 48100)
Cullen D. Seltzer (VSB #35923)
SANDS ANDERSON PC
2300 Bank of America Center
1111 East Main Street (23219)
P. O. Box 1998
Richmond, VA 23218-1998
(804) 648-1636
(804) 783-7291 (facsimile)
Email:  drucker@sandsanderson.com
Email:  abiondi@sandsanderson.com
Email:  cseltzer@sandsanderson.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of October, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the following:

Dale W. Pittman, Esq.
The Law Office of Dale W. Pittman, P.C.
112-A W. Tabb Street
Petersburg, Virginia 23803
Telephone: 804-861-6000
Facsimile: 804-861-3368
dale@pittmanlawoffice.com
*Counsel for Plaintiff*

John C. Petersen, Esq.
Surovell Isaacs Petersen & Levy PLC
4010 University Drive
Suite 200
Fairfax, Virginia 22030
Telephone: 703-251-5400
Facsimile: 703-591-9285
jpetersen@siplfirm.com
*Counsel for Plaintiff*

Kristi Cahoon Kelly, Esq.
Surovell Isaacs Peterson & Levy PLC
4010 University Drive
Suite 200
Fairfax, Virginia 22030
Telephone: 703-277-9774
Facsimile: 703-591-2149
kkelly@siplfirm.com
*Counsel for Plaintiff*

Leonard Anthony Bennett, Esq.
Consumer Litigation Associates, P.C.
12515 Warwick Boulevard
Suite 100
Newport News, Virginia 23606
Telephone: 757-930-3660
Facsimile: 757-930-3662
lenbennett@cox.net
*Counsel for Plaintiff*

Matthew J. Erausquin, Esq.
Consumer Litigation Associates, P.C.
1800 Diagonal Road
Suite 600
Alexandria, Virginia  22314
Telephone:  703-273-6080
Facsimile:  888-892-3512
matt@clalegal.com
*Counsel for Plaintiff*

Richard J. Rubin, Esq.
1300 Canyon Road
Santa Fe, New Mexico  87501
Telephone:  505-983-4418
Facsimile:  505-983-2050
dickrubin@cs.com
*Counsel for Plaintiff*


                                  /s/
                    _____
                    Douglas P. Rucker, Jr. (VSB # 12776)
                    Andrew Biondi (VSB # 48100)
                    Cullen D. Seltzer (VSB # 35923)
                    SANDS ANDERSON PC
                    2300 Bank of America Center
                    1111 East Main Street (23219)
                    P. O. Box 1998
                    Richmond, VA 23218-1998
                    (804) 648-1636
                    (804) 783-7291 (facsimile)
                    Email:  drucker@sandsanderson.com
                    Email:  abiondi@sandsanderson.com
                    Email:  cseltzer@sandsanderson.com
                    *Counsel for Defendants*