**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| **ALLEN CHATTER,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 3:11cv613** |
| **FRIEDMAN & MACFADYEN, P.A., et al.,** | |
| **Defendants.** | |

**DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES TO THE AMENDED COMPLAINT**

The defendants Friedman & MacFadyen, P.A. (the "Firm"), F&M Services, LC (the "Trustee Firm") and Johnie Muncy ("Mr. Muncy" and, together with the Firm and the Trustee Firm, "Defendants"), by counsel, as and for their Answer and Affirmative Defenses (the "Answer") to the amended complaint (the "Complaint") filed by the plaintiff Allen Chatter ("Plaintiff"), subject to and without waiving their motion to dismiss, state the following.

**A.
ANSWER**

Whenever in this Answer Defendants state that they are unable to either admit or deny an allegation, whether by reason of lack of knowledge and/or information or otherwise, such shall constitute a denial of such allegation and a demand for strict proof of it.

1.      Defendants deny the allegations of Paragraph 1 of the Complaint.

2.      The allegations of Paragraph 2 of the Complaint state legal conclusions to which no responses are required, and so Defendants neither admit nor deny such allegations.

3.      The allegations of Paragraph 3 of the Complaint state legal conclusions to which no responses are required, and so Defendants neither admit nor deny such allegations.

4.     The allegations of Paragraph 4 of the Complaint are admitted in part and denied in part.  The Firm is a law firm organized as a professional association doing business in Maryland and Virginia.  It is admitted that the Firm had a large creditors' rights practice, but it is a law firm, and its practice was not limited to collections.  It is admitted that it did maintain an office at the alleged Richmond address.  Any other allegation or inference made in Paragraph 4 of the Complaint is denied.

5.     In answer to the allegations of Paragraph 5 of the Complaint, Defendants admit that the Trustee Firm is a limited liability company with principal address as alleged, but denies that its principal purpose was the collection of debts; its primary purpose was to serve as a substitute trustee in the enforcement of secured interests in real estate.

6.     In answer to the allegations of Paragraph 6 of the Complaint, Defendants admit that Mr. Muncy is employed by the Firm, but they deny that he was a "purported" substitute trustee.

7.     Defendants deny the allegations of the first sentence of Paragraph 7 of the Complaint.  Defendants deny the allegations of the second sentence of Paragraph 7 of the Complaint.  Defendants deny all allegations of the third sentence of Paragraph 7 of the Complaint, except that Defendants admit that the Trustee Firm serves as substitute trustee for many of its servicer and lender clients.  Defendants admit the allegations of the fourth sentence of Paragraph 7 of the Complaint.

8.     Defendants admit the first sentence of Paragraph 8 of the Complaint.  Defendants are without sufficient information to either admit or deny the allegations of the second and third sentences of Paragraph 8 of the Complaint.

9.     Defendants deny the allegations of Paragraph 9 of the Complaint.

10.     Defendants deny the allegations of Paragraph 10 of the Complaint.

11.     Defendants deny the allegations of Paragraph 11 of the Complaint.

12.     Defendants deny the allegations of Paragraph 12 of the Complaint.

13.     Defendants admit the factual allegations of Paragraph 13 of the Complaint but deny the implication that this fact demonstrates the Firm and Trustee Firm form a "single business operation."

14.     Defendants admit the factual allegations of Paragraph 14 of the Complaint but deny the implication that this fact demonstrates the Firm and Trustee Firm form a "single business operation."

15.     Defendants deny the allegations of Paragraph 15 of the Complaint.

16.     Defendants admit in part and deny in part the allegations of Paragraph 16 of the Complaint.  They admit that they represent loan servicers in collection and foreclosure.  All other allegations and inferences not expressly admitted are denied.

