IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| John K. Goodrow, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No: 3:11-cv-00020-MHL (Consolidated) |
| Friedman & MacFadyen, P.A. and Johnie R. Muncy, | : | |
| | : | |
| Defendants. | | |

## DEFENDANTS' OPPOSITION TO MOTION TO CONSOLIDATE

Defendants, Friedman & MacFadyen, P.A. and Johnie R. Muncy, ("Defendants") state the following as their Opposition to Plaintiff's Motion to Consolidate.

The parties consented to consolidation for the limited purpose of mediation, which did not result in a global settlement. With an eye toward trial, however, continued consolidation is inappropriate at this time because of the uncommon issues and facts among the plaintiffs, jury confusion, and prejudice to the Defendants. The plaintiffs have done nothing more than to plead nearly identical conclusory complaints in an attempt to expand their procedural rights without sufficient basis to do so.

**A. Procedural History**

Notably, only seven of the original eleven plaintiffs seek consolidation: Goodrow, Banks, Chatter, Buel, McBeth, Mbundure, and Sanmateo. Banks and Chatter have filed Amended Complaints, which are being opposed by Defendants' Rule 12(b)(6) Motions to Dismiss, filed today. Goodrow, Buel, McBeth, and Mbundure have each filed motions for leave to file amended complaints, including proposed Amended Complaints, such that the only complaints

before the Court at this time are the original complaints for each plaintiff.[1] However, Sanmateo, Crawley, and Ceccone have not been amended at this time. Further, it appears only six of the original eleven plaintiffs seek to establish a class action (Goodrow, Banks, Chatter, Buel, McBeth, and Mbundure).

Attached to the Motion to Consolidate is a proposed "Consolidated Class Complaint," which presumes that the Court will grant the Motions to Amend the complaints in *Goodrow, Buel, Mbundure,* and *McBeth*. Consideration of the proposed Consolidated Class Complaint is premature, however, because the Amended Complaints in *Banks* and *Chatter* may not survive the Defendants' Rule 12(b)(6) Motions to Dismiss, and the Plaintiffs' Motions for Leave to Amend, which are today opposed, may not be granted. For that reason, as explained in the Defendants' previously filed Motion to Stay Motion to Consolidate (Docket 73), the Court's decision regarding the Amended Complaints will not be ripe until after the Court rules on the Defendants' Rule 12(b)(6) Motions to Dismiss in *Banks* and *Chatter*, which will not occur for nearly a month.

For the purposes of this opposition, therefore, the Defendants can <u>only</u> respond to Plaintiffs' Motion to Consolidate as it pertains to the original Complaints of the seven plaintiffs now moving to consolidate because all other proposed Amended Complaints have not been amended. The disposition of these original Complaints remains unsettled at this time so any ruling on consolidation might be mooted by the Court's rulings on pending Motions to Dismiss in *Chatter* and *Banks* and pending Motions to Amend in *Goodrow, Mbundure, Buel, and Macbeth*. Therefore, the Defendants continue their objection to consolidation and seek leave to

---

[1] Goodrow has already been given leave to file his First Amended Complaint (Docket 7) and now seeks to amend with a proposed Second Amended Complaint. Further, Banks and Chatter have filed Amended Complaints without having to first seek leave to amend. Thus, reference to "original Complaints" in this opposition includes Goodrow's First Amended Complaint and the First Amended Complaints of Banks and Chatter, all of which are subject to the Defendants' attacks lodged today.

2

provide further briefing on this Motion to Consolidate after the resolution of their Motions to Dismiss in *Banks* and *Chatter*.

