IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**JOHN K. GOODROW,**

      **Plaintiff,**

v.                                                                               Civil Action No.: 3:11-cv-20-MHL
                                                                                 (Consolidated)
**FRIEDMAN & MACFADYEN, P.A.,**
*et al.*,

      **Defendants.**

### PLAINTIFFS' REBUTTAL MEMORANDUM IN SUPPORT OF MOTION TO TERMINATE STAY OF DISCOVERY

### INTRODUCTION

Plaintiffs filed their Motion to Terminate Stay of Discovery on February 19. Docket No. 124. Defendants have filed their brief in opposition to Plaintiffs' Motion to Terminate Stay of Discovery. Docket No. 131. Plaintiffs hereby submit their rebuttal memorandum. Defendants' brief ignores the cases and other authority cited in Plaintiffs' opening memorandum.

After referring to three cases in the standard of review section of their brief, Defendants make what is apparently intended to serve as legal argument, but they do so without citation to a single case in support of the specifics of their argument.

### ARGUMENT

The argument sections of Defendants' brief, entitled "RATIONALE FOR STAY" and "PLAINTIFFS' POSITION" are completely devoid of legal authority. Neither section contains a single citation to a case, to a rule of court, or to any other authority. Neither addresses, refutes, distinguishes or makes any effort at contradicting or responding in any fashion to the authority cited in Plaintiffs' memorandum in support of their motion to terminate the stay.

Defendants do not refute, because they cannot, that at minimum, certain of Plaintiffs' FDCPA claims remain as live, viable claims that have survived dismissal by virtue of the court's May 25, 2011 ruling in this case. (Doc. 17); also at *Goodrow v. Friedman & MacFadyen, P.A.*, 788 F. Supp. 2d 464 (E.D. Va. 2011). Defendants have refused Plaintiffs' overture of compromise, and refuse even to produce their collection files as to each individual plaintiff, material that is without question discoverable now and without question will still be discoverable whatever the Court's rulings with respect to non-FDCPA portions of Defendants' Motion to Dismiss. Defendants do not address their failure to produce Plaintiffs' loan and collection files as part of their Rule 26(a)(1) disclosures. They do not address Plaintiffs' citation to case law demonstrating that a debt collector's collection file is routinely held to be discoverable. They make no effort to refute the cases Plaintiffs cited because there is no case law to avoid the discoverability of Plaintiffs' loan and collection files. Moreover, they mislead the Court by citing *Tilley v. U.S.*, 270 F. Supp. 2d 731, 734 (N.D.N.C. 2003), as being appropriate for standard of review guidance. There the court noted that "a stay of discovery is appropriate if the discovery requested by the Tilleys is not relevant to the opposition of the motion." Here, the discovery that Defendants wish to avoid is relevant to the pending motions and to the FDCPA claims already found by this Court to survive.

As Plaintiffs stated in their memorandum in support of their motion to terminate the stay, preservation of evidence should be addressed and conducted as early as practicable in litigation, because Rule 37(e) protects a party destroying ESI in accordance with a good faith policy. ("Absent exceptional circumstances, a court may not impose sanctions under these rules on a party for failing to provide electronically stored information lost as a result of the routine, good-faith operation of an electronic information system.") Plaintiffs, as they noted in their opening

memorandum, risk not only the loss of critical evidence produced through discovery, but also risk the heightened potential harm occasioned by the impact of the rule's provision of an argument for safe harbor protection in the event of the destruction of evidence.

Similarly, and without citation to a shred of authority, Defendants belittle Plaintiffs' concern over spoliation of third-party evidence. They suggest that Plaintiffs' solution is that "they can send litigation hold letters."

> "Also meritless is the Plaintiffs' contention that a general stay of discovery would not adequately protect them from "the spoliation of ... critical third-party evidence." All of the third-parties know about the pendency of this civil action (and others), and the suggested risk of the disappearance of evidence is contrived, not real. If the Plaintiffs truly are concerned about spoliation, they can send litigation hold letters, and could have done so at any time in the past."

