| | |
|---|---|
| | **Foreclosures, Conveyances and Claims, and Acquired Properties** |
| | Foreclosures |
| June 10, 2011 | Section 102 |

similar procedure) or a servicer receives notice of a nonroutine action that involves a Fannie Mae–owned or Fannie Mae–securitized mortgage loan or that will otherwise affect Fannie Mae's interests—regardless of whether Fannie Mae is also named as a party to the action—the servicer must immediately contact Fannie Mae's Regional Counsel via e-mail to nonroutine_litigation@fanniemae.com.

A servicer may not initiate or defend nonroutine litigation on Fannie Mae's behalf unless it obtains prior written consent from its Fannie Mae Regional Counsel via email to nonroutine_litigation@fanniemae.com. This will enable Fannie Mae to concur in the necessity for the action, the selection of legal counsel, development of legal strategy, and approval of legal fees and costs. One example of a nonroutine legal action is a case in which the servicer's legal counsel wants to pursue a judicial foreclosure in order to clear technical defects even though the security property is located in a state in which the usual method of foreclosure is by non-judicial foreclosure. In this situation, the servicer should not commence a judicial foreclosure for a conventional mortgage loan without first clearing the action with Fannie Mae. Nonroutine litigation also includes any claim, counterclaim, or procedure that: challenges methods in which Fannie Mae does business; involves Fannie Mae's status as a federal instrumentality; requires interpretation of Fannie Mae's Charter, such as removal to federal court based on Fannie Mae's Charter; claims punitive damages from Fannie Mae; or asserts liability against Fannie Mae based on actions of its servicers. Additional examples include "show cause orders" or proceedings and motions for sanctions.

**Section 102
Initiation of Foreclosure
Proceedings (10/01/08)**

Generally, foreclosure proceedings for a first mortgage loan must begin 30 to 34 days after an acceleration or breach letter is sent upon the completion of the pre-referral account review and after any applicable notice and waiting period under state law is met.

Servicers must expedite foreclosure proceedings to the greatest extent allowable under applicable law (without exploring all foreclosure prevention options) if the borrower is not eligible for relief from foreclosure under the Servicemembers Civil Relief Act (or any state law that similarly restricts the right to foreclose) and the property has been abandoned or vacated by the borrower and it is apparent that the borrower does not intend to make the mortgage payments. In addition, servicers must expedite foreclosure proceedings for any mortgage loan if:

Exhibit D

**Foreclosures, Conveyances and Claims, and Acquired Properties**

Foreclosures

Section 102 June 10, 2011

- the borrower was advised in writing of available foreclosure prevention options and his or her written response indicated a lack of interest in the mortgage loan obligation (or gave permission for the commencement of foreclosure proceedings, if the borrower was subject to the provisions of the Servicemembers Civil Relief Act or any state law that similarly restricts the right to foreclose); or

- income from rental of the property is not being applied to the mortgage payments and arrangements cannot be made to apply it, and it has been established that the borrower is not eligible for relief under the Servicemembers Civil Relief Act or any state law that similarly restricts the right to foreclose. (also see *Part III, Chapter 1, Exhibit 1: Military Indulgence*)

Fannie Mae requires a servicer to contact its Portfolio Manager, Servicing Consultant, or the National Servicing Organization's Servicer Solutions Center at 1-888-326-6435 before it initiates foreclosure proceedings for an eMortgage.

Foreclosure proceedings for a second mortgage loan can begin when at least two full monthly installments are past due. As long as the servicer has complied with the requirements of the Servicemembers Civil Relief Act and any state law that restricts the right to foreclose, it can start foreclosure proceedings for a second mortgage loan immediately if the first mortgage loan is in default and the second mortgage instrument includes a provision that the second mortgage loan will be considered in default, regardless of the status of its payments, if the first mortgage loan is in default.

In most cases, a servicer will have a copy of the mortgage note that it can use to begin the foreclosure process. However, some jurisdictions require that the servicer produce the original note before or shortly after initiating foreclosure proceedings. If Fannie Mae possesses the note through its designated document custodian, to obtain the note and any other custody documents that are needed, the servicer must submit a request to the designated document custodian's electronic release system. If Fannie Mae possesses the note through a third-party document custodian designated by the servicer that has custody of those documents for Fannie Mae, to obtain the note and any other custody documents that are needed, the servicer must submit a *Request for Release/Return of Documents* (Form 2009) to

the document custodian. In either case, the servicer must specify whether the original note is required or whether the request is for a copy. (Refer to *Part I, Chapter 2, Section 202.07, Note Holder Status for Legal Proceedings Conducted in the Servicer's Name (05/23/08).*)

**Section 102.01 Effect of Servicemembers Civil Relief Act (10/31/08)**

The Housing and Economic Recovery Act of 2008 made both temporary and permanent changes to the Servicemembers Civil Relief Act. The law requires a stay of foreclosure or other legal proceedings on eligible mortgage loans for a period of nine months following the termination of a servicemember's active duty. These changes are effective through December 31, 2010, unless extended by Congress. After December 31, 2010, servicers are required to limit the granting of the stay of foreclosure or other legal proceedings to a maximum of 90 days after termination of active duty, unless otherwise required by governing law at the time.

In order to facilitate servicers' taking appropriate action in cases where military indulgence is warranted or required, *Part III, Chapter 1, Exhibit 1: Military* Indulgence provides a consolidated presentation of all the relevant material to Fannie Mae's specific procedures for providing relief to U.S. servicemembers under the Servicemembers Civil Relief Act, and Fannie Mae's additional forbearance policies.

**Section 102.02 Effect of Environmental Hazards (01/31/03)**

A servicer should not begin foreclosure proceedings for any mortgage loan if it becomes aware of environmental hazards that affect the security property. Instead, it must contact its Portfolio Manager, Servicing Consultant, or the National Servicing Organization's Servicer Solutions Center at 1-888-326-6435. When a servicer learns about the issuance of a lead-based paint citation, obtains other evidence of lead-based paint law violations, or becomes aware of threatened or pending lead-based paint litigation related to a mortgage loan which it intends to refer for foreclosure, the servicer must provide the following information to its Portfolio Manager, Servicing Consultant, or the National Servicing Organization's Servicer Solutions Center at 1-888-326-6435 within 30 days after the mortgage loan is referred for foreclosure. If the security property is a one-unit investment property or a two- to four-unit property:

- the current value of the property (based on, at least, an exterior inspection of the property and, if the borrower is cooperative, on an interior inspection);