IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

FILED

MAR 17 2004

CLERK, U.S. DISTRICT COURT
NORFOLK, VA.

JOEL H. HAM,

Plaintiff,

v.

CIVIL ACTION NO. 4:03cv123

VIRGIL WILLIAMS, Individually and
t/a WILLIAMS AUTO SALES,

and

CENTER FORD, INC., a Virginia
Corporation d/b/a HALL FORD,

and

EAGLE AUTO SALES, INC., a
Virginia Corporation,

Defendants.

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Center Ford's ("Hall Ford's") Motion to

Dismiss the amended complaint filed by Joel Ham ("Plaintiff"). Plaintiff filed a motion in

opposition, and further referred the Court to Plaintiff's response to Hall Ford's Motion to

Dismiss the original complaint. On March 16, 2004, the Court conducted a hearing on Hall

Ford's Motion to Dismiss. At the hearing, the Court **GRANTED** Plaintiff's motion to amend the

complaint. The Court also **GRANTED** Plaintiff's motion Extend Time to file responsive

pleadings to defendant Hall Ford's Motion to Dismiss. Finally, the Court **DENIED** Hall Ford's

Motion to Dismiss the complaint. This opinion explains the Court's March 16, 2004 ruling.

1

**Exhibit I**

## I. PROCEDURAL AND FACTUAL HISTORY

On or about April 5, 2003, Plaintiff traveled to Williams Auto Sales ("Williams Auto") with intent to purchase a vehicle. Once there, Plaintiff inspected a 1995 Ford Explorer, and noted that the odometer reflected a mileage of 109,397. In persuading Plaintiff to purchase the Explorer, Defendant Virgil Williams ("Defendant Williams") also represented the vehicle's mileage was 109,387. To support this claim, Defendant Williams presented the Explorer's odometer disclosure statement, which listed a mileage of 109,387. Plaintiff further alleges that Hall Ford and Eagle Auto Sales also represented the mileage was 109,387 prior to sale.

On or about April 5, 2003, relying on Defendant Williams' representation, as well as the odometer reading and disclosure statements, Plaintiff purchased the Explorer for $6,425. Once again, the purchase agreement disclosed the mileage on the vehicle to be 109,387. Plaintiff completed all payments for the vehicle by May 5, 2003.

After making the required payments, Williams Auto delivered to Plaintiff a copy of the Explorer's motor vehicle title. The title revealed that on December 13, 2002, the actual mileage on the vehicle was 283,229. The higher mileage, coupled with the title blemishes and altered odometer, removed all potential and actual monetary value from the Explorer.

On September 15, 2003, Plaintiff filed a complaint against Williams, Williams Auto, Hall Ford and Eagle Auto (collectively "dealers"). Plaintiff alleges that, after December 13, 2002, and prior to Williams Auto receiving the Explorer, the vehicle and the title passed through Hall Ford and Eagle Auto. Plaintiff further alleges that these dealers "illegally and with intent to defraud, tampered with and altered the odometer of the motor vehicle and rolled back the miles [from 283,229] so that it reflected mileage of only 109,387." Amended Complaint, ¶ 8. As an

2

alternative argument, Plaintiff claims that Hall Ford and Eagle Auto "illegally and with intent to

defraud transferred title to the automobile without recording the miles on the title ... for the

purpose of permitting Williams Auto to manipulate and misrepresent the true miles of the

vehicle... ." *Id.* Finally, Plaintiff claims that, even without an intent to defraud, the dealers'

actions constitute negligence.[1]

On October 20, 2003, Hall Ford filed a Motion to Dismiss Plaintiff's complaint, a motion

in which no other defendant joined. Hall Ford first claims that Plaintiff must allege a sum certain

in his *ad damnum* clause to prevent dismissal. Second, Hall Ford alleges that Plaintiff's

alternative theories plead inconsistent facts, which warrants granting relief for Hall Ford as a

matter of law. Third, Hall Ford contends that Plaintiff failed to allege his fraud claims with

enough particularity to withstand a dismissal motion. Fourth, Hall Ford alleges that Plaintiff's

