UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

JOHN K. GOODROW, *et al.*,

    Plaintiffs,

vs.

    Civil No. 3:11CV020 (MHL)
    (Consolidated)

FRIEDMAN & MACFADYEN, P.A., *et al.*,

    Defendants.

**MEMORANDUM IN SUPPORT OF
MOTION TO DENY PLAINTIFFS' REQUEST FOR PRODUCTION OF ENTIRETY OF
SERVERS AND DATABASES OF DEFENDANT FRIEDMAN & MACFADYEN, P.A.**

Plaintiffs have requested[1] that Defendants in this matter produce servers containing confidential and privileged information. This request is, ostensibly, so that a list of class members may be determined to implement the parties' settlement in this case. Plaintiffs' requests is over-broad and inconsistent with the terms of the parties' settlement agreement. For that reason, Defendants move that Plaintiffs' request be denied. The Court also entered an order that the Defendants explain their concerns related to attorney-client privilege and the Friedman & MacFadyen servers and whether those concerns may be appropriately safeguarded by a protective order or the Federal Rules of Civil Procedure. Defendants respectfully request that this Motion be deemed to include the briefing requested by the Court.

1. **The Parties' Settlement Agreement Does Not Require Defendants to Turn Over Computer Servers to the Plaintiffs.**

The parties have entered into a settlement agreement that requires Defendants to provide certain information to Plaintiffs, but does not require that the Defendants give over their

---

[1] No pending discovery request seeks these servers and Plaintiffs have filed no motion to this effect. The request in this case is an oral one that Plaintiffs' counsel made to the Court yesterday, December 11, 2013.

computer servers to the Plaintiffs for inspection or otherwise. See **Exhibit A** ("Settlement Agreement"). Paragraph 4.3.1 of the Settlement Agreement provides, in pertinent part:

> **4.3.1 Production of Class List**. The Parties recognize that Defendants have ceased doing business and have limited means to create or assure a class list. Defendants shall cooperate with the Settlement Administrator by using best efforts to compile and verify the class list by <u>providing information within Defendants' possession or control containing class member information and identities. Defendants will access and make available to Class Counsel and the Settlement Administrator **information from a server**</u> containing the contact and other information of persons who may qualify as Class Members, and the information recovered will be provided to the Settlement Administrator and Class Counsel to develop the Class List." (**emphasis added**).

The parties' agreement is *not* for the Defendants to provide the entirety of the servers containing F&M's client and matter databases (including attorney-client privileged communications, client confidences and secrets, personal financial information of homeowners, and proprietary lender and servicer materials). Defendants advise that the servers in question are the repositories of many of the law firm's client-related documents, records, and other information, the large majority of which the Defendants came to possess only by dint of their work for clients as their attorneys and which the clients have advised should be held confidentially. "The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law." *Upjohn v. United States,* 449 U.S. 383, 389, 66 L. Ed. 2d 584, 101 S. Ct. 677 (1981). "When the privilege applies, it affords confidential communications between lawyer and client complete protection from disclosure." *Hawkins v. Stables,* 148 F.3d 379, 383 (4th Cir. 1998). *See also* Virginia Rule of Professional Conduct 1.6 (precluding disclosure of privileged information or information gained in the professional relationship that the client has requested be held inviolate or the disclosure of which would be embarrassing or detrimental unless the client consents to the disclosure after consultation).

2

Rather, the parties' settlement agreement contemplates that Defendants will provide information from the servers needed for the narrow purpose of developing the Class List. Defendants have been working diligently toward that end, contacting F&M's principal, who has in turn reached out to former information systems' employees of the firm. One such individual was a developer of the database the firm maintained, which contained all of the names of those who are potential members of the Class, defined in Section 1.2 of Exhibit A as "any individual mortgagor/debtor (and/or their co-mortgagor(s)/co-debtor(s)) to whom Defendants had communicated a foreclosure related correspondence regarding a property owned at least in part by such mortgagor/debtor during the period between January 10, 2010 and August 31, 2012, inclusive of those dates".

