UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

JOHN K. GOODROW, *et al.*,      :
      :
      Plaintiffs,      :
      :
vs.      :      Civil No. 3:11CV020 (MHL)
      :      (Consolidated)
FRIEDMAN & MACFADYEN, P.A., *et al.*,:
      :
      Defendants.      :

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

Plaintiffs John K. Goodrow, Allen Chatter, Letonya Banks, Laurel Buel, Milton Buel, Adam Mbundure, and Michelle McBeth (collectively, "**Plaintiffs**"), on behalf of themselves and all others similarly situated (the "**Class**" as further defined below), and Defendants Friedman & MacFadyen, P.A., F & M Services, L.C., and Johnie R. Muncy (collectively, "**Defendants**" and, together with Plaintiffs and Class, the "**Parties**") enter into the following Class Action Settlement Agreement and Release ("**Settlement Agreement**" or "**Agreement**").   This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve all claims under the Federal Fair Debt Collection Practices Act (FDCPA) and if applicable any equivalent state statutes, and it recites and provides as follows:

## RECITALS

WHEREAS, on January 10, 2011, Plaintiff John Goodrow filed a lawsuit against Defendants in the United States District Court for the Eastern District of Virginia (Richmond Division), Civil Action No. 3:11-CV-020; and

WHEREAS, thereafter on July 26, 2011, Plaintiff Michelle McBeth filed a lawsuit against Defendants in the United States District Court for the Eastern District of Virginia



EXHIBIT

A

(Richmond Division), Civil Action No. 3:11-CV-479; on July 28, 2011, Plaintiff Adam Mbundure filed a lawsuit against Defendants in the United States District Court for the Eastern District of Virginia (Richmond Division), Civil Action No. 3:11-CV-489; on September 16, 2011, Plaintiff Allen Chatter filed a lawsuit against Defendants in the United States District Court for the Eastern District of Virginia (Richmond Division), Civil Action No. 3:11-CV-613; on September 16, 2011, Plaintiff Letonya Banks filed a lawsuit against Defendants in the United States District Court for the Eastern District of Virginia (Richmond Division), Civil Action No. 3:11-CV-614; and on October 26, 2011, Plaintiffs Laurel Buel and Milton Buel filed a lawsuit against Defendants in the United States District Court for the Eastern District of Virginia (Richmond Division), Civil Action No. 3:11-CV-716; and

WHEREAS, on November 22, 2011, the Court entered an Order consolidating the lawsuits of Plaintiffs Letonya Banks, Michelle McBeth, Laurel Buel, Milton Buel, Allen Chatter and Adam Mbundure's Lawsuits with that of Plaintiff John Goodrow (collectively, **"Litigation"**);

WHEREAS, Plaintiffs alleged in the Litigation various state law and Federal causes, either individually or on a class basis, and alleged multiple violations of the FDCPA on an individual and/or class basis; and

WHEREAS, by separate and unconditioned agreement, the Parties have resolved all other claims on an individual basis;

WHEREAS, the Parties resolved their claims under the FDCPA on a class basis (the **"Proposed Settlement"**); and

WHEREAS, the Proposed Settlement would result in payment to the class $500,000.00, (the **"Settlement Amount"**); and

2

WHEREAS, Plaintiffs and their counsel believe that the FDCPA claims asserted in the Litigation are meritorious, yet also recognize that that these actions have an uncertain outcome and that pursuing this Litigation through trial would involve substantial cost, risk, and inevitable delay; and

WHEREAS, based on their evaluation of the facts and law, and a weighing of the risks and benefits, which include, among other things, whether the facts support the FDCPA claims raised in the Amended and Second Amended Complaints or any other related or possible claims, the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and any appeals, and the substantial benefits that the Proposed Settlement confers upon the Class, Plaintiffs and their counsel have determined that the Proposed Settlement set forth in this Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Class; and,

WHEREAS, the Class Representatives, through Class Counsel (defined in Paragraph 1.4 below), who have conducted an investigation into the relevant facts and circumstances and engaged at arm's length negotiation with Defendants' counsel, have concluded that it is in the best interest of the Class to settle the claims of the members of the Class (the "**Class Members**") on the terms set forth herein, which are deemed to be fair, reasonable, and adequate; and

WHEREAS, Defendants deny all of the allegations of wrongdoing, and/or that they have any liability to Plaintiffs or the Class, and the Parties understand and agree that neither the payment of any sum of money, nor the execution of this Settlement Agreement, shall constitute or be construed as an admission of liability or wrongdoing by Defendants; and

WHEREAS, Defendants and their counsel believe that the FDCPA claims asserted in the Litigation or in other non-litigation claims are not meritorious, yet they also recognize that these actions have an uncertain outcome and that pursuing the Litigation through trial would involve

3

substantial cost and uncertainties, so they also wish to settle these suits and claims;

NOW, THEREFORE, as the result of the above recitals, the Parties HEREBY STIPULATE AND AGREE, by and through their respective undersigned counsel, and subject to approval of the Court pursuant to Rule 23(e) of the *Federal Rules of Civil Procedure*, that in consideration of the benefits flowing to the Parties from the Settlement set forth herein, the Litigation, Class Action Lawsuits, and the Released Claims (as identified and defined below) shall be finally and fully compromised, settled and released, and the Litigation and Class Action Lawsuits shall be dismissed with prejudice, as to all Parties, upon and subject to the terms and conditions of this Settlement Agreement, and the Parties further covenant and agree as follows.

