UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHN K. GOODROW, *et al., for themselves and on behalf of all similarly situated individuals*,

Plaintiffs,

v.

FRIEDMAN & MACFADYEN, P.A., *et al.*,

Defendants.

Civil Action No. 3:11cv020-MHL
(Consolidated)

## FINAL ORDER AND JUDGMENT

On January 10, 2011, Plaintiff John K. Goodrow commenced the lawsuit styled *Goodrow v. Friedman & MacFadyen, P.A., et al.*, by filing a Complaint in the United States District Court for the Eastern District of Virginia, Richmond Division, Civil Action No. 3:11cv020, alleging that Friedman & MacFadyen, P.A. ("Friedman & MacFadyen") and Johnie R. Muncy ("Muncy"), collectively "Defendants," failed to comply with the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"). (Docket No. 1).

Defendant Friedman & MacFadyen has ceased doing business as of August 31, 2012.

On February 25, 2011, Plaintiff Goodrow filed his First Amended Complaint, further elaborating on his allegations that Friedman & MacFadyen and Muncy violated the FDCPA during their foreclosure of Mr. Goodrow's home. (Docket No. 7). Friedman & MacFadyen and Muncy filed their Answer to Plaintiff Goodrow's First Amended Complaint on May 31, 2011, denying that they violated the FDCPA.

Thereafter, on July 26, 2011, Plaintiff Michele McBeth filed a lawsuit against Friedman & MacFadyen and Muncy in the United States District Court for the Eastern District of Virginia,

1

Richmond Division, Civil Action No. 3:11cv479. On July 28, 2011, Plaintiff Adam Mbundure filed a lawsuit against Friedman & MacFadyen and Muncy in the United States District Court for the Eastern District of Virginia, Richmond Division, Civil Action No. 3:11cv489. On September 16, 2011, Plaintiff Allen Chatter filed a lawsuit against Friedman & MacFadyen, Muncy, and F&M Services, L.C. ("F&M Services") in the United States District Court for the Eastern District of Virginia, Richmond Division, Civil Action No. 3:11cv613. On September 16, 2011, Plaintiff Letonya Banks filed a lawsuit against Friedman & MacFadyen, Muncy, and F&M Services in the United States District Court for the Eastern District of Virginia, Richmond Division, Civil Action No. 3:11cv614. On October 26, 2011, Plaintiffs Laurel Buel and Milton Buel filed a lawsuit against Friedman & MacFadyen, Muncy, and F&M Services in the United States District Court for the Eastern District of Virginia, Richmond Division, Civil Action No. 3:11cv716.

On November 22, 2011, the Court entered an Order consolidating the lawsuits of Plaintiffs Letonya Banks, Michele McBeth, Laurel Buel, Milton Buel, Allen Chatter and Adam Mbundure with that of Plaintiff John K. Goodrow (collectively, "the Consolidated Lawsuit"). (Docket No. 30). On September 18, 2012, the consolidated Plaintiffs filed their first round of Class Complaints against all Defendants. (Docket Nos. 56, 57-1, 59-1, 61-1, 63-1, and 65). Plaintiffs' Class Complaints alleged that the Defendants engaged in a systematic practice of fraud, civil conspiracy, breach of their fiduciary duties as trustees under the subject deeds of trust, and violated the FDCPA and the Racketeer Influenced and Corrupt Organizations Act ("RICO"). The Defendants filed a consolidated Motion to Dismiss the Class Complaints, asserting that the Class Complaints failed to state a claim under the FDCPA and RICO, and for breach of fiduciary duty, fraud, and civil conspiracy. (Docket No. 79). The Defendants further

2

argued that the action was not suitable for certification pursuant to Federal Rule of Civil Procedure 23.

On December 27, 2012, the Court entered an Order granting the Defendant's Motion to Dismiss and giving Plaintiffs leave to amend the deficiencies in their Class Complaints and refile their Class Complaints. (Docket No. 107).