17.     Defendants admit the allegations of Paragraph 17 of the Complaint.

18.     Defendants admit the allegations of Paragraph 18 of the Complaint.

19.     Defendants deny the allegations of Paragraph 19 of the Complaint.

20.     Defendants deny the allegations of Paragraph 20 of the Complaint.

21.     Defendants admit in part and deny in part the allegations of Paragraph 21 of the Complaint, admitting that in many instances, they draft substitution of trustee forms, but in other instances, their clients create or use their own forms.

22.     Defendants deny the allegations of Paragraph 22 of the Complaint.

23.     Defendants deny the allegations of Paragraph 23 of the Complaint.

24.     Defendants deny the allegations of Paragraph 24 of the Complaint.

25.     Defendants deny the allegations of Paragraph 25 of the Complaint.

26.     Defendants deny the allegations of Paragraph 26 of the Complaint.

27.     Defendants admit in part and deny in part the allegations of Paragraph 27 of the Complaint, admitting that some of the Firm's lawyers held one or more powers of attorney for some of the Firm's lender clients, empowering those lawyers to substitute trustees, but Defendants deny all other allegations and inferences contained in Paragraph 27 of the Complaint.

28.     Defendants deny the allegations of Paragraph 28 of the Complaint.

29.     Defendants are without sufficient information to either admit or deny the allegations of Paragraph 29 of the Complaint since Plaintiff neglected to attach any of the alleged documents to the Complaint.

30.     Defendants admit the allegations of Paragraph 30 of the Complaint.

31.     Defendants admit the allegations of Paragraph 31 of the Complaint.

32.     Defendants admit the allegations of Paragraph 32 of the Complaint.

33.     The allegations of Paragraph 33 of the Complaint state legal conclusions to which no responses are required, and so Defendants neither admit nor deny such allegations.

34.     Defendants deny the allegations of Paragraph 34 of the Complaint.

35.     Defendants deny the allegations of Paragraph 35 of the Complaint.

36.     Defendants deny the allegations of Paragraph 36 of the Complaint.

37.     Defendants deny the allegations of Paragraph 37 of the Complaint.

38.     Defendants admit the allegations of Paragraph 38 of the Complaint.

39.     Defendants admit the allegations of Paragraph 39 of the Complaint.

40.     Defendants admit the allegations of the first sentence of Paragraph 40 of the Complaint.  Defendants deny the allegations of the second sentence of Paragraph 40 of the Complaint.

41.     Defendants deny the allegations of Paragraph 41 of the Complaint.

42.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 42 of the Complaint.

43.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 43 of the Complaint.

44.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 44 of the Complaint.

45.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 45 of the Complaint.

46.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 46 of the Complaint.

47.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 47 of the Complaint.

48.     The allegations of Paragraph 48 of the Complaint state legal conclusions to which no responses are required, and so Defendants neither admit nor deny such allegations.

49.     The allegations of Paragraph 49 of the Complaint state legal conclusions to which no responses are required, and so Defendants neither admit nor deny such allegations.

50.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 50 of the Complaint.

51.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 51 of the Complaint.

52.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 52 of the Complaint.

53.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 53 of the Complaint.

54.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 54 of the Complaint.

55.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 55 of the Complaint.

56.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 56 of the Complaint.

57.    Defendants admit in part and deny in part the allegations of Paragraph 57 of the Complaint, admitting that some of the Firm's letters contain the alleged phrase in the "re" line, but Defendants deny all other allegations and inferences of Paragraph 57 of the Complaint.

58.    Defendants deny the allegations of the first sentence of Paragraph 58 of the Complaint.  Defendants admit the allegations of the second sentence of Paragraph 58 of the Complaint.

59.    Defendants admit in part and deny in part the allegations of Paragraph 59 of the Complaint.  Defendants admit that they sent letters to Plaintiff enclosing a Substitution of Trustee document dated July 22, 2010, filed in Fairfax County Circuit Court Clerk's Office on August 20, 2010, but Defendants deny having sent the letters and that document to the putative class.