### B. Standard of Review for Rule 42

Rule 42 of the Federal Rules of Civil Procedure, which governs the ability for courts to consolidate cases, states:

> (a) CONSOLIDATION. If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.
> (b) SEPARATE TRIALS. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

It is well established that "[t]he decision whether to sever or to consolidate whole actions or sub-units for trial is necessarily committed to trial court discretion." *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 192–94 (4th Cir. 1982). Thus, a trial court's decision regarding consolidation or severance is reviewed on an abuse of discretion standard "and if so, whether prejudice resulted." *Bowie v. Sorrell*, 209 F.2d 49, 51 (4th Cir. 1953). Further, "[t]he movant must demonstrate that consolidation is desirable." *Eldridge v. McCabe, Weisberg & Conway, LLC*, Nos. RDB-12-00287; ELH-12-00395, 2012 U.S. Dist. LEXIS 56403, at *4 (D. Md. Apr. 20, 2012) (citing *Joe Hand Promotions, Inc. v. Dock St. Enterps., Inc.*, 2011 U.S. Dist. LEXIS 141242, at *2 (D. Md. Dec. 8, 2011)).

Once a court determines that multiple lawsuits involve a "common question of law or fact," the Fourth Circuit then requires the district courts to consider the following relevant factors, based on the totality of the circumstances, on motions to consolidate or sever:

> (1) Whether the risk of inconsistent adjudications of common factual and legal issues outweigh the specific risks of prejudice and possible confusion;

3

(2) The relative burden on the parties;
(3) Witnesses and available judicial resources posed by multiple lawsuits;
(4) The length of time required to conclude multiple suits as against a single one; and,
(5) The relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Maron v. Va. Polytechnic Inst. & State Univ.*, 2011 U.S. Dist. LEXIS 28342, 4–5 (W.D. Va. Mar. 18, 2011) (citing *Arnold*, 681 F.2d at 193 (citing 9 C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE: CIVIL § 2383 (1971))).

In conducting this inquiry, the Eastern District has recognized that "the Court must conduct a careful inquiry in this regard that balances the prejudice and confusion that consolidation might entail against the waste of resources, the burden on the parties, and the risk of inconsistent judgments that separate proceedings could engender." *Switzenbaum v. Orbital Scis. Corp.*, 187 F.R.D. 246, 247–48 (E.D. Va. 1999) (citing *Arnold*, 681 F.2d at 193).[2] Importantly, the appropriateness of consolidation requires "'that the district court carefully insures that the plaintiff does not use the tactic of filing two substantially identical complaints to expand the procedural rights he would have otherwise enjoyed.'" *Leonard v. Stemtech Int'l, Inc.*, No. 12-86-LPS-CJB, 2012 WL 3655512, at *6 (D. Del. Aug. 24, 2012) (denying Rule 42(a) consolidation) (quoting *Walton v. Eaton*, 563 F.2d 66, 71 (3rd Cir. 1977); *see Team Enters., LLC v. W. Inv. Real Estate Trust*, No. CVF080872LJOSMS, 2008 WL 4826132 (E.D. Cal. Nov. 6, 2008) (quoting *Walton*).

**C. Plaintiffs' Complaints Do Not Involve Common Questions of Law or Fact.**

At least one court has found sufficient distinction among two separate lawsuits brought under the federal Fair Debt and Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"),

---

[2] *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) ("The complex problems that can arise from multiple federal filings do not lend themselves to a rigid test, but require instead that the district court consider the equities of the situation when exercising discretion.").

4

based on the threshold determination that the lawsuits lacked a common question of law or fact. In *Brown v. Gregory M. Constantino Law Office, PC*, No. No. 2:09cv00357-DAK, 2009 U.S. Dist. LEXIS 57399 (D. Utah July 6, 2009), the Utah District Court considered a defendants' motion to consolidate its FDCPA case with another FDCPA matter filed against them by a different plaintiff in *Castro v. Gregory M. Constantino Law Office, PC*. The defendant argued that the legal issues were the same because the plaintiffs alleged violations of the FDCPA, which also constituted violations of the Utah Consumer Sales Protection Act. *Id.* at *1. But the court concluded that these were "two divergent lawsuits," because they "involve facts requiring independent legal analysis and consideration for damages." *Id.* at *1–2. The court pointed out two types of violations cognizable under the FDCPA: Brown alleged the Defendant's unlawful collection of debt was barred by the statute of limitations whereas Castro alleged the Defendant unlawfully attempted to collect a nonexistent debt. *Id.* The court characterized these allegations as "separate and distinct violations of the FDCPA and the UCSPA create different legal and factual questions." *Id.* at *2. Thus, the court denied consolidation finding it to be "inappropriate." *Id.*