Here as elsewhere in their brief, Defendants cite no authority to support their position that the fact that a spoliation letter can be written under proper circumstances forms a basis for denying a party to a civil case the use of the normal mechanisms of discovery with respect to nonparties to the litigation, parties over whom Defendants have no control. Defendants do not address Plaintiffs' argument that they face a high risk of prejudice if they are prohibited from obtaining discovery at this time from nonparties. Defendants cavalierly and without authority dismiss this concern with the suggestion that Plaintiffs write letters to the third parties asking them to do the right thing with respect to the preservation of evidence. Perhaps Defendants would have this Court ignore the fact that the third parties from whom Defendants seek to prevent Plaintiffs from proceeding with discovery, Lender Processing Services, Inc. ("LPS"), Chase Bank, Wells Fargo, MetLife, and Federal National Mortgage Association ("Fannie Mae"), are themselves, like Defendants, under either judicial or law enforcement scrutiny, or both, with respect to mortgage lending or foreclosure improprieties. While it is understandable that Defendants wish to avoid third party discovery in this litigation as to the roles of these entities in the RICO enterprise

alleged in the Amended Complaints, opposition based on generalized assertions of "fairness", "prudence", "efficiency", "conserving the parties' resources" (Defendant's Opposition Brief, pages 3 and 4) and the like do not form a legal basis to continue the stay of discovery in light of the allegations in the Amended Complaints and given the constraints of practice on the Rocket Docket. Presumably the absence of authority is why Defendants cited no authority in argument beyond the routine citation to generalized "Standard of Review" cases in what they call the "AUTHORITY" section of their brief.

    The preservation of evidence in the hands of third parties was obviously not a matter that could have been addressed between Plaintiffs and Defendants during their Rule 26(f) Conference. Defendants can make no representations or assurances to Plaintiffs or to the Court that Lender Processing Services, Inc. ("LPS"), Chase Bank, Wells Fargo, MetLife , and Federal National Mortgage Association ("Fannie Mae") will each put into place procedures to preserve, protect, and prevent the destruction of evidence during the indeterminate period of the stay that Defendants ask the Court to continue. Defendants have no control over the evidence in the hands of the third parties as to which Defendants seek the continuation of the discovery stay. When relevant evidence is in the hands of third parties, the parties before the court (Defendants in this instance) would have a duty to preserve information only if they have control of the information, which is not the case here. *Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 515 (D. Md. 2009) (Analogizing the concept of control in the context of Rule 34 to control in connection with a spoliation issue). Defendants lack the right, authority, or ability to control, obtain, or preserve discovery documents in the hands of unaffiliated non parties to this action, leaving a cynically hollow and self interest ring to their insistence that the discovery stay remain in effect. Thus a spoliation finding would likely not be made against them in the event of third party destruction

of evidence under the circumstances in this case should documents be destroyed while the stay remains in place for what could be many months.

The rationale contained in the "standard of review" case cited by Defendants, *Simpson v. Specialty Retail Concepts*, 121 F.R.D. 261 (N.D.N.C. 1988), argues for a termination of the stay. In that case, "the sole motion before the Court concern[ed] the deposition of a third party" who would "provide relevant testimony concerning the merits of the action." The court did not find this discovery to be unduly burdensome or expensive, and that "therefore, a stay cannot be justified on such grounds. *Id.* at 263.

## CONCLUSION

For the reasons stated herein, and in Plaintiffs' opening memorandum, the Defendants' Motion to Stay Discovery should be denied and Plaintiff's Motion to Terminate Stay of Discovery should be granted.

> Respectfully submitted,
> **PLAINTIFFS**
>
> By _____/s/_____
>       Of Counsel

By: Dale W. Pittman, VSB#15673
Counsel for Plaintiffs
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 (Fax)
dale@pittmanlawoffice.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of March, 2013, I have filed the foregoing electronically using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Douglas P. Rucker, Jr.
>Andrew Biondi
>Cullen D. Seltzer
>SANDS ANDERSON PC
>2300 Bank of America Center
>1111 East Main Street (23219)
>P. O. Box 1998
>Richmond, V A 23218-1998
>(804) 648-1636
>(804) 783-7291 (facsimile)
>drucker@sandsanderson.com
>abiondi@sandsanderson.com
>cseltzer@sandsanderson.com
>
>*Counsel for the Defendants*

       /s/
By: Dale W. Pittman, VSB#15673
Counsel for Plaintiffs
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 (Fax)
dale@pittmanlawoffice.com