VCPA claims are preempted by federal law. Fifth, Hall Ford claims that Plaintiff's allegation

that Hall Ford is a supplier under the VCPA is conclusory and is unsupported. Sixth, Hall Ford

contends that Plaintiff's conspiracy allegations are simply conclusory in nature. Finally, Hall

Fords argues that Plaintiff fails to allege all elements in a negligence claim.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of actions that fail to

state a claim upon which relief can be granted. FED.R.CIV.P. 12(b)(6). Although courts may only

rely upon the complaint's allegations and those documents attached as exhibits or incorporated

---

[1]  Plaintiff filed the negligence claim via an amended complaint after talks with Defendant
Williams, Williams Auto and Eagle Auto, under the direction that a settlement could be reached if
Defendants could admit only to being negligent. Plaintiff's Response to Defendant Center Ford Inc.'s
Motion to Dismiss Amended Complaint, p.1. The case appeared to be heading towards a settlement until
Hall Ford demanded that Plaintiff agree to all of Hall Ford's attestations in its motion to dismiss. *Id.*

3

by reference, *see Simons v. Montgomery County Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985),

courts favorably construe the allegations of the complainant. *See Scheuer v. Rhodes*, 416 U.S.

232, 236 (1974). Courts must assume that the facts alleged in the plaintiff's complaint are true.

*See McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996). In addition to the facts

alleged in the complaint, the Court will also consider "matters of public record, orders, items

appearing in the record of the case, and exhibits attached to the complaint." 5A Charles Alan

Wright & Author R. Miller, FEDERAL PRACTICE AND PROCEDURE §1215 (2d ed. 1990). A court

will only grant a motion to dismiss if "it appears to a certainty that the plaintiff would be entitled

to no relief under any state of facts which could be proved in support of his claim." *Adams v.*

*Bain*, 697 F.2d 1213, 1216 (4th Cir. 1982) (quoting *Johnson v. Mueller*, 415 F.2d 354, 355 (4th

Cir.1969)).

## III. ANALYSIS

### A. *Ad Damnum* Clause

Hall Ford claims that Plaintiff must allege a sum certain in his *ad damnum* clause to

prevent dismissal, and cites the Court to *Paul v. Gomex*, 190 F.R.D. 402, 403 (W.D. Va. 2000),

in support of its position. Plaintiff disagrees about an *ad damnum* requirement, and notes that

only special damages unusual for a specific claim need specification under FED.R.CIV.P. 9.

Courts consistently hold that *ad damnum* is an inherently artificial construct. *Coutin v.*

*Young & Rubicam Puerto Rico, Inc.*, 124 F.3d 331, 338 n.8 (1 st Cir. 1997); *see also Aggarwal*

*v. Ponce School of Medicine*, 745 F.2d 723, 729 (1st Cir.1984)) (observing that "[m]odern

litigation practices being what they are, the monetary demand which caps a plaintiff's complaint

is likely to be sanguine at best"). Moreover, "[u]nder federal procedure, an *ad damnum* serves no

4

practical purpose in a contested case, since the court must award the full relief to which the

plaintiff is entitled, regardless of the state of the proceedings." *Gomez*, 190 F.R.D. at 403;

*Gilbane Bldg. Co. v. Fed. Reserve Bank of Richmond*, 80 F.3d 895, 900 (4th Cir. 1996)(noting

that "every final judgment shall grant the relief to which the party in whose favor it is rendered is

entitled, even if the party has not demanded such relief in the party's pleadings.")(quoting

FED.R.CIV.P. 54(c)). Thus, the *ad damnum* clause does not constrain the amount of damages

claimed, and courts strike such clauses from complaints in order to prevent confusion between

the parties, and to conform the evidence to the pleadings. *Gomez*, 190 F.R.D. at 403.

Accordingly, Hall Ford's motion to dismiss for failure to list an *ad damnum* clause is **DENIED**.