Defendants represented to the Court and continue to represent that they are diligently working toward providing that information, recruiting the assistance of F&M's former information systems' employees who are best suited to accessing data contained on F&M's servers and may have the required passwords that protect that information. After weeks spent determining the extent of what was necessary to extract the data and who would be best suited to retrieve it from F&M's systems and reaching out to key former employees, counsel for Defendants were able to schedule the data extraction.

Among the information to be produced are the potential Class member names, addresses of the homeowner properties to which F&M correspondences were sent, and the identity of the servicers of the delinquent loans which F&M attempted to collect on during the January 10, 2010 through August 31, 2012 time frame defining the Class.

Plaintiffs, nevertheless, want the Defendants to produce the servers in their entirety. Plaintiffs requested as much at the December 4, 2013 hearing, but the Court did not order

Defendants to make that production. Counsel for Defendants made clear that the servers contained confidential information. The Court ordered, and the Defendants are working to implement the Court's order, that the parties proceed along two tracks simultaneously. The first track is that Defendants would attempt to get the required passwords and generate the Class List as the settlement agreement contemplated. The second track is that, with the entry of a protective order, and in the absence of necessary passwords, the parties would jointly travel to Maryland, where the server is located and, with requisite IT professionals, attempt to access the database application on the servers necessary to generate the Class List. That effort is necessarily much more difficult, time consuming, and expensive than the first track, but in the interests of time, Defendants agreed it was appropriate to work both strategies simultaneously. Indeed, when Plaintiffs' Counsel expressly explained what Plaintiffs wanted to do with the Defendants' server, it was to have access to "pick the lock" of the servers in the event that Defendants were unable to obtain necessary passwords. That is, of course, a far cry from giving the servers over to Plaintiffs' Counsel, permitting unrestricted access to untold amounts of confidential and privileged client data. There is no reason to do that and Plaintiffs have ventured none.

While it is true that a protective order may "forbid[] inquiry into certain matters," or "require[] that a trade secret or other confidential research, development, or commercial information" not be disclosed (*See* Fed. R. Civ. P. 26(c)), the Plaintiffs' sweeping request for unfettered access to the Defendants' computer servers cannot be granted and still meaningfully protect the privileged and confidential information on the servers. Indeed, the Protective Order entered by the Court in this case permits access only for the purpose of ascertaining the class list contemplated by the parties' agreement. *See* "Stipulated Protective Order" at 1 (Ct. Docket Entry

#176). That order contains an explicit recognition that there are significant confidential, attorney-client, and privacy considerations in making disclosures and giving access to information on the servers. *Id.*

### 2. Defendants Did Not Raise Confidentiality and Privilege Issues for the First Time on December 11, 2013.

As the Court's December 12, 2013 order notes in footnote 1, questions of confidentiality were among the concerns Defendants about data on the servers. This was not the paramount concern because, at the time of the December 4, 2013 hearing, the Court did not order and Plaintiffs did not request, Defendants' entire database and servers. During that December 4, 2013 hearing, all parties agreed that a protective order permitting disclosure of the information needed to develop the class list was the common goal.

Indeed, as the Court's December 12, 2013 order indicated, defense counsel proposed having counsel and information systems' experts for *both* sides present in Baltimore at the site of the equipment for the purpose of: (a) imaging a complete copy of the database within the server that contains all foreclosure activity information and (b) conducting the queries necessary to generate the Class List information identified in Paragraph 8 above.

Neither the Class Action Settlement Agreement and Release (to which they are committed), nor the Stipulated Protective Order entered by this Court on December 6, 2013, nor any directive of this Court at the December 4, 2013 hearing compels Defendants to turn over F&M's computer equipment and complete database to Plaintiffs' Counsel or the Class Administrator. Agreement to the entry of the Stipulated Protective Order was not intended to be a panacea to all of the Defendants' obligations to maintain client-owned privileges. It was intended to backstop the parties in the event that during the course of developing the Class List, confidential materials were exposed. Nothing by its terms or intended purpose suggests that the

Protective Order requires blanket disclosure of client files. If that sort of broad disclosure were contemplated, F&M would have notified the clients affected by any possible disclosure that confidential information was going to be shared with third-parties lawyers engaged in class action activity against Defendants.[2]

The Stipulated Protective Order is capable of preserving between these parties information that is sensitive or proprietary, and it could potentially protect from waiver of attorney-client privileged communications inadvertently revealed, but it cannot (and was not designed to) permit express disclosure of every exchange F&M had with its lender and servicer clients and all the private financial information of mortgagors compiled by the Defendants on behalf of those clients. Such a sweeping voluntary disclosure, which was never contemplated, would effect an express wavier of years' worth of privileged communications.