1.   **DEFINITIONS**

As used in this Settlement Agreement, the following terms have the meanings specific below:

1.1   **Parties**:   The Parties to this Class Action Settlement Agreement and Releases are the Plaintiffs and Defendants, as defined above, and Class Members, as defined below.

1.2   **Class:**   For purposes of this Settlement Agreement, Class means: any individual mortgagor/debtor (and/or their co-mortgagor(s)/co-debtor(s)) to whom Defendants had communicated a foreclosure related correspondence regarding a property owned at least in part by such mortgagor/debtor during the period between January 10, 2010 and August 31, 2012, inclusive of those dates (the "**Class**").

1.3   **Class Action Lawsuits:**   Class Action Lawsuits mean the above-captioned action, *Goodrow v. Friedman & MacFadyen, P.A. et al.*, currently pending in the United States District Court for the Eastern District of Virginia (Richmond Division), Case No. 3:11-CV-020, and those lawsuits that were consolidated with *Goodrow*, each of which is identified in the Recitals

4

above.

1.4 **Class Counsel or Plaintiffs' Counsel:** Class Counsel or Plaintiffs' Counsel means counsel for the Class Representatives and the Class Members: Dale W. Pittman, the Law Office of Dale W. Pittman, P.C., 112-A W. Tabb Street, Petersburg, VA 23803; Leonard A. Bennett, Mathew J. Erausquin, Susan Rotkis, Casey Nash and Janelle Elene Mason, Consumer Litigation Associates, P.C., 763 J. Clyde Morris Blvd., Suite 1-A, Newport News, VA 23601; and Kristi C. Kelly and Andrew J. Guzzo, Surovell Isaacs Peterson & Levy PLC., 4010 University Drive, Second Floor, Fairfax, VA 22030.

1.45 **Class Counsel or Plaintiffs' Counsel Fee Award:** As referenced below, Defendants agree to pay and not contest an award of Class/Plaintiff's Counsel's fees and expenses and costs, not to exceed $550,000, subject to award and approval by the Court.

1.5 **Class Representatives:** Class Representatives, means John K. Goodrow, Allen Chatter, Letonya Banks, Laurel Buel, Milton Buel, Adam Mbundure, and Michelle McBeth.

1.6 **Court:** Court means the United States District Court for the Eastern District of Virginia

1.7 **Defendants' Counsel:** Defendants' Counsel means Andrew Biondi, Cullen D. Seltzer, Douglas P. Rucker, Jr., Eric C. Howlett and Faith A. Alejandro, and the firm of Sands Anderson, P.C., 1111 E. Main Street, 23rd Floor, P.O. Box 1998, Richmond, VA 23218.

1.8 **Effective Date of Settlement or Effective Date:** Effective Date means the first date by which all of the events and conditions specified in Paragraph 8.1 have been met and have occurred.

1.9 **Fairness Hearing:** Fairness Hearing means the hearing at which the Court will

consider and decide whether to approve the Proposed Settlement and the Settlement Agreement, enter the Final Order and Judgment, and make any other such rulings that are contemplated by this Settlement Agreement.

      1.10   **Final:** Final means one business day after the latest of the following events: (a) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment or Order approving the Settlement by any intervener or objector, which shall run on the date of entry of the Final Judgment or Order if there are no such interveners or objectors; and (b) if there is an appeal or appeals, the date of completion, in a manner that finally affirms and leaves in place the Final Order and Judgment without any material modification, of all proceedings arising out of the appeal or appeals ( including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand; or (c) the date of final dismissal of any appeal or the final dismissal of any proceeding on certiorari.

      1.11   **Final Order or Final Judgment and Order:**   Final   Order   or   Final Judgment and Order means the proposed final order and judgment to be entered by the Court approving the Settlement, substantially in the form attached hereto as **Exhibit A.**

      1.12   **Notice and Class Notice:**   Notice and Class Notice means the Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing, which is to be sent to members of the Settlement Class substantially in the form of **Exhibit B**, attached hereto.

      1.13   **Notice Date:** Notice Date means the date that the Notice is mailed to the Class Members.

      1.14   **Opt-Out Date:**   Opt-Out Date means the deadline for the Settlement

6

Administrator (defined in Paragraph 1.19 below) to receive from Class Members requests for exclusion from the Settlement.  The Opt-Out Date shall be at least forty-five (45) days after the Notice Date, and requests for exclusion received after that date will have no legal effect.

1.15   **Order for Notice and Hearing or Preliminary Approval Order:**        Order for Notice and Hearing or Preliminary Approval Order means the order certifying the proposed Class for settlement purposes, preliminarily approving this Settlement Agreement, approving the Notice, and substantially in the form attached as **Exhibit C**.

1.16   **Released Claims:**   Released Claims means all claims, complaints, causes of action, lawsuits, judgments and demands of whatever kind, in law or in equity, known or unknown, foreseen and unforeseen, which arise from or are related to any facts, allegations and circumstances, which have been alleged, or which could have been alleged, against the Released Parties (as defined below) in the Litigation and Class Action Lawsuits for alleged violations of the Federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.* or similar state statutes.

1.17   **Released Parties:**        Released Parties means Friedman & MacFadyen, P.A., F & M Services, L.C., and Johnie R. Muncy, and their agents, current and former employees, consultants, officers and directors, owners, principals, partners, associates, members, shareholders, attorneys, representatives, executors, administrators, predecessors and/or successors in interest, affiliates, commonly-owned entities, companies, corporations, partnerships, sister companies, related entities, trusts, and the like, and their attorneys and insurers.  The Released Parties shall not include any mortgage servicer, note beneficiary, Fannie Mae, Freddie Mac, LPS, DocX, MERS or any other entity not affiliated with Defendants by common ownership or direct control.