On January 29, 2013, the Plaintiffs filed their Amended Class Complaints, further elaborating upon the allegations that the Defendants violated RICO, the FDCPA, and breached their fiduciary duties as trustees under the subject deeds of trust on a class wide basis. (Docket Nos. 114–119). The Defendants again filed a Motion to Dismiss on February 25, 2013, alleging that Plaintiffs failed to state a claim for violations of the FCDPA, RICO, and the Defendants' breach of their fiduciary duties as trustees. (Docket No. 132). After extensive briefing and a hearing on the Motion, the Court entered an Order on July 9, 2013 granting the Defendants' Motion to Dismiss the civil RICO claim, the trustee's breach of the duty of notice and to advertise, and the FDCPA claim related to the misrepresentation that the Note was lost or unavailable, and denying the Defendants' Motion as to the trustee's breach of the fiduciary duty of impartiality and the remaining FDCPA claims. (Docket No. 157).

Subsequently, the Parties resolved all claims on an individual basis with the exception of the FDCPA claims, which are now the subject of this Class Settlement.

The Defendants have denied any and all liability alleged in the Consolidated Lawsuit.

After extensive arms-length negotiations and mediations through United States Magistrate Judge David Novak, the Plaintiffs and Defendants (jointly referred to as the "Parties") entered into a Settlement Agreement and Release ("Agreement") that is subject to review under Federal Rule of Civil Procedure 23.

On February 18, 2014, the Parties filed a Joint Motion for Preliminary Approval of Class Action Settlement Agreement seeking an Order granting preliminary approval of the settlement, certifying class for purposes of settlement, appointing Class Counsel, directing notice to the Class, and scheduling a Fairness Hearing ("Preliminary Approval Motion"). (Docket No. 197). A fully executed copy of the Agreement was also filed on February 18, 2014. (Docket No. 198-1).

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711, *et seq.*, the Defendants served written notice of the proposed Class Settlement on the Attorney General of the Commonwealth of Virginia.

On March 10, 2104 upon consideration of the Agreement and the Preliminary Approval Motion, and having considered the Motion, the Court entered an Order of Preliminary Approval of Class Action Settlement ("Preliminary Approval Order"). (Docket No. 202). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the FDCPA claims asserted in the Consolidated Lawsuit; (ii) preliminarily approved the proposed Agreement; (iii) approved Plaintiffs John K. Goodrow, Michele McBeth, Adam Mbundure, Allen Chatter, Letonya Banks, Laurel Buel, and Milton Buel as the Class Representatives; (iv) authorized the Parties to retain McGladrey, LLP to serve as third party administrator ("Class Administrator"); (v) appointed as Class Counsel Leonard A. Bennett, Matthew J. Erausquin, Susan M. Rotkis, Janelle Mason Mikac, and Casey S. Nash of Consumer Litigation Associates, P.C.; Kristi Cahoon Kelly and Andrew J. Guzzo of Kelly & Crandall, PLC; and Dale W. Pittman of The Law Office of Dale W. Pittman, P.C.; and (vi) set the date and time of the Final Approval Hearing.

Prior to and after the Court entered the Preliminary Approval Order, the Parties worked

together to compile a complete list of class members and current addresses for provision of the notice of the class action settlement. The Parties engaged in a lengthy process of extracting data from the Defendants' servers so as to ensure the class member information was as complete as possible. Plaintiffs' Counsel retained an information technology professional specifically to assist with a server to be used for data processing and the class list compilation process. When it became apparent that the servers could not readily be relocated from the Defendant's facility in Baltimore, a now spartan building with no heat, the parties engaged in a series of conferences to arrange for the extraction of the data directly on site over the course of multiple days. After retrieval, and in that much of this contact information was outdated, the Parties, and then the Class Administrator engaged in the time-intensive process of retrieving updated address information about these class members using multi-step computerized scrubs of the data through various third party databases, as well as the U.S. Postal Service's National Change of Address database to obtain updated mailing addresses for the class members. The data then processed to remove any duplicate class members, and non-class members, before being finalized.