60.     The allegations of Paragraph 60 of the Complaint recite language from a document which speaks for itself and state legal conclusions to which no responses are required, and so Defendants neither admit nor deny such allegations.

61.     Defendants admit the allegations of Paragraph 61 of the Complaint.

62.     Defendants deny the allegations of Paragraph 62 of the Complaint as alleged.

63.     The allegations of Paragraph 63 of the Complaint recite language from a document which speaks for itself and state legal conclusions to which no responses are required, and so Defendants neither admit nor deny such allegations.

64.     The allegations of Paragraph 64 of the Complaint recite language from a document which speaks for itself and state legal conclusions to which no responses are required, and so Defendants neither admit nor deny such allegations.

65.     The allegations of Paragraph 65 of the Complaint recite language from a document which speaks for itself and state legal conclusions to which no responses are required, and so Defendants neither admit nor deny such allegations.

66.     The allegations of Paragraph 66 of the Complaint recite language from a document which speaks for itself and state legal conclusions to which no responses are required, and so Defendants neither admit nor deny such allegations.

67.     The allegations of Paragraph 67 of the Complaint recite language from a document which speaks for itself and state legal conclusions to which no responses are required, and so Defendants neither admit nor deny such allegations.

68.     Defendants deny the allegations of Paragraph 68 of the Complaint.

69.     Defendants deny the allegations of Paragraph 69 of the Complaint.

70.     Defendants deny the allegations of Paragraph 70 of the Complaint.

71.     Defendants admit in part and deny in part the allegations of Paragraph 71 of the Complaint.  The Trustee Firm and Mr. Muncy were appointed substitute trustees and represented themselves as such; the Firm did not.

72.     Defendants deny the allegations of Paragraph 72 of the Complaint.

73.     The allegations of Paragraph 73 of the Complaint state legal conclusions to which no responses are required, and so Defendants neither admit nor deny such allegations.

74.     Defendants deny the allegations of the first sentence of Paragraph 74 of the Complaint.  In response to the second sentence of Paragraph 74 of the Complaint, Defendants admit that the Trustee Firm's employees were also employees of the Firm, but they deny that none of them were impartial substitute trustees.  All allegations and inferences of Paragraph 74 of the Complaint not expressly admitted are denied.

75.     In response to the allegations of Paragraph 75 of the Complaint, Defendants admit only that the excerpted language from the unrelated deposition testimony quoted in that paragraph is accurately transcribed, but Defendants deny all other allegations and inferences of Paragraph 75.

76.     Defendants deny the allegations of Paragraph 76 of the Complaint.

77.     In response to the allegations of Paragraph 77 of the Complaint, Defendants admit only that they are in possession of a copy of the Deed of Trust, but they deny all other factual allegations of Paragraph 77 and neither admit nor deny the stated legal conclusions regarding the VA regulations referred to.

78.     Defendants deny the allegations of Paragraph 78 of the Complaint.

79.     The allegations of Paragraph 79 of the Complaint recite language from a document which speaks for itself and state legal conclusions to which no responses are required, and so Defendants neither admit nor deny such allegations.

80.     Defendants deny the allegations of Paragraph 80 of the Complaint.

81.     Defendants deny the allegations of Paragraph 81 of the Complaint.

82.     Defendants deny the allegations of Paragraph 82 of the Complaint.

83.     Defendants are without sufficient information to either admit or deny the allegations of Paragraph 83 of the Complaint since Plaintiff neglected to attach relevant documents to the Complaint.

84.     In response to the allegations of Paragraph 84 of the Complaint, Defendants admit that the foreclosure sale occurred on September 1, 2010, but they deny that it "allegedly took place" (it actually took place); they further admit that the Trustee's Deed is dated September 1, 2010 on page 1 of that document and that the Trustee's Deed conveys the property to a Grantee (it does not purportedly do so, it actually did so); and they admit that this deed was filed as alleged.  All other allegations and inferences of Paragraph 84 of the Complaint not expressly admitted are denied.