In *Sizemore v. Sw. Va. Reg'l Jail Auth.*, No. 1:08CV00035, 2009 WL 90108 (W.D. Va. Jan. 14, 2009), in which the Western District denied consolidation based, in part, on the lack of consistently named defendants, regarding which the court stated, "[t]hese circumstances, ***in and of themselves***, would likely create confusion for jurors attempting to keep the appropriate defendants 'matched' with each of the four cases the plaintiffs seek to consolidate." *Id.* at *2 (emphasis added). The *Sizemore* court also determined that "the crucial evidence to be presented in [one case] will be completely different than that which will be presented in [another case]." *Id.*; *see Arroyo v. Chardon*, 90 F.R.D. 603, 605 (D.P.R. 1981) (denying consolidation on

complaints with identical allegations of political discrimination because the "alleged political job discrimination in [each action] must be proven by presenting evidence of specific acts in which defendants acted maliciously, wilfully, and in reckless disregard of plaintiffs' constitutional rights in each particular case") (cited and followed by *Sizemore*).

In this case, the plaintiffs have lodged similar but conclusory and generalized Complaints, but this amounts to nothing more than a tactical move to open up the possibility of consolidation. Although Plaintiffs use "canned" allegations common to each Complaint, these pleadings do not truly establish "common questions of law and fact" among the original Complaints. Rather, these are tactical attempts to expand the Plaintiff's procedural rights through the filing of similar pleadings that obscure true differences, which would, if consolidated, cause jury confusion and prejudice to the Defendants. Simply put, the duplicative Complaints are self-serving in their duplicative nature. *See Leonard*, 2012 WL 3655512, at *6 (citing *Walton v. Eaton*, 563 F.2d at 71) ("[T]he court must insure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints . . . .").

Notwithstanding the plaintiffs' surface attempts to establish "common issues and facts" by pleading very similar original Complaints, there <u>are</u> notable variances of legal issues that exist and which variances pose the great threat of jury confusion and prejudice to the Defendants. **First**, statutes of limitations issues exist in Banks, Buel, Chatter, Goodrow, and Sanmateo,[3] but may not exist in the remaining claims. Like the district court held in *Brown*, a statute of limitations questions "involve facts requiring independent legal analysis and consideration for

---

[3] The Defendants raised a statute of limitations issue in *Crawley* as well, but that Plaintiff has not joined in this Motion to Consolidate.

damages" such that these cases will contemplate certain evidence and law not applicable to the rest.

**Second**, several cases (Goodrow, Mbundure, and McBeth)[4] do not have common law claims of fraud, conspiracy, and the breach of fiduciary duties. Additionally, only Sanmateo alleges a conversion count. There can be no question that the inclusion of three to four substantive state law claims presents widely different factual and legal questions than those cases that assert only FDCPA claims.

**Third**, Goodrow alleges a claim under a § 1692c(a)(2) for the Federal Consumer and Protection Act, which concerns communication with a consumer known to have legal representation, but no other plaintiff asserts this claim. Thus, even within the FDCPA scheme, there are different types of claims asserted by these different plaintiffs.

**Fourth**, the Defendants are not consistently named among these lawsuits. Goodrow, McBeth, and Mbundure fail to name F&M Services, L.C. as a defendant. Just as the *Sizemore* court determined inconsistently-named defendants to be fatal to consolidation, this Court should similarly find these differences undermine "commonality" and pose a great risk of jury confusion.