**B.     Inconsistent Alternative Theories Claim**

Hall Ford also contends that the Federal Rules of Civil Procedure prohibit a party from

pleading alternative and inconsistent theories of recovery within counts for fraud or fraudulent

conduct. Hall Ford contends that the three alternative theories Plaintiff poses (i.e., negligence by

Hall Ford, Hall Ford intentionally rolling the Explorer's odometer back, and Hall Ford passing an

incomplete or a materially altered title to Eagle Auto) undermine the factual basis to establish

essential elements in the fraud claims. Hall Ford's legal foundation rests completely on its

analysis of *In Re Livent, Inc., Noteholders Securities Litigation*, 151 F.Supp.2d 371, 407

(S.D.N.Y.), which held that a plaintiff cannot allege in one fraud count detrimental reliance upon

material information provided to him, only to turn around in another count and claim

unawareness of the same material information, because "such conflicting allegations would be

deemed admissions that undermine plaintiffs' statement of the elements of a sufficient claim." In

response, Plaintiff states that the "rule against pleading different facts prohibits any party from

5

pleading different facts when those facts are within the parties' sphere of knowledge, but does not apply to facts that are within the opposing parties' sphere of knowledge." Plaintiff's Response Memorandum, p.3. Plaintiff further states that the factual differences that exist between *Livent* and the instant case, especially noting that Plaintiff does not possess knowledge of exactly what happened between Hall Ford, Eagle Auto, and Williams Auto during December 13, 2002, and May 5, 2003. Therefore, Plaintiff must rely on the possible alternative theories until discovery or trial expose more factual details.

Under FED.R.CIV.P. 8(e)(2), "inconsistent factual theories of claim or defense are expressly allowed."*Erie Ins. Exchange v. Stark*, 962 F.2d 349, 354 (4th Cir. 1992); FED.R.CIV.P. 8(e)(2) (stating that "[a] party may set forth two or more statements of a claim ... alternatively or hypothetically, either in one count ... or in separate counts."). Courts freely allow simultaneous advancement of inconsistent claims because the allegations are evaluated by a single "tribunal, thus allowing an internally consistent final decision to be reached." *Allen v. Zurich Ins. Co.*, 667 F.2d 1162, 1167 (4th Cir. 1982). Pleading alternate theories also prevents courts from forcing plaintiff to elect which alternative theory to advance, *see United Roasters, Inc., v. Colgate-Palmolive Co.*, 649 F.2d 985, 990 (4 th Cir. 1981), especially where discovery has not taken place.

The Court finds that Plaintiff has not pleaded inconsistent theories, but rather alternative theories based upon the amount of evidence and operative facts available to Plaintiff at the time of filing. Here, Plaintiff knew that, between December 2002 and April 2003, each dealer was in possession of the Explorer at one time. Moreover, Plaintiff knew that the vehicle title at the time Hall Ford owned the Explorer initially showed the truck to have 283,397 miles, but by the time

he received the vehicle, one of the four defendants illegally tampered with the truck's odometer. Plaintiff was within his rights to present the alterative theories which could have occurred which brought about the instant action, instead of picking which single individual to sue. Plaintiff is also within his right to claim that two or more of the dealers conspired to alter the odometer and not disclose the illegal act.

Hall Ford misconstrues the difference between pleading alternative theories and pleading inconsistent allegations. In *Livent*, the plaintiff offered two *inconsistent* theories: i.e., plaintiff never obtained information from the defendant, or in the alternative, plaintiff received materially misrepresenting information. Here, what is not known to Plaintiff is exactly which defendant[s] altered the odometer and title. Presenting reasonable possible scenarios regarding how these unlawful acts came to pass, especially where the explicit facts are solely within the knowledge of the defendants, is one of the main bases for Rule 8(e)(2). Accordingly, Hall Ford's motion to dismiss for pleading inconsistent theories is **DENIED**

**C.    Fraud Particularity Claims**

In its third argument, Hall Ford asserts several different theories that Plaintiff failed to allege his fraud claims with enough particularity to withstand a dismissal motion. The Court will address each in turn.

*1.    Complaint Devoid of Specific Facts*

Hall Ford first argues that the complaint is void of any specific factual allegations that would support a claim of fraud, in violation of the particularity requirements of FED.R.CIV.P. 9. Plaintiff responds that all facts that are within the knowledge of the Plaintiff have been presented, and that as long as Hall Ford is reasonably on notice regarding its possible liability, Hall Ford's

motion must be denied. Case law appears to support Plaintiff's position.