### CONCLUSION AND PRAYER FOR RELIEF

Wherefore, Defendants respectfully request that Plaintiffs' request for access to the entirety of the F&M servers and their client/matter databases be denied and that Defendants be permitted to retain images of the servers to preserve the information contained therein, (should they be needed at a later time in the Class Action Settlement process), while providing Plaintiffs' counsel and the Class Administrator information from the servers limited to what is necessary to develop the Class List.

---

[2] Pursuant to the Court's December 12, 2013 Order, defense counsel has provided notice of the Court's order to Kenneth MacFadyen, Esquire (a former named partner of Defendant Friedman & MacFadyen P.A.). Defense counsel has also contacted attorneys who represent JPMorgan, who advise that they intend to assert their privilege and confidence protections concerning any request for information protected by those doctrines. As noted above, this did not become an issue in coordinating the logistics of the Class Action Settlement until the recent demand from Plaintiffs' counsel that Defendants turn over their computer servers.

DATED: December 12, 2013               Respectfully Submitted,

                                       FRIEDMAN & MACFADYEN, P.A.,
                                       JOHNIE R. MUNCY, and
                                       F&M SERVICES, L.C.,

                                       By Counsel

___/s/ Cullen D. Seltzer___
Douglas P. Rucker, Jr. (VSB No. 12776)
Andrew Biondi (VSB No. 48100)
Cullen D. Seltzer (VSB No. 35923)
Faith A. Alejandro (VSB No. 80076)
Eric C. Howlett (VSB No. 82237)
SANDS ANDERSON PC
2300 Bank of America Center
1111 East Main Street (23219)
Post Office Box 1998
Richmond, Virginia 23218-1998
Telephone: (804) 648-1636
Facsimile: (804) 783-7291
Email: drucker@sandsanderson.com
Email: abiondi@sandsanderson.com
Email: cseltzer@sandsanderson.com
Email: falejandro@sandsanderson.com
Email: ehowlett@sandsanderson.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the following:

Dale W. Pittman, Esq.
The Law Office of Dale W. Pittman, P.C.
112-A W. Tabb Street
Petersburg, Virginia 23803
Telephone: 804-861-6000
Facsimile: 804-861-3368
dale@pittmanlawoffice.com

John C. Petersen, Esq.
Surovell Isaacs Petersen & Levy PLC
4010 University Drive, Suite 200
Fairfax, Virginia 22030
Telephone: 703-251-5400
Facsimile: 703-591-9285
jpetersen@siplfirm.com

Kristi Cahoon Kelly, Esq.
Surovell Isaacs Peterson & Levy PLC
4010 University Drive, Suite 200
Fairfax, Virginia 22030
Telephone: 703-277-9774
Facsimile: 703-591-2149
kkelly@siplfirm.com
Leonard Anthony Bennett, Esq.
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Boulevard, 1-A
Newport News, Virginia 23601
Telephone: 757-930-3660
Facsimile: 757-930-3662
lenbennett@cox.net

Matthew J. Erausquin, Esq.
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, Virginia 22314
Telephone: 703-273-6080
Facsimile: 888-892-3512
matt@clalegal.com

Richard J. Rubin, Esq.
1300 Canyon Road
Santa Fe, New Mexico 87501
Telephone: 505-983-4418
Facsimile: 505-983-2050
dickrubin@cs.com

        /s/ Cullen D. Seltzer
Cullen D. Seltzer (VSB No. 35923)
SANDS ANDERSON PC
2300 Bank of America Center
1111 East Main Street (23219)
Post Office Box 1998
Richmond, Virginia 23218-1998
Telephone: (804) 648-1636
Facsimile: (804) 783-7291
Email: cseltzer@sandsanderson.com
*Counsel for Defendants*