1.18   **Settlement:**   Settlement means the terms and conditions set forth in this

Settlement Agreement, including all Exhibits to the Joint Motion referred to herein.

1.19 **Settlement Administration Costs and Expenses:** Settlement Administration Costs and Expenses means the costs and expenses connected with obtaining the services of a Settlement Administrator to facilitate the Settlement, including but not limited to, the costs of identifying Class Members, printing and mailing the Notice and mailing Settlement Checks to eligible Class Members.

1.20 **Settlement Administrator:** Settlement Administrator means the independent administrator, who is experienced in administering class settlements, as selected by Plaintiffs' Counsel, and who is not a member of, associated with, or related to either the Plaintiffs or Defendants or the Parties' counsel or their firms, and shall be subject to reasonable approval by Defendants' Counsel.

1.21 **Settlement Amount:** The Settlement Amount of $500,000, which is the maximum amount to be paid to the Class Members (with the exception of the Service Awards defined below), shall include all costs of Class identification, notice and administration. The Settlement Amount shall be divided into two separate accounts: (a) one account to pay the anticipated costs, fees, and expenses of the Settlement Administration ("the **Administration Fund**"), and (b) a separate account as a "**Claims Fund**", which is the amount remaining of the Settlement Amount after deducting the amount of the Administration Fund. The Claims Fund is to be distributed among Plaintiffs, Class Members, and Class Representatives, after the administrative expenses are paid, and as further described below.

1.22 **Settlement Checks:** Settlement Checks are the checks used to pay Class Members. Settlement Checks that are returned, undeliverable, or remain uncashed for ninety (90) days from the date upon which they were mailed to Class Members shall have no legal or

monetary effect. Sums represented by uncashed checks shall revert to the Claims Fund for distribution as provided herein.

1.23    **Settlement Hearing:** Settlement Hearing means the hearing to determine whether the settlement of the Class Action Lawsuit should be given final approval.

## 2.0    PLAN OF ALLOCATION AND SETTLEMENT CONSIDERATION

2.1    The Parties hereby stipulate and agree that, solely for the purpose of this Settlement Agreement, the Plaintiffs' complaint is maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.  Defendants represent that, to the best of their knowledge, there are approximately ▮▮▮▮ persons who are Class Members. Defendants agree that, as part of this Settlement Agreement only, this case may proceed as a class action and agree to the Class definition provides herein, solely for the purposes of the Settlement and its implementation.  If this Settlement fails to be approved or otherwise fails to be consummated, Defendants reserve all rights to object to the maintenance of this case as a class action and any representation or concession made in connection with the Settlement or in this Settlement Agreement shall not be considered binding, the law of the case, *res judicata*, any form of estoppel, or any form of an admission in this or any other proceeding.

2.2.    Defendants shall cause payment of the Settlement Amount of $500,000 to be made to the Settlement Administrator. Payment of the Settlement Amount is intended to be all-inclusive and encompassing (with the exception of the Class Counsel or Plaintiffs' Counsel Fee Award defined in 1.45 above and Service Awards defined in 2.4 below) and is intended to resolve any and all Released Claims that Plaintiffs and Class Members have or may have against Defendants; and shall include all costs of Class identification, notice and administration; shall be divided into two separate accounts:  (a) one account to pay the anticipated costs, fees,

9

and expenses of the Settlement Administration ("the **Administration Fund**"), and (b) a separate account as a "**Claims Fund**", which is the amount remaining of the Settlement Amount after deducting the amount of the Administration Fund. The Claims Fund is to be distributed among Plaintiffs, Class Members, and Class Representatives, as further described below. Under no circumstances shall Defendants be required to make any further payments to either the Settlement Administrator or the Plaintiffs or Class Members, beyond the maximum $1,085,000 dollar amount of the collective funds, awards, and/or payments described herein and shall revert to the Claims Fund as provided herein.

2.3     The Claims Fund shall be divided on a *pro rata* basis among the number of Class Members who submit a claim.  Any Person who timely and correctly requests exclusion from the Settlement shall not be entitled to receive any portion of the Claims Fund.  Settlement Checks to the Class Members shall expire ninety (90) days from the date that they are issued by the Settlement Administrator.

2.3.1    Class Members who elect to seek a distribution from the Claims Fund must submit to the Settlement Administrator such claims by no later than forty-five (45) days after the date of the Class Notice (attached as **Exhibit B**) by either (a) completing the Class Claim Form (attached hereto as **Exhibit D**), within 45 days of the Notice date, which Form shall be available on the Settlement Website; or (b) returning to the Settlement Administrator, via U.S. mail, the Claim Form attached to the Class Notice, within 45 days of the Notice date.

2.3.2    To be eligible to participate in the Claims Fund, a claimant must complete the Claim Form and return the completed form to the Settlement Administrator within 45 days after the date of the Class Notice, which form shall be provided within the Class Notice and also made available by request from the Settlement Administrator or for completion on the Settlement

Website. The Claim Form shall be a simple, one-page form requiring only confirmation of the Class Member's name and current postal address and election to participate in the claims process. The Class Notice and the Settlement Website shall provide complete instructions for completion of this claims process.

2.3.3 If determined economically efficient, the Settlement Administrator may instruct that each Claim Form shall bear a stamped claim number unique for each recipient, which shall state that each Class Member must return the Claim Form to be eligible to receive payment from the Claims Fund.