Once the Parties had constructed a final class list with class members' addresses, the Class Administrator began mailing notice of the class action settlement to the class members via United States First Class Mail. This notice was mailed to the 15,719 class members on April 9, 2014. McGladrey Aff. ¶ 3 (Dkt. No. 208-1).

Of the notices that were mailed, 3,515 were returned as undeliverable as of May 16, 2014. *Id.* at ¶ 4. The Class Administrator was able to locate new addresses for 1,347 of those returned notices, and remailed the notice to those class members using the updated addresses. *Id.* Of the 15,719 total notices that were mailed to class members, 2,131 remain undeliverable without any forwarding addresses. *See id.* This constitutes approximately 13.5% of the total

class list.

In addition to mailing the notice of the class action settlement to the class members, the notice was also posted to the settlement website (http://www.fmforeclosuresettlement.com), along with the Claim Form, Settlement Agreement and Release, Preliminary Approval of Class Action Settlement, and instructions on how to exclude oneself from or object to the class action settlement. *Id.* at ¶ 5. The Class Administrator as well as Class Counsel's contact information were also included on this website for the class members. *Id.*

As of May 22, 2014, the Class Administrator received 2,574 claim forms from the Class Members that are currently being reviewed. *Id.* at ¶ 8.

On May 16, 2014, the Plaintiffs filed a Motion for Approval of Attorneys' Fees, Expenses and Service Awards. (Docket No. 204).

On May 23, 2014, the Plaintiffs filed a Motion for Final Approval of Class Settlement ("Plaintiffs' Final Approval Motion"). (Docket No. 207).

On May 30, 2014, a hearing was held pursuant to Federal Rule of Civil Procedure 23 to determine whether the Lawsuit satisfies the applicable requirements for class action treatment and whether the proposed Settlement is fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court.

The Parties now request final certification of the Settlement Classes under Federal Rule of Civil Procedure 23(b)(3) and final approval of the Settlement under Federal Rule of Civil Procedure 23(e).

The Court has read and considered the Agreement, Plaintiffs' Final Approval Motion, and the record. All capitalized terms used herein have the meanings defined herein or in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Final Order and Judgment incorporates by reference all definitions contained in the Agreement, and all terms used herein shall have the same meaning as set forth in the Agreement. The Agreement shall be deemed incorporated herein.

2. The Court has jurisdiction over the subject matter of the Lawsuit and over all settling Parties for purposes of this litigation.

3. **Class Members** – Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby certified, for settlement purposes only, as a class action on behalf of the following classes of plaintiffs (hereinafter referred to as the "Class Members"):

> Any individual mortgagor/debtor (and/or their co-mortgagor(s)/co-debtor(s)) to whom Defendants had communicated a correspondence regarding an attempt to foreclose on the property owned at least in part by such mortgagor/debtor during the period between January 10, 2010 and August 31, 2012, inclusive of those dates and included within the list attached as Exhibit A of the Preliminary Approval of Class Action Settlement (the "Class").

There are approximately 15,719 Class Members.

4. **Class Representative and Class Counsel** – Pursuant to Fed. R. Civ. P. 23, the Court certifies Plaintiffs John K. Goodrow, Michele McBeth, Adam Mbundure, Allen Chatter, Letonya Banks, Laurel Buel, and Milton Buel as the Class Representatives. Additionally, the Court appoints Leonard A. Bennett, Matthew J. Erausquin, Susan M. Rotkis, Janelle Mason Mikac, Casey S. Nash, Kristi Cahoon Kelly, Andrew J. Guzzo, and Dale W. Pittman as Class Counsel.