85.     The allegations of the first sentence of Paragraph 85 of the Complaint recite language from a document which speaks for itself and state legal conclusions to which no responses are required, and so Defendants neither admit nor deny such allegations.  Defendants deny the allegations of the second sentence of Paragraph 85 of the Complaint.

86.     Defendants deny the allegations of Paragraph 86 of the Complaint.

87.     The allegations of Paragraph 87 of the Complaint refer to language from a document which speaks for itself and state legal conclusions to which no responses are required, and so Defendants neither admit nor deny such allegations.

88.     Defendants deny the allegations of Paragraph 88 of the Complaint.

89.     Defendants admit the allegations of Paragraph 89 of the Complaint.

90.     Defendants admit the allegations of Paragraph 90 of the Complaint.

91.     Defendants admit the allegations of Paragraph 91 of the Complaint.

92.     Defendants deny the allegations of Paragraph 92 of the Complaint.

93.     Defendants incorporate by this reference to them each of their responses made in the above paragraphs as their answer to Paragraph 93 of the Complaint.

94.     Defendants deny the allegations of Paragraph 94 of the Complaint.

95.     Defendants deny the allegations of Paragraph 95 of the Complaint.

96.     Defendants are without sufficient information to either admit or deny the allegations of Paragraph 96 of the Complaint since Plaintiff neglected to attach relevant documents to the Complaint.

97.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 97 of the Complaint.

98.     Defendants deny the allegations of Paragraph 98 of the Complaint.

99.     Defendants deny the allegations of Paragraph 99 of the Complaint.

100.    Defendants deny the allegations of Paragraph 100 of the Complaint.

101.    Defendants deny the allegations of Paragraph 101 of the Complaint.

102.    Defendants deny the allegations of Paragraph 102 of the Complaint.

103.    Defendants deny the allegations of Paragraph 103 of the Complaint, including those contained in both subsections (a) and (b).

104.    Defendants deny the allegations of Paragraph 104 of the Complaint.

105.    Defendants deny the allegations of Paragraph 105 of the Complaint.

106.    Defendants deny the allegations of Paragraph 106 of the Complaint.

107.    Defendants incorporate by this reference to them each of their responses made in the above paragraphs as their answer to Paragraph 107 of the Complaint.

108.    Defendants deny the allegations of Paragraph 108 of the Complaint.

109.    Defendants deny the allegations of Paragraph 109 of the Complaint.

110.    Defendants deny the allegations of Paragraph 110 of the Complaint.

111.    Defendants deny the allegations of Paragraph 111 of the Complaint.

112.    Defendants deny the allegations of Paragraph 112 of the Complaint.

113.    Defendants deny the allegations of Paragraph 113 of the Complaint.

114.    Defendants deny the allegations of Paragraph 114 of the Complaint.

115.    Defendants deny the allegations of Paragraph 115 of the Complaint.

116.    Defendants deny the allegations of Paragraph 116 of the Complaint.

117.    Defendants deny the allegations of Paragraph 117 of the Complaint.

118.    Defendants deny the allegations of Paragraph 118 of the Complaint.

119.    Defendants deny the allegations of Paragraph 119 of the Complaint.

120.    Defendants deny the allegations of Paragraph 120 of the Complaint.

121.    Defendants deny the allegations of Paragraph 121 of the Complaint.

122.    Defendants incorporate by this reference to them each of their responses made in the above paragraphs as their answer to Paragraph 122 of the Complaint.

123.    Defendants deny the allegations of Paragraph 123 of the Complaint.

124.    Defendants deny the allegations of Paragraph 124 of the Complaint.

125.    Defendants deny the allegations of Paragraph 125 of the Complaint.

126.    Defendants deny the allegations of Paragraph 126 of the Complaint.

127.    Defendants deny the allegations of Paragraph 127 of the Complaint.

128.    Defendants deny the allegations of Paragraph 128 of the Complaint.

129.    Defendants deny the allegations of Paragraph 129 of the Complaint.

130.    Defendants deny the allegations of Paragraph 130 of the Complaint.

131.    Defendants incorporate by this reference to them each of their responses made in the above paragraphs as their answer to Paragraph 131 of the Complaint.