Like the *Brown* court, this Court should find that the differences in causes of action alone justify a finding that the plaintiffs are different in fact and in issue. Consolidation would muddy the waters for the jury into thinking the facts of one case can carry over to the next. This is prejudicial to the Defendants because of the notable variances among the cases, which will mandate very different evidence and legal questions at trial. These differences could be lost in the shuffle of consolidation, thereby causing jury confusion that even a jury instruction could not

---

[4] Ceccone alleged fraud claims in his original Complaint as well, but that Plaintiff has not joined in this Motion to Consolidate.

cure. Although enough differences exist among the cases to defeat consolidation at this time, the Plaintiff's vague allegations warrant discovery into the precise details of each case, which should further highlight the true factual and legal distinctions among the cases. Accordingly, consolidation of these divergent lawsuits should be denied.

### D. Consolidation of Discovery Would Unnecessarily Limit the Defendants' Ability to Put on a Complete Defense.

Consolidation of discovery should be ordered only if it "save[d] the resources and time that would have occurred had the cases not been consolidated." *See Saleh v. Moore*, 95 F. Supp. 2d 555, 572–73 (E.D. Va. 2000). Plaintiff, however, has failed to suggest a reasonable method of consolidating discovery that would eliminate the unnecessary expense of time, energy, and judicial resources. In fact, the plaintiffs have only approached the Defendants regarding discovery consolidation primarily to drastically limit the Defendants' ability to pursue discovery into the precise details of each claim lodged by each Plaintiff.

Such consolidation would prejudice Defendants' rights by limiting their ability to prepare their defense against 7 (possibly 9) different plaintiffs. After all, the sheer number of different plaintiffs, all of whom have different and distinct Complaints against the Defendants, warrant the Defendants full discovery afforded under the Local Rules and Federal Rules of Civil Procedure. The ineluctable result of plaintiffs' attempt to consolidate these cases will be to blur the differences between them, to marginalize each plaintiff's case's weaknesses, to cloak the plaintiffs in the mantle of uniform victimization, and to force Defendants to treat globally the defense of claims that have very particular, individualized considerations. In two matters where courts in this Circuit considered consolidation of FDCPA claims, the courts contemplated consolidation of cases far fewer than the cases at bar. The Western District of Virginia considered the consolidation of only five cases, *In re Accelerated Recovery Sys.*, 431 B.R. 138,

8

141 n.1 (W.D. Va. 2010) (noting without discussion that consolidation was granted because there existed "common issues of law and fact), and the District Court of Maryland considered the consolidation of only two cases, *Eldridge*, 2012 U.S. Dist. LEXIS 56403, at *4 (granting consolidation without discussion for "essentially . . . similar violations"). Given the different types of evidence required among these cases, discussed above, Defendants should not be short-changed the opportunity to discover the full extent of each plaintiff's alleged harm beyond the general allegations contained in the four corners of each Complaint.

The fact that the plaintiffs share the same attorney should not tip in favor of consolidation either. In *Brown*, after the district court denied consolidation of multiple lawsuits for trial, the plaintiffs sought consolidation for discovery to avoid unnecessary costs, but this too was denied. 2009 U.S. Dist. LEXIS 57399, at *2. Rather, the court—noting that the plaintiffs were represented by the same attorney—found "no basis for Defendant's assertion that consolidation will minimize the costs to all parties involved. To the extent there may be some overlap in discovery, the attorneys may reach agreement on those matters." *Id.* Thus, no consolidation, even as to discovery, was permitted. *Id.* Further, Defendants believe consolidation for discovery would be premature at this time. Particular details and facts are necessary to get to the bottom of the Plaintiffs' generalized allegations, and consolidating discovery among these seven different plaintiffs—with seven different properties, all of which have seven different dispositions—would greatly handicap Defendants' ability to fully prepare their defense.