In *U.S. ex rel. Harrison v. Westinghouse Savannah River Co.*, 352 F.3d 908, 921 (4th Cir. 2003), the United States Court of Appeals for the Fourth Circuit cautioned against dismissing "a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which [it] will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts." In making its determination, the court reiterated the purposes of Rule 9:

> First, [FED.R.CIV.P. 9] ensures that the defendant has sufficient information to formulate a defense by putting it on notice of the conduct complained of .... . Second, Rule 9(b) exists to protect defendants from frivolous suits. A third reason for the rule is to eliminate fraud actions in which all the facts are learned after discovery. Finally, Rule 9(b) protects defendants from harm to their goodwill and reputation.

*Id.* (quoting *United States ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Blue Cross Blue Shield of Georgia, Inc.*, 755 F.Supp. 1055, 1056-57 (S.D.Ga.1990). However, when making fraud allegations, Plaintiff "cannot be expected to have personal knowledge of the details of [the Dealers'] internal affairs." *Shapiro v. UJB Financial Corp.*, 964 F.2d 272, 285 (3d Cir. 1992)(internal quotes and citation omitted) "Thus, courts have relaxed the particularity rule when factual information is peculiarly within the defendant's knowledge or control." *Id.* All Plaintiff must do is "allege that the necessary information lies within defendants' control." *Id.*; *see also* 2A James W. Moore & Jo D. Lucas, *Moore's Federal Practice* ¶¶ 9.03[1] at 9-29 to 9-29 (1991) ("where the facts are in the exclusive possession of the adversary, courts should permit the pleader to allege the facts on information and belief, provided a statement of the facts upon which the belief is founded is proffered").

The Court finds that Plaintiff's complaint meets the particularity requirements of Rule 9. To properly allege fraud under Virginia law, Plaintiff must claim: "(1) a false representation [by Defendants], (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party mislead, and (6) resulting damage to the party mislead." *Hitachi Credit America Corp. v. Signet Bank*, 166 F.3d 614, 628 ( 4th Cir. 1999).[2] Plaintiff has alleged that Hall Ford owned the Explorer with a title stating its mileage to be 283,397. Plaintiff has also alleged that, beginning from the time Hall Ford owned the vehicle, steps were taken to materially alter the odometer, which Hall Ford either actually committed or helped bring about. Moreover, Plaintiff alleges that Hall Ford was part of the change of title owners who intentionally materially misrepresented the mileage on the Explorer, and that Plaintiff reasonably relied on those representations to his detriment. Plaintiff finally presents alternative theories, which to his best knowledge, specifically explains how Hall Ford helped to misrepresent, or allowed others to materially misrepresent, the mileage information. For FED.R.CIV.P. 12(b)6) purposes, Plaintiff need not go any further.[3]

2.    *Odometer Roll Back*

Defendant asserts that Plaintiff has not presented enough facts regarding when and where the roll back took place, or even if the roll back occurred while the vehicle was in Hall Ford's

---

[2] Plaintiff can also allege fraudulent intent by claiming that the dealers' misrepresentations were "made with reckless abandon and disregard for the truth." *Hitachi*, 166 F.3d at 628.

[3] Hall Ford spends a considerable amount of time in its brief arguing that Plaintiff utterly failed to present viable fraud claims. However, the Court believes that Hall Ford misinterprets the requirements of a Rule 12(b)(6) motion. Hall Ford maintains that Plaintiff must allege every single specific fact that would be presented at trial to prove the fraud claim. In addition, Hall Ford argues that Plaintiff must "allege and prove by clear and convincing evidence" his fraud claims at the motion to dismiss stage. Motion to Dismiss, p.8. The Court finds no legal support for such an argument.

possession. This argument fails for multiple reasons. As an example, one of Plaintiff's alternative theories claims that Hall Ford made a false statement in the mileage disclosure form which is required for every title transfer, in violation of 49 U.S.C. § 32705(a)(1)(A). In addition, Plaintiff also claims that, although the specific date is unknown, Hall Ford had possession of the Explorer between December 13, 2002, and the point Plaintiff purchased the vehicle, during which time Hall Ford altered the odometer. Amended Complaint, ¶ 8. Such allegations supports Plaintiff's claim against Hall Ford.