2.4    In addition to the Settlement Amount, Defendants, through their insurer, shall pay a service award approved by the Court, up to $5,000.00 to each of the Class Representatives (the **"Service Awards"**),. At least two weeks before the Final Fairness hearing, Plaintiffs will seek formal approval of the Service Awards, not to exceed the total amount of $35,000.00. Defendants will not contest this petition, but will not be responsible to pay any amount over $5,000.00 per Class Representative, or a total of $35,000. The Service Award payments will be made after the Final Order becomes final.

2.5    In addition to the Settlement Amount, Defendants, through their insurer, agree to pay Plaintiffs/Class Counsel for all attorneys' fees and expenses approved by the Court, in an amount not to exceed Five Hundred and Fifty Thousand Dollars ($550,000.00). At least two weeks before the Final Fairness hearing, Plaintiffs will seek formal approval of such award. Defendants will not contest this petition, but Defendants will not be responsible to pay any amount over $550,000.00. The attorneys' fees and expenses payment will be made after the Final Order becomes final.

3.0    **RELEASE**

3.1     Upon the Effective Date, the Class Representatives, for themselves and the Settlement Class, shall be deemed to have, and by operation of the Final Judgment and Order shall have, fully, finally, and forever released, relinquished, discharged all Released Claims against the Released Parties, and the Class Members not properly opting out shall be deemed to have, and by operation of this Settlement Agreement, shall have fully, finally, and forever released, relinquished, discharged and waived the Released Claims against the Released Parties. This release is not intended to impair or restrict, expand or create, or otherwise affect any rights of any class member to challenge a foreclosure, seek remedy against a loan servicer or note beneficiary or otherwise prosecute a claim so long as that challenge, remedy or prosecution is not based upon the Released Claims or against the Released Parties.

**4.0     SETTLEMENT ADMINISTRATION**

4.1     **Preliminary Approval Order:**     Within thirty (30) days after the date of the Order Preliminarily Approving Settlement and Providing for Notice and Hearing ("**Preliminary Approval Order**"), the Settlement Administrator shall take appropriate steps to identify the list of Class Members and then shall cause a copy of the Court approved Class Notice to be sent by first class mail to the addresses of the identified Class Members.

4.2     **Settlement Administrator**: Class Counsel will cause to be hired McGladrey, LLP as the Settlement Administrator, subject to approval by the Defendants and the Court. Plaintiffs/Class Counsel aver that McGladrey, LLP is not be a member of, associated with, or related to either the Plaintiffs or Defendants or the Parties' counsel or their firms.

4.3     **Notice Plan:**

4.3.1 **Production of Class List.**   The Parties recognize that Defendants have ceased doing business and have limited means to create or assure a class list.  Defendants shall

12

cooperate with the Settlement Administrator by using best efforts to compile and verify the class list by providing information within Defendants' possession or control containing class member information and identities. Defendants will access and make available to Class Counsel and the Settlement Administrator information from a server containing the contact and other information of persons who may qualify as Class Members, and the information recovered will be provided to the Settlement Administrator and Class Counsel to develop the Class List. Should the server not reveal information sufficient to compile the Class List, Defendants will provide access to hard copy files of potential Class Members within their custody or control. To the extent reasonably available, or if not, then at Class Counsel's expense, Defendants shall provide Class Counsel access to the underlying Class Member files in order to provide information about Class Members who contact the Settlement Administrator or Class Counsel. In addition, the Parties shall consent to the entry of: (a.) a Protective Order requiring the Settlement Administrator to maintain such Class Member information and documents as confidential; and (b.) an Order permitting the service and enforcement of third party discovery to Servicers, LPS, or other appropriate third party as necessary to create an accurate class list. As necessary, the date of the Fairness Hearing and the deadlines for mailed notice may be modified by the Court upon appropriate motion in order to accommodate such third party discovery.

4.3.2   **Address Updates**. Upon completion of the list of Class Members and related materials and as appropriate or necessary working with Class Counsel and Defendants, the Settlement Administrator shall make a commercially reasonable effort to obtain and verify the current address of each Class Member using the files and documents provided, an appropriate third party skip trace or credit header product, and/or the USPS National Change of Address database, or other method the Settlement Administrator deems appropriate.

4.3.3   **Mail Notice for Settlement Class Members.**   No later than thirty (30) days after the Settlement Administrator creates the list of Class Members, the Settlement Administrator shall cause the Class Notice, in a form substantially similar to that attached hereto as Exhibit A, to be sent via first class U.S. mail, postage prepaid, requesting either forwarding service or change of address service to each Class Member (the "Mail Notice").   For up to forty-five days (45) days following the mailing of these notices, the Settlement Administrator will re-mail the notices via standard U.S. mail, postage prepaid, to updated addresses of Class Members to the extent that the Settlement Administrator receives address change notifications from the U.S. Postal Service.   Not later than twenty (20) days before the Final Fairness Hearing, the Settlement Administrator shall cause proof of the mailing of the Mail Notices to be filed with the Court.   Neither the Parties nor the Settlement Administrator shall have any further obligation to send notice of the Settlement to the Settlement Class Members.   The Mail Notice shall include a postage pre-paid, pre-addressed (to the Settlement Administrator) Claim Form, and shall bear a stamped claim number unique for each recipient which shall state that each Settlement Class Member must return the Claim Form to be eligible to participate in the Settlement Amount. The Court may continue hearings from time to time without further notice to the individual Class Members, but Class Counsel must post any such continuances to the Settlement website (defined below).