5. **Notices and Claim Forms** – Pursuant to the Court's Preliminary Approval Order, the approved Notices were mailed, along with the claim forms. The form and method for notifying the Class Members of the Settlement and its terms and conditions were in conformity with the Court's Preliminary Approval Order, satisfied the requirements of Federal Rule of Civil

Procedure 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court further finds that the Notices were clearly designed to advise the Class Members of their rights and clearly and concisely state, in plain, easily understood language, all features of the Lawsuit and Settlement set forth in Federal Rule of Civil Procedure 23(c)(2)(B).

6. **Final Class Certification** – The Court finds that the Settlement Class satisfies the applicable prerequisites for class action treatment under Federal Rule of Civil Procedure 23(b)(3). Namely the Court finds that, for the Settlement Class:

    a. The Class Members are so numerous that joinder of all of them in the Lawsuit is reasonably impracticable;

    b. There are questions of law and fact common to the Settlement Class Members, which predominate over any questions affecting only individual members;

    c. The Class Representatives' claims are typical of the Class Members' claims;

    d. The Class Representatives and Class Counsel will and have fairly and adequately represented and protected the interests of all of the Class Members; and

    e. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to the other available methods for a fair an efficient adjudication of this controversy.

7. The Court, having considered the relevant papers, including the Plaintiffs' Final Approval Motion, and any objections filed by Settlement Class Members, finds that the Settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Parties' cases; the complexity,

expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the class; and the limited amount of any potential total recovery for Class Members if litigation continued.

8. **Settlement Terms** – The Agreement and the proposed Settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Agreement include, but are not limited to, the following:

   a. Within fifteen days of the entry of this Order, the Defendants will pay five hundred thousand dollars ($500,000.00) to the Settlement Administrator for the complete Settlement payments and costs of notice and Settlement administration (the "Settlement Amount").

   b. The Settlement Amount shall be divided into two separate accounts: one account to pay the anticipated costs of the Settlement Administrator ("the Administrative Fund") consisting of $ 140,000.00 and a separate account as a Claims Fund consisting of $ 360,000.00, which shall be paid on a *pro rata* basis among the number of Class Members who submitted a claim.

   c. Following the initial payments from the Settlement Amount identified in Paragraphs 8(a) and 8(b), and the satisfaction of the administrative fees and costs identified in Paragraph 8(b), any funds remaining undisbursed because of uncashed Class Member checks paid in accordance with Paragraph 8(b) shall be added into the Claims Fund as explained in Paragraph 8(b), for an additional supplemental payment as provided in Paragraph 8(b). Any additional fees and costs of administration related to this supplemental payment into the Claims

Fund shall be paid from any excess funds remaining from the Settlement Amount due to the uncashed Class Member checks.

    d.    If administrative expenses for any supplemental payment as provided herein, are estimated by the Settlement Administrator to exceed available funds in the Claims Fund, any excess funds remaining from the Settlement Amount after all Class Member distributions and the payment of fees and costs of Settlement Administration have been made in accordance with the Agreement shall be distributed to *cy pres* beneficiary Housing Opportunities Made Equal ("H.O.M.E.").

    e.    The Plaintiffs and Class Counsel have moved for a Service Award for each Plaintiff as a Class Representative in the amount of five thousand dollars ($5,000.00). The Court awards each Plaintiff, as a Class Representative, five thousand dollars ($5,000.00), which amount shall be paid by the Defendant within the time period described in the Agreement.

    f.    In addition to the Settlement Amount, the Defendants, through their Insurer, agreed to pay up to five hundred and fifty thousand dollars ($550,000.00) to Class Counsel for all attorneys' fees and expenses.

    g.    Defendants have agreed not to contest the amount of attorneys' fees to be paid by Defendants or their insurer.

    h.    The Plaintiffs and Class Counsel have moved for an award of attorneys' fees, costs and expenses in the amount of $550,000.00, to be paid by the Defendants, through their insurer, in addition to and separate from the Settlement Fund. The Court finds that Class Counsel's requested award of attorneys' fees, costs, and expenses is fair and reasonable under Fourth Circuit standards, and the Court awards the amount of $550,000.00 as attorneys' fees,

costs, and expenses. The Court directs the Defendant to pay this amount to Class Counsel within fifteen days of entry of this Order.