132.    Defendants deny the allegations of Paragraph 132 of the Complaint.

133.    Defendants deny the allegations of Paragraph 133 of the Complaint.

134.    Defendants deny the allegations of Paragraph 134 of the Complaint.

135.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 135 of the Complaint.

136.    Defendants deny the allegations of Paragraph 136 of the Complaint.

137.    Defendants deny the allegations of Paragraph 137 of the Complaint.

138.    Defendants deny the allegations of Paragraph 138 of the Complaint.

139.    Defendants deny the allegations of Paragraph 139 of the Complaint.

140.    Defendants deny the allegations of Paragraph 140 of the Complaint.

141.    Defendants deny the allegations of Paragraph 141 of the Complaint.

142.    Defendants deny the allegations of Paragraph 142 of the Complaint, including those contained in both subsections (a) and (b).

143.    Defendants deny the allegations of Paragraph 143 of the Complaint.

144.    Defendants deny the allegations of Paragraph 144 of the Complaint.

145.    Defendants deny the allegations of Paragraph 145 of the Complaint.

146.    Defendants deny the allegations of Paragraph 146 of the Complaint.

147.    Defendants deny the allegations of Paragraph 147 of the Complaint.

148.    Defendants deny the allegations of Paragraph 148 of the Complaint.

149.    Defendants deny the allegations of Paragraph 149 of the Complaint.

150.    Defendants deny the allegations of Paragraph 150 of the Complaint.

151.    Defendants deny the allegations of Paragraph 151 of the Complaint.

152.    Defendants deny the allegations of Paragraph 152 of the Complaint.

153.    Defendants deny the allegations of Paragraph 153 of the Complaint.

154.    Defendants deny the allegations of Paragraph 154 of the Complaint.

155.    Defendants deny the allegations of Paragraph 155 of the Complaint.

156.    Defendants deny the allegations of Paragraph 156 of the Complaint.

157.    Any allegation of the Complaint not expressly admitted herein is denied.

158.    Defendants deny each and every allegation of the Complaint which they have not expressly admitted above and any allegation in the unnumbered paragraph following Paragraph 156 of the Complaint, and they deny all inferences that they active unlawfully, violated any statute, or are responsible for the relief demanded.

**B.**
**AFFIRMATIVE DEFENSES**

159.    Not all necessary parties are before the Court.

160.   Any alleged fiduciary duties owed by a substitute trustee are proscribed by the terms of the Deed of Trust, which were duly followed.

161.   Loan servicers owe the duty to fulfill prerequisites to referring a loan for foreclosure; the Defendants do not.  Nor do they owe a duty to check behind the actions of a lender or loan servicer.

162.   The subject property was sold at a foreclosure sale to high bidders and their assigns, so titling the property in the name of an assigned LLC was permissible.

163.   Plaintiff lacks standing to challenge the substitution of trustee, which was executed by an attorney-in-fact of the lender.

164.   The Complaint fails to state claims upon which relief can be granted.

165.   Many of the claims made in the Complaint are barred by the applicable statutes of limitations.

166.   Plaintiff's inclusion of allegations regarding objections raised by counsel for Defendants in another case cannot plausibly support a cause of action in this case and violates Fed. R. Civ. P. 11 as lacking any legal basis.

167.   Plaintiff failed to mitigate any damages which he may have suffered.

168.   At all relevant times, Defendants acted in good faith reliance on the information provided by the servicer and lender of the loan at issue.

169.   Defendants sent pre-foreclosure notices in accordance with the express terms of the subject deed of trust and note, as well as the instructions of the loan servicer and lender.

170.   Defendants were properly substituted as trustees on the deed of trust and had authority to take steps toward foreclosure and to foreclose, if so instructed.