Alternatively, to the extent the Court believes counsel can coordinate a consolidated discovery procedure, the Defendants request that any consolidation of trial be deferred. In *Dovel v. Penn Mutual Insurance Co.*, 1992 U.S. Dist. LEXIS 8093 (W.D. Va. May 21, 1992), the Western District consolidated discovery of fifteen separate consumer lawsuits, but the court

postponed its ruling on consolidation for trial because of its concern about the effects of consolidation on the defendants' rights. It noted that "each plaintiff will be required to prove that he relied on [the agent's] apparent authority to bind [the defendant, which] has a valid concern that a jury may consider the evidence in this regard as cumulative, thus allowing some plaintiffs to ride on the coat-tails of others." *Id.* at *6–7.

### E. Conclusion

Plaintiffs have failed to carry their burden of demonstrating why consolidation is desirable in this case. For the reasons above, Defendants respectfully request that the Court deny the Motion to Consolidate for all pretrial proceedings and trial. Alternatively, Defendants request that the Court defer its ruling on consolidation of discovery and trial until such time as the contours of all claims against the Defendants are discernible, and grant leave at that time to Defendants for further briefing on this issue, to allow proper determination of consolidation under Rule 42.

DATED:   October 12, 2012

**Respectfully Submitted,**

**FRIEDMAN & MACFADYEN, P.A.,
F&M SERVICES, L.C., and
JOHNIE MUNCY**

**By Counsel**

_____/s/_____
Douglas P. Rucker, Jr. (VSB # 12776)
Andrew Biondi (VSB # 48100)
Cullen D. Seltzer (VSB #35923)
SANDS ANDERSON PC
2300 Bank of America Center
1111 East Main Street (23219)
P. O. Box 1998
Richmond, VA 23218-1998
(804) 648-1636
(804) 783-7291 (facsimile)
Email:  drucker@sandsanderson.com
Email:  abiondi@sandsanderson.com
Email:  cseltzer@sandsanderson.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of October, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the following:

Dale W. Pittman, Esq.
The Law Office of Dale W. Pittman, P.C.
112-A W. Tabb Street
Petersburg, Virginia 23803
Telephone: 804-861-6000
Facsimile: 804-861-3368
dale@pittmanlawoffice.com
*Counsel for Plaintiff*

John C. Petersen, Esq.
Surovell Isaacs Petersen & Levy PLC
4010 University Drive
Suite 200
Fairfax, Virginia 22030
Telephone: 703-251-5400
Facsimile: 703-591-9285
jpetersen@siplfirm.com
*Counsel for Plaintiff*

Kristi Cahoon Kelly, Esq.
Surovell Isaacs Peterson & Levy PLC
4010 University Drive
Suite 200
Fairfax, Virginia 22030
Telephone: 703-277-9774
Facsimile: 703-591-2149
kkelly@siplfirm.com
*Counsel for Plaintiff*

Leonard Anthony Bennett, Esq.
Consumer Litigation Associates, P.C.
12515 Warwick Boulevard
Suite 100
Newport News, Virginia 23606
Telephone: 757-930-3660
Facsimile: 757-930-3662
lenbennett@cox.net
*Counsel for Plaintiff*

Matthew J. Erausquin, Esq.
Consumer Litigation Associates, P.C.
1800 Diagonal Road
Suite 600
Alexandria, Virginia 22314
Telephone: 703-273-6080
Facsimile: 888-892-3512
matt@clalegal.com
*Counsel for Plaintiff*

Richard J. Rubin, Esq.
1300 Canyon Road
Santa Fe, New Mexico 87501
Telephone: 505-983-4418
Facsimile: 505-983-2050
dickrubin@cs.com
*Counsel for Plaintiff*

        /s/
Douglas P. Rucker, Jr. (VSB # 12776)
Andrew Biondi (VSB # 48100)
Cullen D. Seltzer (VSB # 35923)
SANDS ANDERSON PC
2300 Bank of America Center
1111 East Main Street (23219)
P. O. Box 1998
Richmond, VA 23218-1998
(804) 648-1636
(804) 783-7291 (facsimile)
Email: drucker@sandsanderson.com
Email: abiondi@sandsanderson.com
Email: cseltzer@sandsanderson.com
*Counsel for Defendants*