3.      *Odometer Reading not on another Document*

Hall Ford also alleges that Plaintiff complaint fails to state a cause of action as a matter of law because Plaintiff does not claim that no other document contained the requisite correct odometer reading. In addition, Hall Ford indicates that the availability of this other document disproves a lack of intent to defraud, the required *mens rea* to successfully prove a statutory violation. Hall Ford cites *Compton v. Altavista Motors, Inc.*, 121 F.Supp.2d 932 (W.D. Va. 2000), in support of its position that a second document can contain the accurate mileage information normally provided on the title. The Court disagrees. Plaintiff does allege violation of the statute, and lays out enough facts to meet the required elements: i.e., alleged odometer tampering in violation of 49 U.S.C. § 32703, failure to properly disclose odometer reading in violation of 49 U.S.C. § 32705, and intent to defraud under these prior two statutes, in violation of 49 U.S.C. § 31710(a).

Moreover, Hall Ford's reliance on *Compton* is unavailing. First, the plaintiff in *Compton* did not contend that the odometer reading information she received prior to obtaining the vehicle was inaccurate; rather, she complained that the information was not on the title. As noted by the

10

court:

> "[the dealer] might have violated the Odometer Act by disclosing the car's mileage on the odometer disclosure statement rather than on the title at the time of the transaction. Nevertheless, even if [the plaintiff] can show that an Odometer Act violation occurred, she cannot avoid summary judgment unless she can provide evidence sufficient to show that [the dealer] committed the violation with an intent to defraud. Unlike nearly all of the reported cases that have discussed the Odometer Act's "intent to defraud" requirement, [the plaintiff's] argument that [the dealer] violated the Act with an intent to defraud does not pertain to the accuracy of the odometer reading disclosed by the dealer. Indeed, [the plaintiff] does not contest the fact that [the dealer] correctly disclosed the odometer mileage for the car, both on the buyer's order and on the odometer disclosure statement. Instead, [the plaintiff] sets forth the novel argument that, if she can establish that [the dealer] acted with an intent to defraud concerning the Act's requirement that mileage be disclosed on the title itself, then she can meet the test for claiming civil liability." *Compton*, 121 F.Supp.2d at 941.

Here, Plaintiff claims *both* that inaccurate information was placed on the title, and that the odometer reading reflected the rolled-back mileage number. What Plaintiff has done is provided several different alternative theories as to how those wrongful numbers came about. Second, the court decided *Compton* on summary judgment, and expressly stated that there was no *evidence* of intent to defraud because the dealer did provide accurate information. *Id*. On a motion to dismiss, Plaintiff does not have to provide evidence of intent to defraud, but must only allege such allegations.[4]

4.     *Operation of a Vehicle with Alleged Rolled-Back Odometer*

Hall Ford believes that Plaintiff's claim should also be dismissed because the Odometer Act does not prohibit the operation of a vehicle after odometer tampering, and that federal law permits odometers to be adjusted. Hall Ford attempts to infer a faulty complaint by stating that Plaintiff failed to allege that no written notice of repair was attached to the vehicle, or that the vehicle was not serviced in accordance with 49 U.S.C. § 32704. The Court finds that Hall Ford

---

[4] In addition, Hall Ford's reasoning to support its dismissal appears to be more of a defense to Plaintiff properly presented complaint, than a fault in the complaint itself

11

allegations present the Court with a potential defense to Plaintiff's complaint, and not necessarily a fault in Plaintiff's underlying allegations. Such defenses should not be addressed on a motion to dismiss, but rather in a summary judgment motion or at trial.