4.3.4   **Internet Notice.**   Class Counsel, independently or through the Settlement Administrator shall establish an internet website containing information about the Settlement (the "**Settlement Website**") accessible no later than five (5) days prior to the mailing of the Mail Notice. The Settlement Website shall set forth the following information: (a) the full text of the Settlement Agreement; (b) the Mail Notice; (c) the Claim Form; (d) the Preliminary Approval

Order and other relevant orders of the Court; and (e) contact information for the Settlement Administrator. Any language or documents appearing on the Settlement Website in addition to the above-listed documents shall be subject to approval of both Class Counsel and Defense Counsel and the Settlement Administrator prior to their being placed on the Website. No documents shall appear or be linked through this Website that are not related to the Class Settlement. The Settlement Website shall also receive online claims. Not later than twenty (20) days before the Final Fairness Hearing, the Settlement Administrator shall cause proof of the establishment and maintenance of the Settlement Website to be filed with the Court. The Defendants shall send all notices as required under the Class Action Fairness Act of 2005 ("CAFA").

   4.3.5   **Telephone Assistance Program.**   The Settlement Administrator shall establish a toll-free telephone number, which will be staffed by the Settlement Administrator, to answer questions from Settlement Class Members. The toll-free number will provide access to live support, a voice response unit or a combination of live support and voice response unit. Not later than twenty (20) days before the Final Fairness Hearing, the Settlement Administrator will cause proof of the establishment and maintenance of the Telephone Assistance Program to be filed with the Court.

   4.4   **Expenses of Notice and Administration**

   4.4.1 All notice, claims and other administration costs, excluding the costs associated with creation of the class lists and the CAFA Notice, shall be invoiced by the Settlement Administrator and paid promptly from the Settlement Amount. The Settlement Administrator shall provide to Class Counsel a detailed statement of the costs that will be incurred. Within Five (5) days after the Effective Date and subject to approval of Class Counsel,

the Settlement Administrator shall retain this amount from the Settlement Amount to pay for such costs.

4.4.2   The total expenses associated with notice, claims, and all other administration costs, excluding the costs associated with the Settlement Administrator's creation of the class lists and the CAFA Notice, shall not under any circumstances increase the Settlement Amount paid by Defendants .  All such payments shall be made from the Settlement Amount.

4.4.3   Class Counsel estimates that the full cost of identification, notice and administration will not exceed $_____.00, which amount shall constitute the initial Administrative Fund portion of the Settlement Amount.  If the notice and administration costs exceed this amount, the excess will be provided from the Claims Fund portion of the Settlement Amount, before it is distributed to the Class Members. Defendants' insurer will pay this amount to the Settlement Administrator after such person is approved by counsel for the Plaintiffs and Defendants and the court, Plaintiffs/Class Counsel provide Defendants with a w9 tax form for the recipient of the initial Administrative Fund portion of the Settlement Amount, and after the Court enters the Preliminary Approval Order

4.4.4   Costs of identification, notice and administration shall be paid from the Settlement Amount before the calculation of net settlement payments to Class Members who submit claims.

4.4.5   The Settlement Administrator may send a bill to Defendants through their counsel for CAFA notice and expenses incurred prior to the Fairness Hearing.  Any amounts paid other than for the CAFA notice shall serve as a credit in favor of Defendants towards payment of the Settlement Amount.

4.5   **Class Settlement Checks:**   The Settlement Administrator shall send the Class

Notice within thirty (30) days of the Court's entry of the Preliminary Approval Order.   The Claim Fund shall be paid to the Settlement Administrator by the Defendants' insurer for distribution to the Class Members promptly after entry of the Final Order  and after Defendants receive a w9 tax form from Plaintiffs/Class Counsel.   The Settlement Administrator shall distribute the Claims Fund to the Class Members within thirty (30) days after the Settlement Administrator receives the Claims Fund.

4.6     **Class Members' Right of Exclusion:**     Any Class Member may seek to be excluded from this Settlement Agreement and from the Class within the time and in the manner provided herein and as approved by the Court.  Any Class Member so excluded shall not be bound by the terms of this Settlement Agreement nor entitled to any of its benefits.

4.7     **Class Members' Right to Enter and Appearance:**     Any Class Member may enter an appearance through an attorney if the Class Member so desires.

4.8     **Class Members' Right to Object:** Any Class Member may object to the Proposed Settlement as set forth in Paragraph 6.3 below.

5.0     **TERMINATION OF SETTLEMENT.**   Class Counsel, on behalf of the Plaintiffs and Settlement Class, or Defendants, shall have the right to terminate the Settlement and this Settlement Agreement by providing written notice of their election to do so ("Termination Notice") to all other Parties hereto within thirty (30) days only upon the happening of: (i) the Court's declining to enter the Preliminary Approval Order in any  respect that is  reasonably deemed material by the terminating Party; (ii) the Court's refusal to approve this Settlement Agreement or any part of it that is reasonably deemed material by the terminating Party; (iii) the Court's Order declining to enter the Final Order and Judgment in any respect reasonably deemed material by the terminating Party; and/or; (iv) the Final Order and Judgment

is modified or reversed by the Fourth Circuit Court of Appeals or the United States Supreme Court in any respect reasonably deemed material by the terminating Party and/or (v) at the election of Defendants, if the number of persons excluding themselves from the Class exceeds 5% of those who respond to the Class Notice. The Parties further agree that any dispute relating to terminating this Settlement Agreement shall be submitted to The Honorable David J. Novak for binding arbitration, and he will be given discretion to make an award of costs and reasonable attorneys' fees in the event he determines a breach of this Settlement Agreement to have been committed in bad faith.