9. **Objections and Exclusions** – The Class Members were given an opportunity to object to the Settlement. No Class Members timely objected to the Settlement.

Twelve Class Members made valid and timely requests for exclusion and are excluded from the Settlement Class and Settlement and are not bound by this Final Order and Judgment. The identities of such persons are set forth in Exhibit A, attached hereto.

The Court has considered the substance of a letter from a non-class member, Richard A. Golden (Docket No. 203), purporting to contact the Court on behalf of Bohuslav and Judith L. Kubes, expressing his perceived concerns about the form and substance of the Notice. The Court has resolved them for the reasons stated at the Final Approval Hearing.

The Court finds that the correspondence of George E. McDermott and Patricia J. McDermott (Docket No. 210) were intended as a Request for Exclusion, rather than as an objection, and permits these class members to exclude themselves.

10. As no valid objections were made by any class member, this Final Order and Judgment is now binding on all Class Members, except those individuals identified in Exhibit A hereto (who validly and timely excluded themselves from the class).

11. Pursuant to the Agreement, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this Final Order and Judgment.

12. This Final Order and Judgment hereby dismisses the Lawsuit, in its entirety, with prejudice.

13. The Court hereby retains continuing and exclusive jurisdiction over the Parties

12

and all matters relating to the Lawsuit and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the Settlement and this Final Order and Judgment.

It is so ORDERED.

/s/ M. Hannah Lauck
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
June 4, 2014

**WE ASK FOR THIS:**

| /s/ | /s/ |
|---|---|
| Leonard A. Bennett, VSB No. 37523 | Andrew Biondi, VSB No. 48100 |
| Susan M. Rotkis, VSB No. 40693 | Douglas Pendleton Rucker, Jr., VSB No. 12776 |
| Consumer Litigation Associates, P.C. | Cullen Dennis Seltzer, VSB No. 35923 |
| 763 J. Clyde Morris Blvd., Suite 1-A | Eric C. Howlett, VSB No. 82237 |
| Newport News, VA 23601 | Faith A. Alejandro, VSB No. 80076 |
| Tel: (757) 930-3660 | Sands Anderson P.C. |
| Fax: (757) 930-3662 | 1111 E. Main Street, Suite 2400 |
| lenbennett@clalegal.com | Richmond, VA 23218 |
| srotkis@clalegal.com | E-mail: abiondi@sandsanderson.com |
| | E-mail: drucker@sandsanderson.com |
| Matthew J. Erausquin, VSB No. 65434 | E-mail: cseltzer@sandsanderson.com |
| Janelle Mason Mikac, VSB No. 82389 | E-mail: ehowlett@sandsanderson.com |
| Casey S. Nash, VSB No. 84261 | E-mail: Falejandro@sandsanderson.com |
| Consumer Litigation Associates, P.C. | |
| 1800 Diagonal Road, Suite 600 | *Counsel for the Defendants* |
| Alexandria, VA 22314 | |
| Tel: (703) 273-7770 | |
| Fax: (888) 892-3512 | |
| janelle@clalegal.com | |
| matt@clalegal.com | |

Dale W. Pittman, VSB No. 15673
The Law Office of Dale W. Pittman, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
Tel: (804) 861-6000
Fax: (804) 861-3368
dale@pittmanlawoffice.com

Kristi Cahoon Kelly, VSB No. 72791
Andrew J. Guzzo, VSB No. 82170
Kelly & Crandall, PLC
4084 University Drive, Suite 202A
Fairfax, VA 22030
Tel: (703) 424-7572
Fax: (703) 591-0167
**kkelly@kellyandcrandall.com**
aguzzo@kellyandcrandall.com

*Counsel for the Plaintiffs*