171.    Defendants made no misrepresentation or misleading statement during the course of their communication with Plaintiff, and Plaintiff lacks justifiable reliance and proximate damages elements of the alleged fraud claim.

172.    Claims for civil conspiracy fail due to the intracorporate immunity doctrine and the rule that an attorney and his client are not considered separate persons capable of conspiring.

173.    The misrepresentations alleged by Plaintiffs in the Complaint are not material and, therefore, cannot support a claim for fraud.

174.    Plaintiff has suffered no actual damages.

175.    Plaintiff had no equity in the property and owed tens of thousands in federal tax liens.

176.    Plaintiff lacks standing to assert claims against these Defendants based on violations of Veterans Affairs regulations, which pertain to servicers and for which Defendants owe him no duty.

177.    The claims made on behalf of the putative class are not suitable for class action procedures as none of the prongs of the test are met, and no class should be certified.

178.    None of the elements of a RICO claim have been properly alleged, nor can they be met.

179.    Plaintiff's claims are barred by waiver and estoppel.

180.    Plaintiff's claims are barred by the Statute of Frauds.

181.    Plaintiff was in default of his Deed of Trust loan for non-payment with no means to bring it current or otherwise cure the default.

## C.
## <u>RESERVATION</u>

Defendants, by counsel, reserve the right to amend their Answer and Affirmative Defenses to add additional grounds as they may deem appropriate and/or as they may later become advised.

## D.
## <u>CONCLUSION</u>

WHEREFORE, Defendants request that this Court dismiss the Complaint and award such other and further relief as this Court deems just and proper.

Dated:  October 12, 2012                    Respectfully submitted,

                                            **FRIEDMAN & MACFADYEN, P.A.,**
                                            **F&M SERVICES, L.C., and**
                                            **JOHNIE R. MUNCY,**

                                            **By Counsel**


        _/s/_ Andrew Biondi
Douglas P. Rucker, Jr. (VSB No. 12776)
Andrew Biondi (VSB No. 48100)
Eric C. Howlett (VSB No. 82237)
SANDS ANDERSON PC
1111 East Main Street, Suite 2400 (23219)
Post Office Box 1998
Richmond, Virginia 23218-1998
Telephone: (804) 648-1636
Facsimile: (804) 783-7291
Email:  drucker@sandsanderson.com
Email:  abiondi@sandsanderson.com
Email:  ehowlett@sandsanderson.com
        *Counsel for Defendants*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 12th day of October, 2012, I served a true, complete, and accurate copy of the foregoing by email to the following:

Dale W. Pittman
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
112-A West Tabb Street
Petersburg, Virginia  23803
Telephone:  804-861-6000
Facsimile:  804-861-3368
dale@pittmanlawoffice.com

Kristi Cahoon Kelly
SUROVELL ISAACS PETERSON & LEVY PLC
4010 University Drive, Suite 200
Fairfax, Virginia  22030
Telephone:  703-277-9774
Facsimile:  703-591-2149
kkelly@smillaw.com

Matthew James Erausquin
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, Virginia  22314
Telephone:  703-273-6080
Facsimile:  888-892-3512
matt@clalegal.com
*Counsel for Plaintiff*

                                    _/s/_ Andrew Biondi
                                    Douglas P. Rucker, Jr. (VSB No. 12776)
                                    Andrew Biondi (VSB No. 48100)
                                    Eric C. Howlett (VSB No. 82237)
                                    SANDS ANDERSON PC
                                    1111 East Main Street, Suite 2400 (23219)
                                    Post Office Box 1998
                                    Richmond, Virginia 23218-1998
                                    Telephone: (804) 648-1636
                                    Facsimile: (804) 783-7291
                                    Email:  drucker@sandsanderson.com
                                    Email:  abiondi@sandsanderson.com
                                    Email:  ehowlett@sandsanderson.com
                                    *Counsel for Defendants*