5.    *Joint and Several Liability as a Matter of Law*

Hall Ford contends that Plaintiff's complaint should be dismissed because "Plaintiff is seeking to impose joint and several liability for the alleged violations of the Odometer Act, which are not authorized by statute." Motion to Dismiss, p.17. Hall Ford notes that "joint and several liability [is] applied only where multiple defendants are responsible for a single tort, not where multiple defendants have each committed a separate tort." Motion to Dismiss, p.17 (quoting *Ferris v. Haymore*, 967 F.2d 946, 956 (4th Cir. 1992). While Hall Ford's claim has some merit on one front, the application of the entire law potentially causes more problems and more liability for Hall Ford. In addition to the conspiracy claim, Plaintiff specifically alleges that each defendant individually played a part in violating the odometer act: whether leaving the title blank regarding the odometer reading, affirmatively misrepresenting the odometer mileage on the title, or changing the odometer itself. In *Ferris*, the court held "that the federal odometer statute, especially given its dual purposes of compensating defrauded purchasers and punishing tamperers, imposes separate and individual treble damages liability on each person who violates its proscriptions." *Ferris*, 967 F.2d at 957 (internal citations omitted). Thus, the Fourth Circuit interprets the Odometer Act as placing individual liability on each alleged tortfeasor. *Id.* (finding that "[t]he statute ... not only provides to victims of odometer fraud a cause of action against each violator of the statute but also expressly provides that each violator will be liable for treble or statutory damages."). Accordingly, while no liability can be placed upon Hall Ford if a jury finds insufficient evidence to support Plaintiff's claims against the dealer, if a jury finds Hall Ford committed any of above offenses, the dealer is individually responsible to pay the *entire* amount of treble damages under the Odometer Act, without seeking compensation or indemnity from the

other dealers. *Id.*

Even without the Fourth Circuit's expansive view of the Odometer Act, Plaintiff's claim should not be dismissed because he claimed in the alternative that the defendants conspired to alter the odometer reading. Such a claim makes Hall Ford jointly and severably liable. *Ferris*, 967 F.2d at 956.

Accordingly, Hall Ford's Motion to Dismiss the complaint on these bases is also **DENIED.**

### D.     Federal Preemption of Plaintiff's VCPA claim

Hall Ford also alleges that federal law preempts Plaintiff's VCPA claims. Motion to Dismiss, p.17. Unfortunately, Hall Ford failed to read 49 U.S.C. § 32711 (2003), which specifically states: "[e]xcept to the extent that State Law is inconsistent with this chapter, this chapter does not – (1) affect a State law on disconnecting, altering, or tampering with an odometer with intent to defraud... ." Thus, Hall Ford's Motion to Dismiss on preemption grounds is **DENIED.**

### E.     Conclusory Claims that Hall Ford is a "Supplier" under the VCPA

Hall Ford claims that Plaintiff's allegation that Hall Ford is a "supplier" under the VCPA is conclusory and is unsupported. Hall Ford cites to several cases which supported the conclusion that manufacturers who sold building materials which were later installed in homes or other machineries were not "suppliers" under the VCPA. Motion to Dismiss, p.18. However, Virginia law does not support Hall Ford's interpretation of the VCPA coverage. In *Harris v. Universal Ford, Inc.*, 2001 U.S. Dist. LEXIS 8913 (E.D.Va.2001), the court rejected the claim that an automotive dealer in Hall Ford's position was not a "supplier" under the VCPA. The court reasoned that "[t]o accept [the dealer's] argument would insulate all parties who are one-step-removed from a transaction or activity, but who have to know the possible consequences of their fraudulent actions. Such is not the law in Virginia." *Id.* at *12; *see also Virginia Beach*

13

*Rehab Specialists, Inc. v. Augustine Medical, Inc.,* 58 Va. Cir. 379, 2002 WL 31431490 (Va. Cir. Ct., Mar 19, 2002) (declaring that "the language of the [VCPA] does not seem to limit protection only to those transactions that occur directly between a supplier and the ultimate consumer."); *Merriman v. Auto Excellence, Inc.,* 55 Va. Cir. 330, 2001 WL 1763982 (Va. Cir. Ct., Jun 18, 2001)(denying a motion to dismiss because the language of the VCPA appears to incorporate car suppliers, especially when one considers that "the General Assembly has said that its intent is to apply the Act as "remedial legislation to promote fair and ethical standards of dealings between suppliers and the consuming public.""). Accordingly, Hall Ford's Motion to Dismiss because it is not a "supplier" under the VCPA is **DENIED**.[5]

## F.   Conclusory Conspiracy Claims

Hall Ford contends that all conspiracy allegations are simply conclusory in nature. Under Virginia law:

> "[a] criminal conspiracy is an agreement to commit a crime. See *Wright v. Commonwealth,* 224 Va. 502, 297 S.E.2d 711 (1982). A civil conspiracy is a combination of two or more persons, by some concerted action, to accomplish some criminal or unlawful purpose, or to accomplish some purpose, not in itself criminal or unlawful, by criminal or unlawful means. *Werth v. Fire Adjust. Bureau,* 160 Va. 845, 855, 171 S.E. 255, 259, *cert. denied,* 290 U.S. 659, 54 S.Ct. 74, 78 L.Ed. 570 (1933). There can be no conspiracy to do an act which the law allows. *Id.* Thus, to survive [a motion to dismiss], an allegation of conspiracy, whether criminal or civil, must at least allege an unlawful act or an unlawful purpose." *Hechler Chevrolet, Inc. v. General Motors Corp.,* 230 Va. 396,332 S.E.2d 744, 748 (Va. 1985).

Here, Plaintiff alleges that between December 13, 2002, and April 5, 2003, at least two corporations, one of which includes Hall Ford, conspired to violate, among other things, the

---

[5] In addition, Hall Ford failed to make the distinction between a supplier of commercial products which are sold to another commercial retailer to be installed in a future home or piece of machinery, and the selling of a car by a distributor to be later sold to consumers. *see Bindra v. Michael Bowman & Associates, Inc.,* 58 Va. Cir. 47, 2001 WL 1829999 (Va. Cir. Ct., Sep 19, 2001).

Odometer Act, VCPA, and common law fraud, through the failure to disclose the proper mileage on a vehicle sold, and through rolling back the odometer on the vehicle. Such a claim is sufficient to withstand a motion to dismiss. Therefore, the Court finds that Plaintiff has properly presented a conspiracy claim, and Hall Ford's Motion to Dismiss Plaintiff's conspiracy count is **DENIED.**

**G.    Negligence Claims.**

Hall Fords argues that Plaintiff fails to allege all elements in a negligence claim. To state a negligence claim, Plaintiff must allege "a legal duty, a violation of the duty, and consequent damage." *Marshall v. Winston*, 239 Va. 315, 389 S.E.2d 902, 904 (1990)(citing *Fox v. Custis*, 236 Va. 69, 73-74, 372 S.E.2d 373, 375 (1988)). Here, Plaintiff alleges that all sellers within the chain of title have a legal duty, via 49 U.S.C. §§ 32701 et seq., to disclose truthful mileage information of vehicles, and to not tamper with a vehicle's odometer. Plaintiff also alleges that Hall Ford is within the chain of title, and has violated its legal duty to place the proper mileage information on the title. Finally, Plaintiff states that damages resulted from Hall Ford's violation of its legal duty when he stated that the Explorer is now valueless, despite Plaintiff paying over $6,400 at the time of purchase. Therefore, Hall Ford's Motion to Dismiss Plaintiff's negligence count is **DENIED.**

**H.    Decline to Exercise Supplemental Jurisdiction over State Law claims.**

Finally, Hall Ford requests that the Court refuse to exercise supplemental jurisdiction over the state law claims. According to the Supreme Court, "once a district court had valid jurisdiction over a federal claim, it could, in its discretion, exercise supplemental jurisdiction over additional state claims if they arose out of "a common nucleus of operative fact" such that the plaintiff would ordinarily be expected to try the claims in one judicial proceeding." *United*

*Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966); *see also White v. County of Newberry, S.C.*, 985 F.2d 168, 171 (4th Cir. 1993)(stating that, under 28 U.S.C. §1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."). Here, Plaintiff alleges the violation of the Odometer Act. In addition, Plaintiff's state law claims arise out of the allege altering of the odometer, and the falsification of odometer records. To the Court, it is obvious that the claims arise from the same set of operative facts. Thus, the Court accepts supplemental jurisdiction of Plaintiff's state law claims.

### IV. CONCLUSION

For the foregoing reasons, Hall Ford's Motion to Dismiss is **DENIED**.

The Clerk of the Court is **DIRECTED** to send a copy of this Memorandum Opinion and Order to counsel for the parties.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March /7, 2004

16