### 6.0   APPROVAL ORDER AND SETTLEMENT HEARING

6.1   **Preliminary Approval Motion:**   In accordance with the procedures and time schedules below, Plaintiffs/Class Counsel shall take such actions, and prepare and file, subject to the prior approval of all Parties and their attorneys, all appropriate notices, motions and proposed order forms reasonably necessary to obtain both preliminary and final approval of this Settlement Agreement from the Court. All Parties shall cooperate, and as appropriate, shall join with Plaintiffs/Class Counsel in seeking to accomplish the following:

6.1.1   Within fourteen (14) days of the last signature on this Agreement, the attorneys for the Parties shall file a Joint Motion for Preliminary Approval of this Settlement Agreement, including a request that the Court enter an Order preliminarily approving this Agreement in the form attached hereto as Exhibit C and approving the mailing of the Notice and Claim Form within thirty (30) days of the entry of said order in the form attached hereto as Exhibits B and D. All Parties shall join in that motion, and shall support any order approving this Agreement through appeal, if necessary. Without prior approval of any other Party, Class Counsel and/or Defendants Counsel may file memoranda in support of the preliminary (and

final) approval of this Settlement Agreement; and

       6.1.2   The Preliminary Approval Order shall require, and the Notice shall set out, that any objection to this Settlement Agreement must be made in writing, filed with the Court, and served as more fully described in Paragraph 6.3 below.  The Notice shall provide that any objection that is not received within the time set by the Court is deemed waived; and

       6.1.3   The Parties shall jointly request a Fairness Hearing date, which is no more than one hundred twenty (120) days after the date of entry of the Preliminary Approval Order, but no fewer than ninety (90) days after the CAFA Notice is served.

       6.1.4   Pursuant to CAFA, the Settlement Administrator, on behalf of Defendants' counsel, shall serve a CAFA Notice on the appropriate federal official and the appropriate state official after the proposed settlement of a class action is filed with the Court.

    6.2   **Preliminary Approval Order:**   The Preliminary Approval Order entered by the Court shall be substantially in the same form as Exhibit C, attached hereto, but as a condition subsequent of this Settlement Agreement shall at a minimum contain the following provisions:

       6.2.1   Preliminary approval of the Settlement Agreement set forth herein, and subject to any objections that may be presented to the Court prior to the Fairness Hearing, a finding that the Settlement Agreement is fair, adequate, reasonable, and in the best interests of the Class; and

       6.2.2   Approval in the form of a Notice of Class Action Settlement, in substantially the same form as Exhibit B, attached hereto, that includes the general terms of the Settlement as set forth in the Settlement Agreement, and the procedures for objections and opt-outs described below, and directing Defendants to provide the Settlement Administrator with the most recent available mailing addresses of the Class Members in Defendants' possession, if any.

The Settlement Administrator shall mail or cause to be mailed by first class mail the Notice of all Class Members at their respective available address information, within thirty (30) days of said order; and

> 6.2.3   A finding that the mailing of the Notice by first class mail to all Class Members whose addresses have been identified constitutes valid, due, and sufficient notice to the Class Members, and constitutes the best notice practicable under the circumstances, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable law and that no further notice to the Class is required.

> 6.2.4 Settlement Amount: Defendants maximum payment for all funds, awards, and/or settlement amounts, payable collectively to any and all Class Members, the Settlement Administrator, and/or Plaintiffs' Counsel or Class Counsel, shall not exceed a total of $1,085,000.

6.3   **Objections.**   Any Class Member who objects to the Settlement contemplated by this Agreement shall have a right to appear and be heard at the Fairness Hearing, provided that such Class Member files with the Court and delivers to both Parties' Counsel a written statement of the reasons for the objection no later than the deadline for objections set by the Court in the Preliminary Approval Order. The Parties' Counsel may, but need not, respond to the objections, if any, by means of a memorandum of law of no more than fifteen (15) pages filed and served no later than seven (7) business days prior to the Fairness Hearing, or other page limit or date as set by the Court. The manner in which a notice of objection should be prepared, filed, and delivered shall be stated in detail in the Notice. Only Class Members who have filed and delivered valid and timely written notices of objection will be entitled to be heard at the Fairness Hearing, unless

the Court orders otherwise.  Any Class Member who does not make his or her objection in the time and manner provided shall be deemed to have waived such objection and shall forever be precluded from making any objection to the fairness, reasonableness, distribution methodology, or adequacy of the Settlement, Settlement Amount, or the award of attorneys' fees to Class Counsel, unless otherwise ordered by the Court.

6.4    **Class Members' Right to Enter an Appearance:**  On or before the date set by the Court in the Preliminary Approval Order, any Class Member may enter an appearance on their own behalf or through an attorney, if the Class Member so desires.

6.5    **Exclusion from Class:**        Any Class Member may seek to be excluded from the Settlement by opting out of the Class.  Any Class Member so excluded shall not be bound by the Settlement and shall not be entitled to any of its benefits.  To be timely, a request for exclusion must be sent to the Settlement Administrator and received no later than the Opt-Out Date set by the Court in the Preliminary Approval Order.  The request for exclusion must also contain the case name and number as well as the Class Member's name, address, and signature. Class Counsel agrees that this Settlement Agreement is fair, reasonable, and in the best interest of the Settlement Class Members.  Based upon unique circumstances here, Class Counsel agrees that class members who seek to opt-out should be represented by counsel who do not agree that the Settlement Agreement is fair, reasonable, and in the best interest of the Settlement Class Members.  Accordingly, Class Counsel (either directly or through their firms, associates, or entities) shall not represent such class members in any claim against Defendants, and shall, if contacted, refer any such opt-outs to the applicable state bar association or other referral organization for appropriate counsel in any subsequent litigation against the Released Parties. However, nothing in this Settlement is intended to affect, limit or impair the ability of or right of

21

Class Counsel to continue to represent Plaintiff John Goodrow and the putative class of persons other than Plaintiffs for the alleged Breach of Fiduciary Duty claims still pending against Defendants in the United States District Court for the Eastern District of Virginia (Richmond Division), Civil Action No. 3:11-CV-020.  Class Counsel shall not use the class list to solicit, or represent, persons to be claimants, plaintiffs, or members to any class adverse to either Defendants or the Released Parties.

6.6     **Final Order:** The Final Order entered after the Fairness Hearing by the Court shall be substantially in the same form as Exhibit A attached hereto, but as a condition subsequent to this Settlement shall, at a minimum, include the following provisions:

6.6.1     A finding that the distribution of the Notice fully and accurately informs all Class Members entitled to notice of the material elements of the Settlement, constitutes the best notice practicable under the circumstances, constitutes valid, due and sufficient notice, and complies fully with Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution and any other applicable law; and

6.6.2     A finding that after proper notice to the Class Members, and after sufficient opportunity to object, no timely objections to this Settlement Agreement have been made, or a finding that all timely objections have been considered and denied; and

6.6.3     Approval of the Settlement, as set forth in the Settlement Agreement, as fair, reasonable, adequate, and in the best interests of the Class Members, in all respects under Rule 23 of the Federal Rules of Civil Procedure, finding that the Settlement is in good faith, and ordering the Parties to perform the Settlement in accordance with the terms of this Settlement Agreement; and

6.6.4     A finding that neither the Final Order nor the Settlement Agreement shall

constitute an admission of liability by the Parties, or any of them, of any liability or wrongdoing whatsoever by Defendants.   Defendants specifically deny liability to Plaintiffs and Class Members; and

      6.6.5   Dismissal with prejudice the portions of the Litigation related to the FDCPA causes of action, allegations, and/or damages, whether brought by Plaintiffs individually or as a class action; and

      6.6.6   In accordance with Rule 54(b) of the Federal Rules of Civil Procedure, finding that there is no just reason for delay, and order the entry of a Final Order; and

      6.6.7   A finding that all Class Members not opting out shall, as of the entry of the Final Order, conclusively be deemed to have released and forever discharged Defendants and the Released Parties from all Released Claims, and forever enjoining and barring Class Members from asserting, demanding, instituting, or prosecuting in any capacity, before any court or governmental agency, any action or proceedings against Defendants and the Released Parties that relate to any issue asserted in the Litigation or in the Released Claims; and

      6.6.8   A reservation of exclusive and continuing jurisdiction over the Class Action and the Parties solely for the purposes of,   (i) supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement, the Preliminary Approval Order, and the Final Order, and (ii) supervising the administration and distribution of the relief to the Class and resolving any disputes that may arise with regard to any of the foregoing or terms contained herein.

### 7.0   ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

      7.1   For purposes of 15 U.S.C. 1692(k)(a) and this Settlement Agreement only, Plaintiffs are considered the successful party in the Litigation; and thus, upon approval by the

Court, Class Counsel will receive reasonable attorneys' fees as part of the Settlement. Plaintiffs' Counsel will move for approval of an attorneys' fee award and reimbursement of expenses not to exceed Five Hundred and Fifty Thousand Dollars ($550,000.00), the "Class and/or Plaintiffs' Counsel Fee Award", to be paid by Defendants separate and apart from the Settlement Amount. Defendants stipulate that they will not object to or oppose such request.

7.2     The Released Parties and Defendants' Counsel shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Class/Plaintiffs' Counsel and/or any other person who may assert some claim thereto, of any award resulting from the fee and expense and cost motion.

## 8.0     CONDITIONS OF SETTLEMENT

8.1     The Effective Date of this Settlement Agreement shall not occur unless and until each of the following events occurs and shall be the date upon which the last (in time) of the following events occur:

8.1.1     The Court has entered the Preliminary Approval Order, substantially in the form attached as Exhibit C hereto;

8.1.2     The Court has approved the Settlement, following Notice to the Class and a hearing, as provided in Rule 23 of the Federal Rules of Civil Procedure, and has entered a Final Order and Judgment, or a judgment substantially in the form of Exhibit A attached hereto; and

8.1.3     The Final Order and Judgment referenced above and herein has become a non-appealable "Final" order as defined herein.

8.2     If some or all of the conditions specified in Paragraph 8.1 are not met, or in the event that this Settlement Agreement is not approved by the Court, or the Settlement set forth in this Settlement Agreement is terminated or fails to become effective in accordance with its

terms, then this Settlement Agreement shall be canceled and terminated subject to Paragraph 8.3 unless Plaintiffs' Counsel and Defendants' Counsel mutually agree in a further writing to proceed with this Settlement Agreement. If any Party engages in a material breach of the terms hereof and fails to cure it, the other Party, provided that it is in substantial compliance with the terms of this Settlement Agreement, may terminate this Settlement Agreement on notice to all of the Parties.

8.3     If this Settlement Agreement is terminated or fails to become effective for the reasons set forth in Paragraphs 8.1 and 8.2 above, the Parties shall be restored to their respective positions in the Litigation as of the date the Settlement Agreement was reached. In such event, any Final Order and Judgment or other order entered by the Court in accordance with the terms of this Settlement Agreement shall be treated as vacated, *nunc pro tunc*.

9.     **MISCELLANEOUS PROVISIONS.**

9.1     **Agreement to Cooperate:**   The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement and to exercise their reasonable best efforts to accomplish the terms and conditions contained herein. Plaintiffs' Counsel and Defendants' Counsel agree to cooperate with one another in seeking Court approval of the Preliminary Approval Order regarding the Settlement Agreement, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement.

9.2     **Final Resolution:**   The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Class Action Lawsuits

as well as any disputes that could have been raised in the Class Action Lawsuits by the Plaintiffs and the Settlement Class or Class Members, and each or any of them, against the Released Parties, and each or any of them.

9.3   **No Admission:** Whether or not the Effective Date occurs or this Settlement Agreement is terminated, neither this Settlement Agreement nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Settlement Agreement or the Settlement is, may be deemed, or shall be used, offered or received against any of the Parties or the Released Parties as an admission, concession or evidence of (a) the validity of the Settled Claims, or any alleged fact, liability, damages, fault or wrongdoing in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal except insofar as may be necessary to effectuate the provisions of this Settlement Agreement.

9.4   **Dismissal With Prejudice:**   Counsel for Plaintiffs shall draft, subject to approval by Defendants' Counsel, and the Parties authorize their counsel to endorse a Stipulation of Dismissal with Prejudice within ten (10) days after the Court enters the Final Order, except that the Court shall retain continuing jurisdiction pursuant to section 6.6.8 of this Agreement, and Plaintiffs' Counsel shall forward the approved Stipulation of Dismissal with Prejudice to the Court for entry within ten (10) days after the execution of final court-approved, settlement documentation. All suits included in the Litigation shall be dismissed with prejudice in their entirety, except the Goodrow suit, in which the FDCPA claim shall be dismissed with prejudice.

9.5   **Headings:**   The headings used herein are used for the purpose of convenience and are not intended to have legal effect.

9.6   **Waiver:**   The waiver of one party to any breach of this Settlement Agreement by any other party shall not be deemed as a waiver of any other prior or subsequent

breaches of this Settlement Agreement.

9.7 **Good Faith Settlement and Advice of Counsel:** The Parties agree that the terms of the Settlement reflect a good-faith settlement of the Class Representatives and the other Class Members' claims in the Litigation, were reached voluntarily after consultation with experienced legal counsel.

9.8 **Incorporation:** All of the Exhibits to this Settlement Agreement are material and integral parts thereof and are fully incorporated herein by reference.

9.9 **Entire Agreement:** This Settlement Agreement and the Exhibits hereto constitute the entire agreement among the parties hereto and no representation, warranties or inducements have been made to any party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents. Except as otherwise provided herein, each of the Parties shall bear its own costs.

9.10 **Modification:** This Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all of the Parties or their respective successors-in-interest.

9.11 **Own Costs:** Except as otherwise provided herein, each of the Parties shall bear its own costs.

9.12 **Authority to Settle and Execute:** Each counsel or other individual executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any Party hereto warrants and represents that such counsel or individual has the full authority to do so and that they have the authority to take appropriate action required and permitted to be taken pursuant to the Settlement Agreement to effectuate its terms

9.13 **Counterparts:** This Settlement Agreement may be executed in one or

more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Settlement Agreement all exchange original signed counterparts.

9.14   **Binding Effect:**   This Settlement Agreement shall be binding upon and for the benefit of the Released Parties, the Plaintiffs, the Class Representatives, and the Class Members, Counsel for the Parties, and each of their successors and assigns.

9.15   **Exclusive Jurisdiction and Venue for Enforcement:**   The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Settlement Agreement, and all Parties hereto agree to submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Settlement Agreement.

9.16   **Choice of Law:**   This Settlement Agreement and the Exhibits thereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the Commonwealth of Virginia and the rights and obligations of the Parties to this Settlement Agreement shall be construed and enforced in accordance with, and governed by, the laws of the Commonwealth of Virginia.

9.17   **No Assignment:**   Each Party represents and warrants that they are competent to make this Agreement, have the authority to make this agreement, and have not assigned any claims that they may have against the other.

9.18   **Interpretation:**   This Settlement Agreement is deemed to have been prepared by counsel for all Parties.  Thus, all Parties have contributed substantially and materially to the drafting and preparation of this Settlement Agreement, and therefore, this Settlement Agreement shall not be construed more strictly against one Party than another.

DEFENDANTS:

_____        _____
FRIEDMAN & MACFADYEN, P.A.              Date


_____        _____
F & M SERVICES, L.C.                    Date


_____        _____
JOHNIE R. MUNCY                         Date


COUNSEL FOR DEFENDANTS:


_____        _____
SANDS ANDERSON, P.C.                    Date

PLAINTIFFS:

_____          _____
JOHN K. GOODROW                           Date


_____          _____
MICHELLE MCBETH                           Date


_____          _____
ADAM MBUNDURE                             Date


_____          _____
ALLEN CHATTER                             Date


_____          _____
LETONYA BANKS                             Date


_____          _____
LAUREL BUEL                               Date


_____          _____
MILTON BUEL                               Date

COUNSEL FOR PLAINTIFFS:

_____          _____
THE LAW OFFICE OF DALE W. PITTMAN, P.C.   DATE


_____          _____
CONSUMER LITIGATION ASSOCIATES, P.C.      DATE


_____          _____
SUROVELL ISAACS PETERSON & LEVY PLC       DATE